# AMENDED AND RESTATED GUARANTY AGREEMENT

This AMENDED AND RESTATED GUARANTY AGREEMENT (this "Guaranty") is made as of October 31, 2017, by **SUMMIT MOUNTAIN HOLDING GROUP, L.L.C.**, a Utah limited liability company ("Guarantor"), in favor of **SUMMIT VILLAGE DEVELOPMENT LENDER 1, LLC**, a Delaware limited liability company (together with its successors and assigns, "Lender"). This Guaranty amends, restated and replaces in its entirety that certain Guaranty Agreement dated as of June 28, 2016, between Guarantor and Lender

WHEREAS, SMHG Village Development LLC, a Delaware limited liability company ("Borrower"), and Lender entered into that certain Loan Agreement dated as of June 28, 2016, as amended pursuant to the First Amendment to Loan Agreement and Other Loan Documents dated as of September 23, 2016, and as further amended pursuant to the Second Amendment to Loan Agreement and Other Loan Documents dated as of the date hereof (collectively, as the same may be supplemented, amended and/or restated from time to time, the "Loan Agreement") whereby Lender agreed to make a secured loan (the "Loan") available to Borrower in the maximum aggregate amount at any time outstanding not to exceed the sum of ONE HUNDRED TWENTY MILLION and No/100 Dollars ($120,000,000.00) to finance a portion of the cost to develop the Project. Capitalized terms used and not defined in this Guaranty have the meaning provided in the Loan Agreement.

WHEREAS, Lender is unwilling to make the Loan unless Guarantor delivers this Guaranty to Lender.

WHEREAS, Guarantor is an Affiliate of Borrower and accordingly Guarantor will derive material financial benefit from the Loan.

NOW, THEREFORE, in consideration of the premises and other good and valuable consideration and in order to induce Lender to make the Loan to Borrower, Guarantor hereby agrees as follows:

SECTION 1. **Guaranty**. Guarantor hereby absolutely, unconditionally and irrevocably guarantees to Lender the punctual payment of (a) Borrower's Equity Requirement, as and when required under the Loan Agreement, (b) all operating expense and debt service shortfalls of the Project that are not Approved Costs funded by Advances under the Loan to the extent the non-payment of which would have an adverse effect on the Collateral, the value of the Collateral or Lender's rights under the Loan Documents, (c) all brokerage commission, finder's fees or similar amounts claimed by any Person in connection with the Project, except to the extent arising from any claims of any Person engaged or purportedly engaged by or on behalf of Lender, and (d) without limiting the generality of the Borrower's Equity Requirement, any and all amounts equal to any and all credits, discounts, or other such incentives that have the effect of reducing the Release Price for any Unit below such amount approved by Lender in the Release Price Schedule that would have otherwise been payable with respect to such Unit, including, without limitation, any credits in connection with "PPM" transactions. Additionally, Guarantor agrees to pay any and all expenses (including reasonable counsel fees and expenses) incurred by Lender in enforcing any rights under this Guaranty. Any payment hereunder shall be due no later than

105516388

CONFIDENTIAL INFORMATION                                                                                                SMHG002864

thirty (30) days following the giving of a written demand therefor from Lender to Guarantor in accordance with Section 7 hereof. If the amounts due hereunder are not paid to Lender as aforesaid within such thirty (30) days following written demand, then the same shall bear interest at the Default Rate (as defined in the Note) from the date of the initial demand until the date such amounts due hereunder have been paid in full. The foregoing obligations guaranteed are the "Guaranteed Obligations".

SECTION 2. **Guaranty Absolute**. This Guaranty is an irrevocable, absolute, continuing guaranty of payment and performance and not a guaranty of collection. This Guaranty may not be revoked by Guarantor and shall continue to be effective with respect to any Guaranteed Obligations arising or created after any attempted revocation by Guarantor. Guarantor guarantees that the Guaranteed Obligations will be paid strictly in accordance with the terms of this Guaranty, regardless of any Law, regulation or order now or hereafter in effect in any jurisdiction affecting any of such terms or the rights of Lender with respect thereto. The liability of Guarantor under this Guaranty shall be absolute and unconditional irrespective of:

(i) any lack of validity or enforceability of the Note, the Deed of Trust or any other agreement or instrument relating thereto, unless due to Lender's gross negligence or willful misconduct;

(ii) any change in the time, manner or place of payment of, or in any other term of, all or any of the Obligations, or any other amendment or waiver of or any consent to departure from the Note;

(iii) any exchange, release or non-perfection of any collateral, or any release or amendment or waiver of consent to departure from any other guaranty or acknowledgment of debt, for all or any of the Obligations;

(iv) the existence of any other guaranties or acknowledgments of debt of the Obligations or the exchange, release, amendment or waiver of any such guaranties or acknowledgments of debt, or the enforceability thereof;

(v) any other circumstance which might otherwise constitute a defense available to, or a discharge of, Borrower or a guarantor or a Person giving an acknowledgment of debt, unless due to Lender's gross negligence or willful misconduct ; or

(vi) the insolvency, bankruptcy, arrangement, adjustment, composition, liquidation, disability, dissolution or lack of power of Borrower, Guarantor or any other Person at any time liable for the payment of all or part of the Obligations or the Guaranteed Obligations; or any dissolution of Borrower or Guarantor or any sale, lease or transfer of any and all of the assets of Borrower or Guarantor or any changes in the shareholders, partners of members of Borrower or Guarantor; or any reorganization of Borrower or Guarantor.

Guarantor agrees that Lender may at any time and from time to time, either before or after the maturity thereof, without notice to or further consent of Guarantor, extend the time of payment of, exchange or surrender any Collateral for, or renew any of the Obligations, and may also make any agreement with Borrower or with any other party to or Person liable on any of the Obligations, or interested therein, for the extension, renewal, payment, compromise, discharge or

105516388

CONFIDENTIAL INFORMATION                                                                                                                    SMHG002865

release thereof, in whole or in part, or for any modification of the terms thereof or of any agreement between Lender and Borrower or any of such other party or Person, without in any way impairing or affecting this Guaranty. Guarantor agrees that Lender may resort to Guarantor for payment of any of the Guaranteed Obligations, whether or not Lender shall have resorted to or foreclosed against any Deed of Trust, or any other collateral security, or any other guaranties or acknowledgments of debt, or shall have proceeded against Borrower or any other obligor principally or secondarily obligated with respect to any of the Obligations.

It shall not be necessary for Lender (and Guarantor hereby waives any rights that Guarantor may have to require Lender), in order to enforce the obligations of Guarantor hereunder, first to (i) institute any suit or exhaust any remedies against Borrower or any other Person liable under the Loan Documents, (ii) enforce Lender's rights against any other guarantors of the Obligations, (iii) enforce Lender's right against any Collateral which shall ever have been given to secure the Loan, (iv) join Borrower or any other Person liable on the Obligations or the Guaranteed Obligations in any action seeking to enforce this Guaranty, or (v) resort to any other means of obtaining payment of the Obligations or the Guaranteed Obligations. Lender shall not be required to mitigate damages or take any other action to reduce, collect or enforce the Obligations or the Guaranteed Obligations.

This Guaranty shall continue to be effective or be reinstated, as the case may be, if at any time any payment of any of the Obligations is rescinded or must otherwise be returned by Lender upon the insolvency, bankruptcy or reorganization of Borrower or otherwise, all as though such payment had not been made. In addition, notwithstanding anything to the contrary contained in this Guaranty or in any of the Loan Documents, Lender shall not be deemed to have waived any right which Lender may have under Sections 506(a), 506(b), 1111(b) or any other provisions of the United States Bankruptcy Code to file a claim for the full amount of the Obligations secured by the Mortgage or to require that all collateral shall continue to secure all of the Obligations owing to Lender in accordance with the Loan Documents.

SECTION 3. **Waiver**. Guarantor hereby waives promptness, diligence, notice of acceptance and any other notice with respect to any of the Obligations, the Guaranteed Obligations and this Guaranty and any requirement that Lender protect, secure, perfect or insure any security interest or lien or any property subject thereto or exhaust any right or take any action against Borrower or any other person or entity or any collateral.

SECTION 4. **Subrogation**. Guarantor irrevocably subordinates to the Loan any rights which it may acquire by way of subrogation under this Guaranty against Borrower or any other guarantor or a Person giving an acknowledgment of debt of the Obligations, by any payment made hereunder or otherwise, until all the Obligations and the Guaranteed Obligations have been paid in full.

SECTION 5. **Representations and Warranties**. Guarantor hereby represents and warrants that it has full legal right and power to execute and deliver this Guaranty and perform its obligations hereunder; that there is no provision of any agreement or contract binding on it which would prohibit, conflict with or in any way prevent the execution, delivery and performance of this Guaranty; that there is no action, suit, proceeding or investigation pending, or to Guarantor's knowledge, threatened against Guarantor that might materially adversely affect

105516388

CONFIDENTIAL INFORMATION                                                                                                    SMHG002866

the financial condition of Guarantor or the ability of Guarantor to perform any of its obligations hereunder; and that all financial statements of Guarantor and other documents, reports and certificates delivered to Lender by or on behalf of Guarantor in connection with Lender's underwriting of the Loan are true and correct as of the respective dates and there has been no material adverse change in Guarantor's financial condition since such dates. With respect to the Project TIF Proceeds (as defined in Section 16), Guarantor represents and warrants that it is the holder of all rights to receive the Project TIF Proceeds and, except for Permitted Encumbrances, no Project TIF Proceeds are encumbered by any Lien in favor of any other Person. All representations and warranties made by Guarantor shall survive the execution hereof.

SECTION 6. **Amendments, Etc**. No amendment or waiver of any provision of this Guaranty nor consent to any departure by Guarantor therefrom shall in any event be effective unless the same shall be in writing and signed by Lender, and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

SECTION 7. **Addresses for Notices**. All notices and other communications provided for hereunder shall be given in the manner provided for the giving of notices under Section 8 of the Recourse Indemnity.

SECTION 8. **No Waiver; Remedies**. No failure on the part of Lender to exercise, and no delay in exercising, any right hereunder or under any of the other Loan Documents shall operate as a waiver thereof; nor shall any single or partial exercise of any right hereunder preclude any other or further exercise thereof or the exercise of any other right. The remedies herein provided are cumulative, may be exercised singly or concurrently, and are not exclusive of any remedies provided by Law.

SECTION 9. **Continuing Guaranty**. This Guaranty is a continuing guaranty and shall remain in full force and effect until the indefeasible payment in full of all amounts due and owing under the Note and the other Loan Documents.

SECTION 10. **Severability**. Any provision of this Guaranty, or the application thereof to any Person or circumstance, which, for any reason, in whole or in part, is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions of this Guaranty (or the remaining portions of such provision) or the application thereof to any other Person or circumstance, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision (or portion thereof) or the application thereof to any Person or circumstance in any other jurisdiction.

SECTION 11. **Entire Agreement; Amendments**. This Guaranty contains the entire agreement of the parties with respect to the subject matter hereof and supersedes all prior oral or written agreements or statements relating to such subject matter, and none of the terms and provisions hereof may be waived, amended or terminated except by a written instrument signed by the party against whom enforcement of the waiver, amendment or termination is sought.

SECTION 12. **Successors and Assigns**. This Guaranty shall be binding upon and shall inure to the benefit of Lender and Guarantor and their respective successors and assigns. This

105516388

CONFIDENTIAL INFORMATION                                                                                                                                    SMHG002867

Guaranty may be assigned by Lender with respect to all or any portion of the Guaranteed Obligations, and when so assigned Guarantor shall be liable under this Guaranty to the assignee(s) of the portion(s) of the Guaranteed Obligations so assigned without in any manner affecting the liability of Guarantor hereunder to Lender with respect to any portion of the Guaranteed Obligations retained by Lender. This Guaranty may not be assigned by Guarantor without the written consent of Lender. Without limiting the generality of the foregoing, Lender may assign or otherwise transfer its Note to any other Person, and such other Person shall thereupon become vested with all the rights in respect thereof granted to Lenders herein or otherwise.

SECTION 13. **ADDITIONAL WAIVERS IN THE EVENT OF ENFORCEMENT**. GUARANTOR HEREBY EXPRESSLY AND UNCONDITIONALLY WAIVE, IN CONNECTION WITH ANY SUIT, ACTION OR PROCEEDING BROUGHT BY OR ON BEHALF OF LENDER ON THIS GUARANTY, ANY AND EVERY RIGHT GUARANTOR MAY HAVE TO (I) INJUNCTIVE RELIEF, (II) A TRIAL BY JURY, (III) INTERPOSE ANY COUNTERCLAIM THEREIN (OTHER THAN COMPULSORY COUNTERCLAIMS) AND (IV) HAVE THE SAME CONSOLIDATED WITH ANY OTHER OR SEPARATE SUIT, ACTION OR PROCEEDING.  NOTHING HEREIN CONTAINED SHALL PREVENT OR PROHIBIT GUARANTOR FROM INSTITUTING OR MAINTAINING A SEPARATE ACTION AGAINST LENDER WITH RESPECT TO ANY ASSERTED CLAIM.

SECTION 14. **Waiver of Jury Trial**.  Lender and Guarantor hereby irrevocably and unconditionally waive, in connection with any suit, action or proceeding brought by or on behalf of Lender or Guarantor with respect to this Guaranty, any and every right they may have to a trial by jury.

SECTION 15. **Governing Law**.  This Guaranty shall be governed by, and construed in accordance with, the Laws of the State of New York.  Guarantor hereby irrevocably submit to the nonexclusive jurisdiction of any New York State or Federal court in any action or proceeding arising out of or relating to this Guaranty.

SECTION 16. **TIF**.  Guarantor agrees to cooperate with Lender to provide such information as Lender may request from time to time regarding any documentation or certification of Project costs to, and payments to Guarantor or any other Person by the Redevelopment Agency of Weber County (the "Agency") of the portion of the tax increment and tax rebates arising with respect to the Project (collectively, the "Project TIF Proceeds"), as approved by Resolution No. RDA-2-2015 (the "TIF") adopted by the Agency on August 18, 2015 (as the same may be amended from time to time).  Guarantor covenants and agrees that, promptly upon receipt of Project TIF Proceeds, Guarantor shall cause such Project TIF Proceeds to be contributed or otherwise made available to Borrower for funding of the Project in accordance with the Loan Agreement.  Further, Guarantor shall use commercially reasonable efforts to cause the Agency to (a) bifurcate the TIF so that all Project TIF Proceeds shall be payable directly to Borrower rather than to Guarantor, and (b) consent to the assignment of the agreements governing the TIF (solely as the same relate to the Project) and to the pledge of all Project TIF Proceeds to Lender as additional Collateral for the Project.  At such time as such bifurcation of the TIF occurs, Guarantor shall (and shall cause Borrower to) execute all documents and instruments required by Lender in order for Borrower and Guarantor to grant to

Lender a continuing security interest in favor of Lender in all Project TIF Proceeds and all right, title and interest of Borrower and Guarantor in the TIF with respect to the Project TIF Proceeds.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

CONFIDENTIAL INFORMATION                                                                                                    SMHG002869

    IN WITNESS WHEREOF, Guarantor has duly executed and delivered this Guaranty as of the date first written above.

<b><u>GUARANTOR:</u></b>

**SUMMIT MOUNTAIN HOLDING GROUP, L.L.C.**, a Utah limited liability company

By:    Summit Revolution LLC, a Delaware limited liability company, its Sole Member

By: _____
Name: **Shaun Mulreed**
Title: **Authorized Signatory**

105516388

CONFIDENTIAL INFORMATION                                           SMHG002870

STATE OF __Utah__ )
                        ) ss.
COUNTY OF __Weber__ )

The foregoing instrument was acknowledged before me this this __19__ day of __Oct__, 2017, by __Shaun Mulreed__, known to me to be the __authorized signer__ of __Summit Mtn. Holding Group Utah LLC__.

I certify that I know or have satisfactory evidence that the person appearing before me and making this acknowledgment is the person whose true signature appears on this document.

WITNESS my hand and official seal hereto affixed the day and year in the certificate above written.

_____
Signature

__Tressa Heil__
Print Name


NOTARY PUBLIC
TRESSA HEIL
693332
COMMISSION EXPIRES
FEBRUARY 03, 2021
STATE OF UTAH

My commission expires:

__Feb 3, 2021__

Residing at:

__Eden Ut__

105516388

CONFIDENTIAL INFORMATION                                                                                            SMHG002871