**THIRD AMENDMENT TO LOAN AGREEMENT AND OTHER LOAN DOCUMENTS**

among

**SMHG VILLAGE DEVELOPMENT LLC,**

a Delaware limited liability company,

as Borrower

and

**SUMMIT VILLAGE DEVELOPMENT LENDER 1, LLC,**

a Delaware limited liability company,

as a Lender

and

**GRAND CANYON DEVELOPMENT HOLDINGS 3 LLC,**

an Arizona limited liability company,

as an Additional Lender

Dated as of March 2, 2018

105838039

CONFIDENTIAL INFORMATION   SMHG002820

## THIRD AMENDMENT TO LOAN AGREEMENT
## AND OTHER LOAN DOCUMENTS

THIS THIRD AMENDMENT TO LOAN AGREEMENT AND OTHER LOAN DOCUMENTS (this "Amendment") is dated as of Mach 2, 2018, by and among SMHG VILLAGE DEVELOPMENT LLC, a Delaware limited liability company ("Borrower"), SUMMIT VILLAGE DEVELOPMENT LENDER 1, LLC, a Delaware limited liability company, as a Lender and as collateral agent for itself and the Additional Lenders (as defined below) ("Lender"), and GRAND CANYON DEVELOPMENT HOLDINGS 3 LLC, an Arizona limited liability company ("GCDH3").

### RECITALS:

Borrower and Lender entered into that certain Loan Agreement, dated as of June 28, 2016, as amended pursuant to the First Amendment to Loan Agreement and Other Loan Documents dated as of September 23, 2016 and the Second Amendment to Loan Agreement and Other Loan Documents dated as of October 31, 2017 (as so amended, and together with any other amendments, modifications, restatements and renewals from time to time, the "Loan Agreement"), whereby Lender has agreed to make available a secured loan (the "Loan") to Borrower in the aggregate principal amount of One Hundred Twenty Million and 00/100 Dollars ($120,000,000.00), evidenced by the Note. Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Loan Agreement.

Lender desires to syndicate the Loan and to assign a certain unfunded portion of the Loan to GCDH3 on the terms and conditions set forth in the Syndication Agreement (as defined below), with Lender to be the collateral agent under the Loan Agreement on behalf of all of the Lenders under the Syndication Agreement.

Borrower, Lender and GCDH3 have agreed to modify certain provisions of the Loan Documents in the manner hereinafter set forth.

NOW, THEREFORE, Borrower, Lender and GCDH3 desire to enter into this Amendment in order to modify certain provisions of the Loan Documents. This Amendment is a "writing" referred to in Section 9.13 of the Loan Agreement.

### AGREEMENTS:

Accordingly, in consideration of the mutual agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto covenant and agree as follows:

1.  The following definitions shall be added to Section 1.1 of the Loan Agreement:

    "**Additional Lenders**" means, collectively, GCDH3 and the "Lenders" from time to time who have been made parties to the Syndication Agreement (other than

1

CONFIDENTIAL INFORMATION                                                                                           SMHG002821

Summit Village Development Lender 1, LLC, a Delaware limited liability company as the original Lender under this Loan Agreement).

"**GCDH3**" means Grand Canyon Development Holdings 3 LLC, an Arizona limited liability company, and its successors and assigns.

"**Syndication Agreement**" means that certain Syndication and Co-Lender Agreement dated as March 2, 2018, executed by Lender, GCDH3, and Additional Lenders, as the same may be amended, modified, renewed or restated from time to time.

2. The following definitions in Section 1.1 of the Loan Agreement are hereby amended and restated in its entirety as follows:

"**Lender**" or "**Lenders**" means, individually or collectively as the context may require, either (i) Summit Village Development Lender 1, LLC, a Delaware limited liability company, in its capacity as collateral agent for the Lenders under the Syndication Agreement, or (ii) Summit Village Development Lender 1, LLC, a Delaware limited liability company, and each of the Additional Lenders, in their capacity as the lenders under the Note, together with their respective successors and assigns; provided that solely with respect to the Operating Capital Loan Documents, "Lender" means Summit Village Development Lender 1, LLC, a Delaware limited liability company.

"**Note**" means, collectively (i) that certain Replacement Promissory Note dated as of the date hereof from Borrower payable to the order of Lender in the original principal amount of $100,500,000.00, as originally executed, (ii) that certain Replacement Promissory Note dated as of the date hereof from Borrower payable to the order of GCDH3 in the original principal amount of $19,500,000.00, as originally executed, and (iii) any substitute promissory note(s) executed by Borrower as a result of any "Syndicated Sale" pursuant to the Syndication Agreement, all as the same may be supplemented, amended, modified, consolidated, extended, refinanced, substituted, replaced, renewed and/or restated from time to time.

3. Section 2.7.1 of the Loan Agreement is hereby amended and restated in its entirety as follows:

"If at any time a Member is informed of the denial of his or her I-526 Petition, Borrower shall, upon Lender's prior written approval, prepay the Loan, without penalty or premium, in the amount of such Member's capital contribution previously disbursed to Borrower hereunder within ninety (90) days after receipt of notice from Lender of such I-526 Petition denial unless Lender has replaced such Member with a substitute Member within sixty (60) days after receipt of such Member's liquidation request; provided that the Borrower shall not be required to make any prepayment to the extent the Member's interest is liquidated

105838039

CONFIDENTIAL INFORMATION                                                                                               SMHG002822

(including, without limitation, following denial of any Member's I-526 Petition) if such liquidation is due to the voluntary abandonment by such Member of his or her I-526 Petition or due to the denial of such Member's I-526 Petition if the denial is the result of such Member's fraud, misrepresentation or failure to provide USCIS any information that is in such Member's possession or control or capacity to produce, except as expressly set forth in that certain Unconditional Guaranty of Early Release, dated September 18, 2015, executed by Summit Mountain Holding Group, L.L.C., a Utah limited liability company and Summit Revolution LLC, a Delaware limited liability company. If Borrower fails to prepay the Loan in accordance with this Section 2.7.1, the same shall constitute an Event of Default and Lender shall have the right to prepay the Loan on behalf of Borrower, without penalty or premium, in such amounts as required by this Section from the proceeds in Lender's Deposit Account or Borrower Deposit Account, to the extent available, and such prepayment shall not constitute a waiver of any of Lender's rights or remedies hereunder, including without limitation, any Loan balancing provision or requirement hereunder. For the purposes of this Section 2.7.1 only, "Member" shall explicitly exclude any member of Grand Canyon Development Holdings 3 LLC, an Arizona limited liability company, and as such, Borrower shall have no obligation to prepay the Loan in respect of any member of Grand Canyon Development Holdings 3 LLC pursuant to this Section 2.7.1."

4. Section 9.10.4 of the Loan Agreement is hereby amended and restated in its entirety as follows:

"Notwithstanding Section 9.10.2, Borrower acknowledges and consents to the assignments of interests in the Loan under the Syndication Agreement and the appointment of Lender as collateral agent for the Lenders under the Syndication Agreement, including Lender's right to (i) act as collateral agent for the Additional Lenders, (ii) exercise (or refrain from exercising) on behalf of the Additional Lenders all rights and remedies of the Additional Lenders under the Loan Documents as authorized by the Lenders pursuant to the terms of the Syndication Agreement, (iii) take such actions as the Additional Lenders are obligated or entitled to take under the provisions of the Syndication Agreement and the other Loan Documents and exercise such powers as are set forth herein or therein, or (iv) at any time convene a meeting of the Additional Lenders, together with such other powers as are reasonably incidental thereto. All acts of and communications by Lender, as collateral agent for the Additional Lenders, as authorized by the Lenders pursuant to the terms of the Syndication Agreement, shall be deemed legally conclusive and binding on the Additional Lenders; and Borrower or any third party (including any court) shall be entitled to rely on any and all communications or acts of Lender with respect to the exercise of any rights or the granting of any consent, waiver or approval on behalf of the Additional Lenders in all circumstances where an action by the Additional Lenders is required or permitted pursuant to this Agreement or the provisions of any other Loan Document or by applicable legal requirements without the right or

105838039

CONFIDENTIAL INFORMATION    SMHG002823

necessity of making any inquiry of any individual Additional Lender as to the authority of Lender with respect to such matter. Except as expressly set forth in the Syndication Agreement, Borrower acknowledges and consents that the Lenders shall jointly have the right to take all actions, including granting any consents or approvals, to be made by, or on behalf of, "Lender" under this Agreement and the other Loan Documents."

5. That certain side letter by and between Borrower and Lender dated as of January 10, 2018 (the "<u>Side Letter</u>"), related to treatment and usage of Net Sale Proceeds, shall be, and is hereby, deemed a "Loan Document" as defined in the Loan Agreement.

6. That certain Pledge of Accounts by Borrower for the benefit of Lender dated as of the date hereof shall be, and is hereby, deemed a "Loan Document" as defined in the Loan Agreement.

7. That certain Deposit Account Control Agreement by and among Borrower, Lender and BofI Federal Bank, dated as of the date hereof shall be, and is hereby, deemed a "Loan Document" as defined in the Loan Agreement.

8. All references to "this Agreement" or the "Loan Agreement" in the Loan Documents are hereby amended to mean the Loan Agreement, as amended by this Amendment and as the same may be further amended from time to time.

9. Section 1 of the Side Letter is hereby amended and restated in its entirety as follows:

"Borrower has established a new and separate bank account in its name held at BofI Federal Bank with account number 200000329298 for the purpose of receiving all Net Sale Proceeds (the "<u>Sales Proceeds Account</u>"). The Borrower shall provide the Lender with (i) such access and information to the Sales Proceeds Account at all times at the request of the Lender such that the Lender is able to view all transactions to and from the Sales Proceeds Account and (ii) monthly statement of activities for the Sales Proceeds Account no later than 5 business days after the end of each calendar month."

10. Upon execution and delivery of this Amendment and the Syndication Agreement, GCDH3 shall constitute an "Additional Lender" under the Loan Agreement and shall have all the rights and obligations of an Additional Lender as set forth therein.

11. Summit Mountain Holding Group, L.L.C., a Utah limited liability company ("<u>Guarantor</u>"), has executed and delivered this Amendment as "Guarantor" under the Environmental Indemnity, the Early Release Guaranty, the Shortfall Guaranty and the Recourse Indemnity for the purpose of ratifying and confirming, and does hereby ratify and confirm, the Environmental Indemnity, the Early Release Guaranty, the Shortfall Guaranty and the Recourse Indemnity and confirming, and does hereby confirm, that, notwithstanding that the Loan Documents have been amended by this Amendment, (i) the Environmental Indemnity, the Early Release Guaranty, the Shortfall Guaranty and the Recourse Indemnity remain in full force and

CONFIDENTIAL INFORMATION                                                                                                   SMHG002824

effect in accordance with their respective terms and (ii) as of the date hereof, Guarantor has no defense to the enforcement of its obligations and liabilities under the Environmental Indemnity, the Early Release Guaranty, the Shortfall Guaranty or the Recourse Indemnity or any claim or counterclaim against Lender.

12. Borrower acknowledges that nothing contained herein shall be construed to relieve Borrower from its obligations under the Loan Agreement and the other Loan Documents. Borrower further acknowledges the lien of the Mortgage to be a valid and existing first lien on the Project, and the liens of the Mortgage and other Loan Documents are hereby agreed to continue in full force and effect, unaffected and unimpaired by this Amendment. Pursuant to Section 9.10.2 of the Loan Agreement, Borrower hereby acknowledges and consents to any Lender's assignment of certain rights and interests in the Loan to the Additional Lenders. Borrower acknowledges that failure of any Additional Lender to fulfill its obligations under the Loan Agreement shall not result in any other Lender becoming obligated to advance more than its committed loan amount (as evidence by the promissory note in favor of such other Lender).

13. Borrower agrees to pay all fees, costs and expenses (including, without limitation, Lender's attorneys' fees and expenses) paid or incurred by Lender in connection with this Amendment.

14. In the event of any conflict or ambiguity between the terms, covenants and conditions of this Amendment and those of the Loan Agreement and the other Loan Documents, the terms, covenants and conditions of this Amendment shall control.

15. Except as herein modified and amended, all of the terms, covenants and conditions of the Loan Agreement and the other Loan Documents shall remain in full force and effect and Borrower and Guarantor hereby represent, warrant and covenant that each and every representation and warranty contained in the Loan Documents is (i) true and correct as of the date hereof (except if any such representation is made as of a certain date, then as of such date) and (ii) incorporated herein in full by reference as if fully restated herein in its entirety.

16. All of the terms, covenants and conditions of the Loan Agreement and the other Loan Documents, as the same may be amended as of the date hereof, remain in full force and effect and Borrower and Guarantor hereby ratify and confirm all of their respective covenants, obligations, duties, liabilities, indemnities and guarantees thereunder.

17. Borrower represents, warrants and covenants that as of the date hereof: (i) this Amendment, the Loan Agreement and the other Loan Documents are valid, binding and enforceable in accordance with their respective terms and conditions, (ii) there are no offsets, counterclaims or defenses which may be asserted with respect to this Amendment, the Loan Agreement or any of the other Loan Documents, or which may in any manner affect the collection or collectability of the principal, interest and other sums evidenced and secured by this Amendment, the Loan Agreement or any of the other Loan Documents, nor is there any basis whatsoever for any such offset, counterclaim or defense as of the date hereof, (iii) Borrower and Guarantor (and the undersigned representative(s) of Borrower and Guarantor) have full power, authority and legal right to execute this Amendment and to keep and observe all of the terms of

CONFIDENTIAL INFORMATION                                    SMHG002825

this Amendment, the Loan Agreement and the other Loan Documents on Borrower's and Guarantor's part to be observed and performed and (iv) no Default or Event of Default now exists.

18. The amendments set forth herein are limited precisely as written and shall not be deemed to (a) be a consent to or a waiver of any other term or condition of the Loan Agreement or any of the other Loan Documents or (b) prejudice any right or rights which Lender may now have or may have in the future under or in connection with the Loan Agreement, as amended hereby, or any other Loan Document, as amended hereby.

19. This Amendment may not be modified, amended, waived, changed or terminated orally, but only by an agreement in writing signed by the party against whom the enforcement of the modification, amendment, waiver, change or termination is sought.

20. This Amendment shall be binding upon and inure to the benefit of Borrower, Guarantor and Lender and their respective successors and assigns. This Amendment shall, for all purposes, be and constitute a Loan Document.

21. This Amendment may be executed in any number of duplicate originals and each such duplicate original shall be deemed to constitute but one and the same instrument.

22. If any term, covenant or condition of this Amendment shall be held to be invalid, illegal or unenforceable in any respect, this Amendment shall be construed without such provision.

23. This Amendment shall be construed and enforced in accordance with the laws of the State of New York and the applicable laws of the United States of America.

*(signatures appear on the following page)*

CONFIDENTIAL INFORMATION                                                                                                    SMHG002826

IN WITNESS WHEREOF, the parties hereto have duly executed and delivered this Amendment as of the date and year first above written.

**LENDER:**            **SUMMIT VILLAGE DEVELOPMENT LENDER 1, LLC**, a Delaware limited liability company

By: Celona Asset Management (USA) Limited, its Class B Manager

By: _____
Name: Max Huang
Title: Authorized Signatory

**GCDH3:**            **GRAND CANYON DEVELOPMENT HOLDINGS 3 LLC**, an Arizona limited liability company

By: Celona Asset Management (USA) Limited, its Class B Manager

By: _____
Name: Max Huang
Title: Authorized Signatory

*(signatures continue on following page)*

105838039

CONFIDENTIAL INFORMATION    SMHG002827

BORROWER:     SMHG VILLAGE DEVELOPMENT LLC,
              a Delaware limited liability company

              By:   SMHG Investments LLC, a Delaware
                    limited liability company, its Sole Member

                    By: _____
                    Name: Shaun Mulreed
                    Title: Authorized Signatory

GUARANTOR:    SUMMIT MOUNTAIN HOLDING GROUP,
              L.L.C., a Utah limited liability company

              By:   Summit Revolution LLC, a Delaware
                    limited liability company, its Sole Member

                    By: _____
                    Name: Shaun Mulreed
                    Title: Authorized Signatory

S-2

105838039

CONFIDENTIAL INFORMATION                                    SMHG002828