# FIFTH AMENDMENT TO
# LOAN AGREEMENT AND OTHER LOAN DOCUMENTS

among

**SMHG VILLAGE DEVELOPMENT LLC,**

a Delaware limited liability company,

as Borrower

and

**SUMMIT VILLAGE DEVELOPMENT LENDER 1, LLC,**

a Delaware limited liability company,

as a Lender

and

**GRAND CANYON DEVELOPMENT HOLDINGS 3 LLC,**

an Arizona limited liability company,

as an Additional Lender

Dated as of January 31, 2019

# FIFTH AMENDMENT TO LOAN AGREEMENT
# AND OTHER LOAN DOCUMENTS

THIS FIFTH AMENDMENT TO LOAN AGREEMENT AND OTHER LOAN DOCUMENTS (this "Amendment") is dated as of January 31, 2019, by and among SMHG VILLAGE DEVELOPMENT LLC, a Delaware limited liability company ("Borrower"), SUMMIT VILLAGE DEVELOPMENT LENDER 1, LLC, a Delaware limited liability company ("Summit"), as a Lender and as collateral agent for itself and the Additional Lender (as defined below) ("Lender"), and GRAND CANYON DEVELOPMENT HOLDINGS 3 LLC, an Arizona limited liability company ("Additional Lender").

## RECITALS:

Borrower and Summit entered into that certain Loan Agreement, dated as of June 28, 2016, as amended pursuant to the First Amendment to Loan Agreement and Other Loan Documents dated as of September 23, 2016, the Second Amendment to Loan Agreement and Other Loan Documents dated as of October 31, 2017, and as further amended by Borrower, Lender and Additional Lender pursuant to the Third Amendment to Loan Agreement and Other Loan Documents dated as of March 2, 2018 and the Fourth Amendment to Loan Agreement and Other Loan Documents dated as of May 24, 2018 (as so amended, and together with any other amendments, modifications, restatements and renewals from time to time, the "Loan Agreement"), whereby Lender has agreed to make available a secured loan (the "Loan") to Borrower in the aggregate principal amount of One Hundred Twenty Million and 00/100 Dollars ($120,000,000.00), evidenced by the Note. Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Loan Agreement.

Borrower, Lender and Additional Lender have agreed to modify certain provisions of the Loan Documents in the manner hereinafter set forth.

NOW, THEREFORE, Borrower, Lender and Additional Lender desire to enter into this Amendment in order to modify certain provisions of the Loan Documents. This Amendment is a "writing" referred to in Section 9.13 of the Loan Agreement.

## AGREEMENTS:

Accordingly, in consideration of the mutual agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto covenant and agree as follows:

1. Exhibit A-1 of the Loan Agreement is hereby deleted and replaced with the exhibit attached to this Amendment as Exhibit A-1.

2. Section 1 of the Side Letter is hereby amended and restated in its entirety as follows:

CONFIDENTIAL INFORMATION                                                                                              SMHG002830

Borrower has established a new and separate bank account in its name held at Axos Bank with account number 200000329298 for the purpose of receiving all Net Sale Proceeds (the "Sales Proceeds Account"). For the avoidance of doubt, Net Sale Proceeds are inclusive of Purchaser Deposits. The Borrower shall provide the Lender with (i) such access and information to the Sales Proceeds Account at all times at the request of the Lender such that the Lender is able to view all transactions to and from the Sales Proceeds Account and (ii) monthly statement of activities for the Sales Proceeds Account no later than 5 business days after the end of each calendar month.

Furthermore, Borrower shall notify the Lender of any sale or reconveyance of any Unit or portion of Copper Crest West no later than 3 business days after the closing of any such transaction. Failure by Borrower to notify Lender of any such transaction will be treated as an Event of Default under the Loan Agreement.

3.  Section 2 of the Side Letter is hereby amended and restated in its entirety as follows:

All Net Sale Proceeds shall be wired directly into the Sales Proceeds Account at the closing for the sale of each Unit. Net Sale Proceeds may only be released from the Sales Proceeds Account and be applied to pay third party vendors for any Approved Costs, EB-5 Financing Costs and the management fee and overhead and developer fee line items in the Budget, as and when such Approved Costs become payable (the "Allowable Use").

4.  The following definitions in Section 1.1 of the Loan Agreement are hereby amended and restated in their entirety as follows:

"**JV Neighborhood Developments**" means, collectively, the multi-stage development, construction and operation of five (5) distinct neighborhoods, which in the aggregate represent approximately thirteen (13) acres of land and eighty-two (82) residential units. The individual components of the JV Neighborhood Developments include (a) a 6.25 acre subdivision site to be known as "Horizon Neighborhood", consisting of twenty-three (23) residential units ("**Horizon Neighborhood**"), (b) a 4.05 acre subdivision site to be known as "Spring Park", consisting of twelve (12) residential units ("**Spring Park**"), (c) a 0.72 acre subdivision site to be known as "Village Nest West", consisting of ten (10) residential units, (d) a 0.42 acre subdivision site to be known as "Copper Crest West", consisting of eleven (11) residential units, and (e) a 1.30 acre subdivision site to be known as "Southface", consisting of twenty-six (26) residential units ("**Southface**" and together with Horizon Neighborhood and Spring Park, collectively, the "**Encumbered JV Neighborhood Developments**"), all of which are located on the JV Neighborhood Development Land; and "**JV Neighborhood Development**" means any one of these components.

"**Net Sale Proceeds**" means the net amount, inclusive of the Purchaser Deposits, and after deduction for commissions and reasonable and customary costs of closing (such as commissions and reasonable and customary costs not to exceed eight percent (8.0%)), paid and payable to Borrower (or its Affiliate as set forth below) for the sale of any Unit(s) including without limitation the amount distributed to SMHG Powdercat

CONFIDENTIAL INFORMATION                                                                 SMHG002831

Townhomes LLC pursuant to the Limited Liability Company Agreement of Powdercat Townhomes, LLC dated as of May 15, 2017 (the "**Powdercat LLC Agreement**"), relating to a 0.42 acre subdivision site to be known as "Copper Crest West". For the avoidance of doubt, Borrower will transfer or cause to be transferred all proceeds received by Borrower, Guarantor or any other Affiliate thereof (including SMHG Powdercat Townhomes LLC, but excluding Guarantor's joint venture partner, Orr Powder TH Development, LLC, and the joint venture itself, Powdercat Townhomes, LLC) to the Sales Proceeds Account promptly following receipt of such funds by Borrower, Guarantor or such Affiliate, as the case may be. Borrower agrees not to consent to any change in Section 5.01 of the Powdercat LLC Agreement without the prior written consent of Lender.

5. Clause (h) of the definition of "**Permitted Encumbrances**" in Section 1.1 of the Loan Agreement is hereby amended and restated in its entirety as follows:

(h) at such time as Borrower acquires any JV Neighborhood Development and grants a Deed of Trust for the benefit of Lender encumbering the same, the Permitted Adjacent Land Exceptions with respect to such JV Neighborhood Development;

6. The first sentence of Section 2.4.1 of the Loan Agreement is hereby amended and restated in its entirety as follows:

So long as no Event of Default has occurred and is then continuing, Lender shall make the First Disbursements and shall make other Advances to Borrower from time to time thereafter to pay or reimburse Approved Costs or to repay the Bridge Loan, in each case subject to the provisions of this Section 2.4 and Sections 2.5 and 2.6; provided that at such time as the aggregate amount of all Advances equals $16,500,00.00, Borrower shall utilize thirty-five percent (35%) of each subsequent Advance to repay the Bridge Loan (only to the extent the same funded Approved Costs), then upon the full repayment of all outstanding amounts under the Bridge Loan all further Advances shall be made to pay or reimburse Approved Costs.

7. Section 5.28 of the Loan Agreement is hereby amended and restated in its entirety as follows:

5.28 *JV Neighborhood Developments*. Prior to the aggregate Advances under this Agreement exceeding $15,000,000.00, Borrower must acquire marketable fee simple title and satisfy the requirements of this Section 5.28 with respect to Horizon Neighborhood. Subject to Section 2.9, thereafter, prior to any Advance that would cause the aggregate Advances under this Agreement to exceed $25,000,000.00, Borrower shall acquire marketable fee simple title and satisfy the requirements of this Section 5.28 with respect to Spring Park. Subject to Section 2.9, thereafter, prior to any Advance that would cause the aggregate Advances under this Agreement to exceed $35,000,000.00, Borrower shall acquire marketable fee simple title and satisfy the requirements of this Section 5.28 with respect to Southface. With respect to each of the Encumbered JV Neighborhood Developments, contemporaneously with Borrower's acquisition of marketable fee simple title, Borrower shall (a) modify the Deed of Trust to add the applicable Encumbered JV

3

CONFIDENTIAL INFORMATION　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　SMHG002832

Neighborhood Development to the Mortgaged Property granted for the benefit of Lender under the Deed of Trust, subject only to the Permitted Adjacent Land Exceptions (or, at Lender's election, grant a new Deed of Trust for the benefit of Lender, in substantially the same form as the Deed of Trust granted by Borrower as of the date hereof), (b) deliver to Lender an endorsement to Lender's loan policy of insurance (or if the same is not available for any reason, a new loan policy of title insurance) with respect to the Mortgaged Property, insuring the Deed of Trust as a first lien on the applicable Encumbered JV Neighborhood Development, subject only to the Permitted Adjacent Land Exceptions, (c) pay all costs and expenses incurred by Lender in connection with Borrower's acquisition of the applicable Encumbered JV Neighborhood Development (including without limitation, title premiums and reasonable attorneys' fees), and (d) provide such additional items as Lender reasonably requests, including without limitation, authority documents and an opinion of counsel, an Appraisal and environmental reports with respect to the applicable Encumbered JV Neighborhood Development and evidence of insurance with the respect to applicable Encumbered JV Neighborhood Development.

8. Borrower acknowledges that nothing contained herein shall be construed to relieve Borrower from its obligations under the Loan Agreement and the other Loan Documents. Borrower further acknowledges the lien of the Mortgage to be a valid and existing first lien on the Project, and the liens of the Mortgage and other Loan Documents are hereby agreed to continue in full force and effect, unaffected and unimpaired by this Amendment.

9. Borrower agrees to pay all fees, costs and expenses (including, without limitation, Lender's attorneys' fees and expenses) paid or incurred by Lender in connection with this Amendment.

10. In the event of any conflict or ambiguity between the terms, covenants and conditions of this Amendment and those of the Loan Agreement and the other Loan Documents, the terms, covenants and conditions of this Amendment shall control.

11. Except as herein modified and amended, all of the terms, covenants and conditions of the Loan Agreement and the other Loan Documents shall remain in full force and effect and Borrower and Guarantor hereby represent, warrant and covenant that each and every representation and warranty contained in the Loan Documents is (i) true and correct as of the date hereof (except if any such representation is made as of a certain date, then as of such date) and (ii) incorporated herein in full by reference as if fully restated herein in its entirety.

12. All of the terms, covenants and conditions of the Loan Agreement and the other Loan Documents, as the same may be amended as of the date hereof, remain in full force and effect and Borrower and Guarantor hereby ratify and confirm all of their respective covenants, obligations, duties, liabilities, indemnities and guarantees thereunder.

13. Borrower represents, warrants and covenants that as of the date hereof: (i) this Amendment, the Loan Agreement and the other Loan Documents are valid, binding and enforceable in accordance with their respective terms and conditions, (ii) there are no offsets, counterclaims or defenses which may be asserted with respect to this Amendment, the Loan

CONFIDENTIAL INFORMATION                                                                                              SMHG002833

Agreement or any of the other Loan Documents, or which may in any manner affect the collection or collectability of the principal, interest and other sums evidenced and secured by this Amendment, the Loan Agreement or any of the other Loan Documents, nor is there any basis whatsoever for any such offset, counterclaim or defense as of the date hereof, (iii) Borrower and Guarantor (and the undersigned representative(s) of Borrower and Guarantor) have full power, authority and legal right to execute this Amendment and to keep and observe all of the terms of this Amendment, the Loan Agreement and the other Loan Documents on Borrower's and Guarantor's part to be observed and performed and (iv) no Default or Event of Default now exists.

14.   The amendments set forth herein are limited precisely as written and shall not be deemed to (a) be a consent to or a waiver of any other term or condition of the Loan Agreement or any of the other Loan Documents or (b) prejudice any right or rights which Lender may now have or may have in the future under or in connection with the Loan Agreement, as amended hereby, or any other Loan Document, as amended hereby.

15.   This Amendment may not be modified, amended, waived, changed or terminated orally, but only by an agreement in writing signed by the party against whom the enforcement of the modification, amendment, waiver, change or termination is sought.

16.   This Amendment shall be binding upon and inure to the benefit of Borrower, Guarantor, Lender, Additional Lender and their respective successors and assigns.  This Amendment shall, for all purposes, be and constitute a Loan Document.

17.   This Amendment may be executed in any number of duplicate originals and each such duplicate original shall be deemed to constitute but one and the same instrument.

18.   If any term, covenant or condition of this Amendment shall be held to be invalid, illegal or unenforceable in any respect, this Amendment shall be construed without such provision.

19.   This Amendment shall be construed and enforced in accordance with the laws of the State of New York and the applicable laws of the United States of America.

*(signatures appear on the following page)*

CONFIDENTIAL INFORMATION                                                                                                          SMHG002834

IN WITNESS WHEREOF, the parties hereto have duly executed and delivered this Amendment as of the date and year first above written.

**LENDER:**  **SUMMIT VILLAGE DEVELOPMENT LENDER 1, LLC,** a Delaware limited liability company

By: Celona Asset Management (USA) Limited, its Class B Manager

By: _/s/ Max Huang_
Name: Max Huang
Title: Authorized Signatory

**ADDITIONAL LENDER:**  **GRAND CANYON DEVELOPMENT HOLDINGS 3 LLC,** an Arizona limited liability company

By: Celona Asset Management (USA) Limited, its Class B Manager

By: _/s/ Max Huang_
Name: Max Huang
Title: Authorized Signatory

*(signatures continue on following page)*

109920791\V-8

CONFIDENTIAL INFORMATION                                                                                         SMHG002835

BORROWER:  SMHG VILLAGE DEVELOPMENT LLC,
a Delaware limited liability company

By: SMHG Investments LLC, a Delaware
limited liability company, its Sole Member

By: _____
Name: Shaun Mulreed
Title: Authorized Signatory

*(signatures continue on following page)*

CONFIDENTIAL INFORMATION                                    SMHG002836

IN WITNESS WHEREOF, the undersigned hereby consents to the execution of this Amendment, joins this Amendment with respect to Sections 9, 10 and 14, and agrees that the execution of this Amendment does not modify its covenants or obligations under any guaranty or other agreement entered into in connection with the Loan Agreement except as expressly set forth in this Amendment.

GUARANTOR:

SUMMIT MOUNTAIN HOLDING GROUP, L.L.C., a Utah limited liability company

By: Summit Revolution LLC, a Delaware limited liability company, its Sole Member

By: _____
Name: Shaun Mulreed
Title: Authorized Signatory

CONFIDENTIAL INFORMATION                                    SMHG002837

### Exhibit A-1

### Legal Descriptions of the JV Neighborhood Parcels

**HORIZON PARCEL:**

ALL OF UNITS 102, 105, 106, 107, 108, 109, 110, 112, 113, 114, 115, 117, 118, 119, 121, 122, 125, 127, 129 AND 130, HORIZON NEIGHBORHOOD AT POWDER MOUNTAIN PRUD, AMENDMENT 1, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE OFFICE OF THE WEBER COUNTY RECORDER.

TOGETHER WITH EACH UNIT'S RESPECTIVE UNDIVIDED INTEREST IN THE COMMON AREAS AND FACILITIES AS SET FORTH IN THE NEIGHBORHOOD DECLARATION OF COVENANTS, CONDITIONS, EASEMENTS AND RESTRICTIONS FOR HORIZON NEIGHBORHOOD AT POWDER MOUNTAIN A P.R.U.D., RECORDED NOVEMBER 14, 2016 AS ENTRY NO. 2826294 AND AMENDED AUGUST 3, 2017 AS ENTRY NO. 2871359.

Also described as:

ALL OF HORIZON NEIGHBORHOOD AT POWDER MOUNTAIN PRUD, AMENDMENT 1, ACCORDING TO THE OFFICIAL PLATTHEREOF ON FILE AND OF RECORD IN THE OFFICE OF THE WEBER COUNTY RECORDER.

TOGETHER WITH THE COMMON AREAS AND FACILITIES AS SET FORTH IN THE NEIGHBORHOOD DECLARATION OF COVENANTS, CONDITIONS, EASEMENTS AND RESTRICTIONS FOR HORIZON NEIGHBORHOOD AT POWDER MOUNTAIN A P.R.U.D., RECORDED NOVEMBER 14, 2016 AS ENTRY NO. 2826294 AND AMENDED AUGUST 3, 2017 AS ENTRY NO. 2871359.

LESS AND EXCEPTING UNITS 103, 104, 111, 116, 120, 123, 124, 126, 128 AND 131 AND THEIR RESPECTIVE UNDIVIDED INTERESTS IN THE COMMON AREAS AND FACILITIES AS SET FORTH IN THE NEIGHBORHOOD DECLARATION OF COVENANTS, CONDITIONS, EASEMENTS AND RESTRICTIONS FOR HORIZON NEIGHBORHOOD AT POWDER MOUNTAIN A P.R.U.D., RECORDED NOVEMBER 14, 2016 AS ENTRY NO. 2826294 AND AMENDED AUGUST 3, 2017 AS ENTRY NO. 2871359.

(For Reference Purposes Only, Tax ID Nos.:  23-151-0001, 23-151-0004, 23-151-0005, 23-151-0006, 23-151-0007, 23-151-0008, 23-151-0009, 23-151-0011, 23-151-0012, 23-151-0013, 23-151-0014, 23-151-0016, 23-151-0017, 23-151-0018, 23-151-0020, 23-151-0021, 23-151-0024, 23-151-0026,  23-151-0028 and 23-151-0029)

CONFIDENTIAL INFORMATION                                                                                                   SMHG002838

**SPRING PARK PARCEL:**

ALL OF LOT 76R, SUMMIT EDEN PHASE 1C, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE OFFICE OF THE WEBER COUNTY RECORDER.

(For Reference Purposes Only, Tax ID No: 23-130-0043)

**COPPER CREST WEST:**

DEVELOPMENT PARCEL D3, SUMMIT EDEN PHASE 1C AMENDMENT 2, AMENDING LOTS 87, 88, 89A, 89B, 90, 91, 92, 93, 94A, 94B, 95R, PARCELS F AND M, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE OFFICE OF THE WEBER COUNTY RECORDER.

DEVELOPMENT PARCELS D4R AND D6, SUMMIT EDEN PHASE 1D, AMENDMENT 1 SUBDIVISION, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE OFFICE OF THE WEBER COUNTY RECORDER.

TOGETHER WITH AND SUBJECT TO THE EASEMENTS ESTABLISHED BY:

THE TERMS OF THE MASTER DECLARATION OF COVENANTS, CONDITIONS, EASEMENTS AND RESTRICTIONS FOR SUMMIT EDEN, RECORDED JANUARY 27, 2014, AS ENTRY NUMBER 2672941, AND AS AMENDED BY ENTRY NUMBERS 2704954, 2712001, AND 2776705; AND

THAT CERTAIN EASEMENT AGREEMENT GIVEN BY SUMMIT MOUNTAIN HOLDING GROUP, L.L.C, SUMMIT EDEN RESORT LLC, AND SMHG INVESTMENTS LLC, RECORDED APRIL 26, 2013 AS ENTRY NUMBER 2631963.

For Reference Only:  Tax ID Nos.:  23-137-0001; 23-138-0001; 23-138-0003

**SOUTHFACE PARCEL:**

BEGINNING AT A POINT ON THE NORTHERLY RIGHT-OF-WAY LINE OF SUMMIT PASS, SAID POINT BEING SOUTH 583.70 FEET AND EAST 878.72 FEET, FROM THE NORTH QUARTER CORNER OF SECTION 8, TOWNSHIP 7 NORTH, RANGE 2 EAST, SALT LAKE BASE AND MERIDIAN (BASIS OF BEARING IS NORTH 89°55'51" WEST ALONG THE LINE BETWEEN THE NORTHEAST CORNER OF SECTION 1, TOWNSHIP 7 NORTH, RANGE 1 EAST, SALT LAKE BASE AND MERIDIAN AND THE SET WEBER COUNTY MONUMENT ON THE INTERSECTION OF THE WEBER/CACHE COUNTY LINE AND THE SECTION LINE.); THENCE N06°15'42"E 147.00 FEET; THENCE ALONG A NON-TANGENT CURVE TO THE LEFT HAVING A RADIUS OF 570.00 FEET, THROUGH A CENTRAL ANGLE OF 10°04'29" (CHORD BEARING AND DISTANCE OF S88°46'32"E 100.10 FEET) FOR AN ARC DISTANCE OF 100.23 FEET; THENCE N86°11'14"E 193.22 FEET; THENCE ALONG A CURVE TO THE RIGHT HAVING A

CONFIDENTIAL INFORMATION                                                                          SMHG002839

RADIUS OF 430.00 FEET, THROUGH A CENTRAL ANGLE OF 09°42'10" (CHORD BEARING AND DISTANCE OF S88°57'41"E 72.73 FEET) FOR AN ARC DISTANCE OF 72.82 FEET; THENCE S05°19'03"W 147.01 FEET TO A POINT ON THE NORTHERLY RIGHT-OF-WAY LINE OF SUMMIT PASS; THENCE ALONG SAID NORTHERLY LINE THE FOLLOWING THREE (3) COURSES: 1) THENCE ALONG A NON-TANGENT CURVE TO THE LEFT HAVING A RADIUS OF 283.00 FEET, THROUGH A CENTRAL ANGLE OF 10°00'00" (CHORD BEARING AND DISTANCE OF N88°48'46"W 49.33 FEET) FOR AN ARC DISTANCE OF 49.39 FEET, 2) THENCE S86°11'14"W 193.22 FEET; 3) THENCE ALONG A CURVE TO THE RIGHT HAVING A RADIUS OF 717.00 FEET, THROUGH A CENTRAL ANGLE OF 10°04'29" (CHORD BEARING AND DISTANCE OF N88°46'32"W 125.91 FEET) FOR AN ARC DISTANCE OF 126.07 FEET TO THE POINT OF BEGINNING.

(For Reference Purposes Only Tax ID No.: 23-012-0166)

**VILLAGE NEST WEST:**

ALL OF PARCEL OS6 (OPEN SPACE), SUMMIT EDEN PHASE 1C, AMENDMENT NO. 7, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE OFFICE OF THE WEBER COUNTY RECORDER.

(For Reference Purposes Only Tax ID No.: 23-156-0009)

CONFIDENTIAL INFORMATION    SMHG002840