SNELL & WILMER L.L.P.

Matthew L. Lalli (6105)
Jeremy J. Stewart (12247)
Aline Marie H. Longstaff (16089)

15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1531
Telephone: (801) 257-1900
mlalli@swlaw.com
jjstewart@swlaw.com
alongstaff@swlaw.com

KASOWITZ BENSON TORRES LLP

Uri A. Itkin (*pro hac vice*)
Jordan D. Beltz (*pro hac vice*)
Andrew W. Breland (*pro hac vice*)

1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
uitkin@kasowitz.com
jbeltz@kasowitz.com
abreland@kasowitz.com

*Attorneys for Summit Village Development Lender 1 LLC*
*and Grand Canyon Development Holdings 3 LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SUMMIT MOUNTAIN HOLDING GROUP, L.L.C., a Utah Limited Liability Company,<br><br>    Plaintiff, Counterclaim-Defendant,<br><br>    vs.<br><br>SUMMIT VILLAGE DEVELOPMENT LENDER 1, LLC, a Delaware Limited Liability Company,<br><br>    Defendant, Counterclaim-Plaintiff<br><br>  and<br><br>GRAND CANYON DEVELOPMENT HOLDINGS 3 LLC, an Arizona Limited Liability Company; and DOES 1 through 10,<br><br>    Defendants. | **DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS**<br><br><br><br>Case No. 1:21-cv-00110-BSJ<br><br>Honorable Bruce S. Jenkins |

Pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure ("FRCP"),

Defendants Summit Village Development Lender I, LLC ("Lender") and Grand Canyon

Development Holdings 3 LLC ("Additional Lender" and, together with Lender, "Lenders"), by and through their undersigned counsel, hereby provide their Responses and Objections (the "Responses") to the First Set of Discovery Requests ("First Requests," and each Interrogatory, Request for Production, or Request to Admit, a "Request") served by Plaintiff Summit Mountain Holding Group, LLC ("Guarantor") on February 25, 2022 in this action (the "Action").

## GENERAL OBJECTIONS

1.    The Lenders are currently undertaking a diligent investigation of this matter, and as such, these Responses are being provided based upon documents and information presently available and known to Lenders.  Lenders reserve and do not waive (i) the right to rely on any information, facts, documents, or other materials that may subsequently come to Lenders' attention through disclosure or otherwise; (ii) the right to assert additional objections should Lenders determine a basis for doing so; (iii) any and all objections as to the relevance, authenticity, or admissibility of any general or specific information, facts, documents, or other materials provided pursuant to these Responses or in response to the Requests; (iv) the right to object, on any appropriate ground, to any demands, Interrogatory or request for additional discovery by any method, device, medium, or format; and (v) the right to supplement, amend, modify, or clarify these Responses.

2.    Lenders' specific responses and objections to each Request are in addition to the general limitations and objections set forth in this section (each a "General Objection" and collectively, the "General Objections").  The General Objections form part of the Response to each Request and are set forth here to avoid the duplication and repetition of restating them for each Response.  The absence of a reference to a General Objection in a specific Response should not be construed as a waiver of any General Objection, and the presence of a specific objection

2

in a Response should be construed as supplementing all of the General Objections.

3.      Lenders object to the Definitions and Requests because they seek to impose on Lenders obligations greater than those imposed by the FRCP, the Local Rules of the District of Utah, the Court's Practices and Procedures, and all other applicable laws and rules (collectively, the "Applicable Rules").

4.      Lenders object to the Requests because they seek disclosure of information that is protected by the attorney-client privilege, the work-product doctrine, the common-interest doctrine, or any other applicable privilege, immunity, or discovery protection or that is otherwise protected from disclosure under applicable law.  The inadvertent production by Lenders of any document subject to such privilege or doctrine shall not constitute a waiver of such privilege or doctrine.  Lenders reserve their right to request the return of any such inadvertently produced document.

5.      Lenders object to the Requests and the Interrogatories to the extent that they seek or are intended to seek information that cannot be or is not fully ascertainable by Lenders before the completion of discovery in this Action.

6.      Lenders object to the Requests, including each of the Definitions set forth therein, because they seek or are intended to seek information that can more readily and efficiently be obtained from other sources, or is a matter of public record, or is in the possession of, or otherwise easily accessible and available to, Guarantor.

7.      Lenders object to the Requests because they seek trade secrets or information that is confidential, proprietary, commercially sensitive, competitively significant, or personal information relating to Lenders, their affiliates, their members, their employees, or their clients, customers, or counterparties, or information that is subject to other privacy laws, protective

orders, non-disclosure agreements or other confidentiality undertakings.

8.      Lenders object to the Requests on the grounds that and to the extent they are compound, duplicative, or cumulative of other more specific Requests.

9.      Lenders object to the Requests, including each of the Definitions set forth therein, to the extent they assume or characterize, or are intended to assume or characterize, the facts or the law.  These Responses shall not constitute an endorsement, admission, concession, agreement with, or acceptance of, any such assumptions or characterizations.  Lenders expressly reserve, and do not waive, any objections to any characterizations of the facts or the law in the Requests and Interrogatories.

10.     Lenders' willingness to search for any particular document or group of documents does not constitute an admission or acknowledgement that any such document or group of documents exists.  Lenders' willingness to produce any particular document or group of documents does not constitute an admission or acknowledgement that the related Request is proper, that such documents are relevant or admissible, or that any of the Requests are within the proper bounds of discovery.

11.     Lenders object to the Requests to the extent that they seek production or identification of "each and every" document, person, fact, or communication.  To the extent that a subset of materials or information would be sufficient to respond to any Request, Lenders will limit their Response to such subset.

12.     For any electronically-stored documents, Lenders will conduct a diligent search for responsive and accessible electronic documents and will make a good faith effort to locate and produce responsive documents in accordance with the Applicable Rules.

13.     Lenders object to the Requests because there is no relevant time frame provided

for any of the Requests.  Subject to and without waiving this objection, Lenders are willing to meet and confer with Guarantor regarding an appropriate time frame for any production of information or documents.

14.      Lenders reserve the right to object to the relevance or admissibility at trial of any information or documents produced in response to the Requests.

## **DEFINITIONS**

1.      Lenders object to the direction requiring Lenders to consult *Webster's Collegiate Dictionary, Black's Law Dictionary*, West Publishing Company's *Words and Phrases*, or any other dictionary or source because it imposes obligations beyond those contained in the FRCP and other Applicable Rules.

2.      Lenders object to the definition of "Document" because it exceeds the requirements of the Applicable Rules and seems to require the creation of Documents not currently in existence.

3.      Lenders object to the definition of "Communication(s)" because it exceeds the requirements of the Applicable Rules, and because it seems to require the creation of documents not currently in existence.

4.      Lenders object to the definitions of "identify" as overbroad, unduly burdensome, and because it exceeds the requirements of the Applicable Rules.

5.      Lenders object to the definition of "affiliate" as vague, ambiguous, overbroad, unduly burdensome, and because it exceeds the requirements of the Applicable Rules.  Subject to and without waiving these objections or the General Objections, Lenders will search for and produce information within the possession, custody, or control of Lenders and their managers.

6.      Lenders object to the definition of "state the basis" as vague, ambiguous,

overbroad, unduly burdensome, and because it exceeds the Applicable Rules.

7.     Lenders object to the definition of "Defendants," "you," or "your" as vague, ambiguous, overbroad, and unduly burdensome due to inclusion of "their respective representatives, or any of them" in the definition. Lenders further object to this definition as seeking information that is not relevant to any claim or defense of any party to the Action, is not reasonably calculated to lead to the discovery of evidence admissible in the Action, and is beyond the scope of permissible discovery in the Action. Lenders further object to this definition because it seems to seek information protected by attorney-client privilege, the work-product doctrine, or any other applicable privileges, immunities, or protective doctrines. Subject to and without waiving this objection or the General Objections, Lenders will interpret these terms to refer to the Lenders and their managers.

8.     Lenders object to the definition of "Development" as vague. Subject to and without waiving this objection or the General Objections, Lenders will interpret "Development" to mean the "Master Project," as defined in the Loan Agreement.

9.     Lenders object to the definition of "Village" as vague. Subject to and without waiving this objection or the General Objections, Lenders will interpret "Village" to mean the "Project," as defined in the Loan Agreement.

10.     Lenders object to the definition of "EB-5 Program" as vague and as attempting to redefine terms that have legal meaning. Subject to and without waiving these objections or the General Objections, Lenders will interpret "EB-5 Program" to mean the "Immigrant Investor Program," as defined in the Loan Agreement.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

State the basis for your assertion that the "Borrower's Equity Requirement," as described

in the Equity Requirement Guaranty, was not intended by the parties to be proportionate to the aggregate amount of "Advances" made to the Borrower under the Loan Agreement. Include in your explanation any sections of the Equity Requirement Guaranty and/or the Loan Agreement that you believe support your assertion.

**RESPONSE TO INTERROGATORY NO. 1:**

Lenders object to Interrogatory No. 1 because it purports to require Lenders to prove a negative and impermissibly tries to shift Guarantor's burden of proof upon Lenders.  Lenders further object to this Interrogatory as premature, as it seeks information before the close of fact discovery and while Lenders' investigation is ongoing.  Lenders further object to this Interrogatory as seeking information that is in the possession of, or equally accessible to, Guarantor.  Lenders further object to this Interrogatory because it seeks information protected by attorney-client privilege, the work-product doctrine, the common-interest doctrine, or another applicable privilege, immunity, or protective doctrine, or documents created after the commencement of the Action.

Subject to and without waiving these objections or the General Objections, Lenders refer Guarantor to the discussion of the applicable contract provisions in Lenders' Answer and Counterclaim and will produce any additional documents supporting Lenders' position in due course in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, when Lenders' investigation of this matter is complete.

**INTERROGATORY NO. 2:**

Identify each and every document which you believe supports or reinforces the explanation you provided in response to Interrogatory No. 1.

**RESPONSE TO INTERROGATORY NO. 2:**

Lenders object to Interrogatory No. 2 because it purports to require Lenders to prove a negative and impermissibly tries to shift Guarantor's burden of proof upon Lenders.  Lenders further object to this Interrogatory as premature, as it seeks information before the close of fact

discovery and while Lenders' investigation is ongoing.  Lenders further object to this

Interrogatory as seeking information that is in the possession of, or equally accessible to,

Guarantor.  Lenders further object to this Interrogatory because it seeks information protected by

attorney-client privilege, the work-product doctrine, the common-interest doctrine, or another

applicable privilege, immunity, or protective doctrine, or documents created after the

commencement of the Action.

Subject to and without waiving these objections or the General Objections, Lenders refer

Guarantor to the discussion of the applicable contract provisions in Lenders' Answer and

Counterclaim and will produce any additional documents supporting Lenders' position in due

course in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, when Lenders'

investigation of this matter is complete.

### INTERROGATORY NO. 3:

Identify each and every person who is or has ever been your agent, including managers, officers, employees, and any members.

### RESPONSE TO INTERROGATORY NO. 3:

Lenders object to Interrogatory No. 3 as vague and ambiguous because the terms "agent,"

"managers," "officers," "employees," and "members" are not defined.  Lenders further object to

this Interrogatory as overbroad and unduly burdensome because it seeks the name of "each and

every" person or entity.  Lenders further object to this Interrogatory as seeking information that

is not relevant to any claim or defense of any party to the Action, is not reasonably calculated to

lead to the discovery of evidence admissible in the Action, and is beyond the scope of

permissible discovery in the Action.  Lenders further object to this Interrogatory as it calls for a

legal conclusion concerning the concept of agency.  Lenders further object to this Interrogatory

because it seeks information protected by attorney-client privilege, the work-product doctrine, or

another applicable privilege, immunity, or protective doctrine.  Lenders further object to this Interrogatory because it seeks trade secrets or information that is confidential, proprietary, commercially sensitive, competitively significant, or personal information relating to Lenders, their affiliates, their members, their employees, or their clients, customers, or counterparties, or information that is subject to other privacy laws, protective orders, non-disclosure agreements or other confidentiality undertakings.

Subject to and without waiving these objections or the General Objections, Lenders state that they have no employees and that Lender is managed by KT Summit Development Manager LLC ("KT Summit") as the Class A Manager and Celona Asset Management (USA) Limited ("Celona") as the Class B Manager, while the Additional Lender is managed by Celona.  Lenders further state that Lender was previously managed by SMHG Village Development LLC (the "Borrower") as its sole managing member.

## INTERROGATORY NO. 4:

Identify each and every person who owns or ever has owned any equity interest, directly, or indirectly through one or more other persons, in Defendants or any of them, identifying specifically each and every natural person who is or ever has been an ultimate beneficial owner.

## RESPONSE TO INTERROGATORY NO. 4:

Lenders object to Interrogatory No. 4 as vague and ambiguous because the terms "equity interest" and "ultimate beneficial owner" are not defined.  Lenders further object to this Interrogatory as overbroad and unduly burdensome because it seeks the name of "each and every" person or entity.  Lenders further object to this Interrogatory as seeking information that is not relevant to any claim or defense of any party to the Action, is not reasonably calculated to lead to the discovery of evidence admissible in the Action, and is beyond the scope of permissible discovery in the Action.  Lenders further object to this Interrogatory because it seeks information protected by attorney-client privilege, the work-product doctrine, or another

applicable privilege, immunity, or protective doctrine.  Lenders further object to this Interrogatory because it seeks trade secrets or information that is confidential, proprietary, commercially sensitive, competitively significant, or personal information relating to Lenders, their affiliates, their employees, or clients, customers, or counterparties, or information that is subject to other privacy laws, protective orders, non-disclosure agreements or other confidentiality undertakings.

Subject to and without waiving these objections or the General Objections, Lenders state that Lender was previously 100% owned by the Borrower as its sole managing member, and is currently owned by KT Summit as to approximately 0.0004% and by 45 individual EB-5 immigrant investors as to approximately 2.2222% each in their capacity as Class B members.

**<u>INTERROGATORY NO. 5:</u>**

Identify each and every person who is or ever has been an agent of KT Summit, including managers, officers, employees, and any of its members.

**<u>RESPONSE TO INTERROGATORY NO. 5:</u>**

Lenders object to Interrogatory No. 5 as vague and ambiguous because the terms "agent" and "members" are not defined.  Lenders further object to this Interrogatory as overbroad and unduly burdensome because it seeks the name of "each and every" person or entity.  Lenders further object to this Interrogatory as seeking information that is not relevant to any claim or defense of any party to the Action, is not reasonably calculated to lead to the discovery of evidence admissible in the Action, and is beyond the scope of permissible discovery in the Action.  Lenders further object to this Interrogatory as it calls for a legal conclusion concerning the concept of agency.  Lenders further object to this Interrogatory because it seeks information protected by attorney-client privilege, the work-product doctrine, or any other applicable privilege, immunity, or protective doctrine.  Lenders further object to this Interrogatory because

it seeks trade secrets or information that is confidential, proprietary, commercially sensitive, competitively significant, or personal information relating to Lenders, their affiliates, their employees, or clients, customers, or counterparties, or information that is subject to other privacy laws, protective orders, non-disclosure agreements or other confidentiality undertakings.

Subject to and without waiving these objections or the General Objections, Lenders state that KT Summit is managed by KT Capital Group LLC ("KT Capital").

## INTERROGATORY NO. 6:

Identify each and every person who owns or ever has owned any equity interest, directly, or indirectly through one or more other persons, in KT Summit, identifying specifically each and every natural person who is or ever has been an ultimate beneficial owner.

## RESPONSE TO INTERROGATORY NO. 6:

Lenders object to Interrogatory No. 6 as vague and ambiguous because the terms "equity interest" and "ultimate beneficial owner" are not defined. Lenders further object to Interrogatory No. 6 as overbroad and unduly burdensome because it seeks the name of "each and every" person or entity. Lenders further object to this Interrogatory as seeking information that is not relevant to any claim or defense of any party to the Action, is not reasonably calculated to lead to the discovery of evidence admissible in the Action, and is beyond the scope of permissible discovery in the Action. Lenders further object to this Interrogatory because it seeks information protected by attorney-client privilege, the work-product doctrine, or another applicable privilege, immunity, or protective doctrine. Lenders further object to this Interrogatory because it seeks trade secrets or information that is confidential, proprietary, commercially sensitive, competitively significant, or personal information relating to Lenders, their affiliates, their employees, or clients, customers, or counterparties, or information that is subject to other privacy laws, protective orders, non-disclosure agreements or other confidentiality undertakings.

Subject to and without waiving these objections or the General Objections, Lenders state

that KT Summit is wholly owned by KT Capital and are willing to meet and confer regarding the appropriate scope of disclosure, if any, in further response to this Request.

## INTERROGATORY NO. 7:

Identify each and every person who is or ever has been an agent of Celona, including managers, officers, employees, and any of its members.

## RESPONSE TO INTERROGATORY NO. 7:

Lenders object to Interrogatory No. 7 as vague and ambiguous because the terms "agent" and "members" are not defined. Lenders further object to this Interrogatory as overbroad and unduly burdensome because it seeks the name of "each and every" person or entity. Lenders further object to this Interrogatory as seeking information that is not relevant to any claim or defense of any party to the Action, is not reasonably calculated to lead to the discovery of evidence admissible in the Action, and is beyond the scope of permissible discovery in the Action. Lenders further object to this Interrogatory as it calls for a legal conclusion concerning the concept of agency. Lenders further object to this Interrogatory because it seeks information protected by attorney-client privilege, the work-product doctrine, or any other applicable privileges, immunities, or protective doctrines. Lenders further object to this Interrogatory because it seeks trade secrets or information that is confidential, proprietary, commercially sensitive, competitively significant, or personal information relating to Lenders, their affiliates, their employees, or clients, customers, or counterparties, or information that is subject to other privacy laws, protective orders, non-disclosure agreements or other confidentiality undertakings.

Subject to and without waiving these objections or the General Objections, Lenders state that Max Huang is Celona's sole director and Jeffrey Cheung is Celona's Chief Operating Officer.

**INTERROGATORY NO. 8:**

Identify each and every person who owns or ever has owned any equity interest, directly, or indirectly through one or more other persons, in Celona, identifying specifically each and every natural person who is or ever has been an ultimate beneficial owner.

**RESPONSE TO INTERROGATORY NO. 8:**

Lenders object to Interrogatory No. 8 as vague and ambiguous because the terms "equity interest" and "ultimate beneficial owner" are not defined. Lenders further object to Interrogatory No. 6 as overbroad and unduly burdensome because it seeks the name of "each and every" person or entity. Lenders further object to this Interrogatory as seeking information that is not relevant to any claim or defense of any party to the Action, is not reasonably calculated to lead to the discovery of evidence admissible in the Action, and is beyond the scope of permissible discovery in the Action. Lenders further object to this Interrogatory because it seeks information protected by attorney-client privilege, the work-product doctrine, or another applicable privilege, immunity, or protective doctrine. Lenders further object to this Interrogatory because it seeks trade secrets or information that is confidential, proprietary, commercially sensitive, competitively significant, or personal information relating to Lenders, their affiliates, their employees, or clients, customers, or counterparties, or information that is subject to other privacy laws, protective orders, non-disclosure agreements or other confidentiality undertakings.

Subject to and without waiving these objections or the General Objections, Lenders are willing to meet and confer regarding the appropriate scope of disclosure, if any, in response to this Request.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Produce copies of each and every document that reflects your organization and structure, including but not limited to any certificates or articles of organization, operating agreements, resolutions, minutes, actions in lieu of meeting, statements of authority, and other corporate

governance documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Lenders object to Request No. 1 as overbroad and unduly burdensome, including because the Request seeks "each and every" document when a subset of materials will be sufficient to understand the structure of the relevant entities.  Lenders further object to this Request because it seeks documents and information that is not relevant to any claim or defense of any party to the Action, is not reasonably calculated to lead to the discovery of evidence admissible in the Action, and is beyond the scope of permissible discovery in the Action.  Lenders further object to this Request because it seeks trade secrets or information that is confidential, proprietary, commercially sensitive, competitively significant, or personal information relating to Lenders, their affiliates, their employees, or clients, customers, or counterparties, or information that is subject to other privacy laws, protective orders, non-disclosure agreements or other confidentiality undertakings.  Lenders further object to this Request because it seems to seek information protected by attorney-client privilege, the work-product doctrine, or another applicable privilege, immunity, or protective doctrine.  Lenders further object to this Request to the extent it seeks to require Lenders to create new documents.

Subject to and without waiving these objections or any of the General Objections, Lenders will produce non-privileged documents, if any, in its custody, possession, and control sufficient to show Lender's corporate organization and structure.

**REQUEST FOR PRODUCTION NO. 2:**

Produce copies of each and every document that reflects materials you used as part of your marketing efforts relating to the Loan, including but not limited to any private placement memoranda and brochures.

**RESPONSE TO REQUEST NO. 2:**

Lenders object to Request No. 2 as overbroad and unduly burdensome.  Lenders further

object to this Request as vague and ambiguous because the terms "marketing efforts" and "private placement memoranda" are not defined. Lenders further object to this Request because it seeks documents and information that is not relevant to any claim or defense of any party to the Action, is not reasonably calculated to lead to the discovery of evidence admissible in the Action, and is beyond the scope of permissible discovery in the Action. Lenders further object to this Request because it seeks trade secrets or information that is confidential, proprietary, commercially sensitive, competitively significant, or personal information relating to Lenders, their affiliates, their employees, or clients, customers, or counterparties, or information that is subject to other privacy laws, protective orders, non-disclosure agreements or other confidentiality undertakings. Lenders further object to this Request because it seeks documents already in Guarantor's custody, possession, or control.

Subject to and without waiving these objections or any of the General Objections, Lender will produce non-privileged documents, if any, in its custody, possession, and control concerning the marketing of the Loan to potential investors.

**REQUEST FOR PRODUCTION NO. 3:**

Produce copies of each and every document that you allege constitutes notice under Section 3.4 of the Loan Agreement.

**RESPONSE TO REQUEST NO. 3:**

Lenders object to Request No. 3 as vague and ambiguous because the term "notice" is undefined and calls for a legal conclusion. Lenders further object to this Request because it seems to seek information protected by attorney-client privilege, the work-product doctrine, or another applicable privilege, immunity, or protective doctrine. Lenders further object to this Request because it seeks documents already in Guarantor's custody, possession, or control.

Subject to and without waiving these objections or any of the General Objections,

Lenders will produce non-privileged documents, if any, in their custody, possession, and control responsive to this Request.

## REQUEST FOR PRODUCTION NO. 4:

Produce copies of each and every document that reflects or evidences in any way, in whole or in part, your relationship with Tang, Shing, Zou, KT Capital Group, Cottonwood, or Henry Global.

## RESPONSE TO REQUEST NO. 4:

Lenders object to Request for Production No. 4 as vague, overbroad, and unduly burdensome due to, among other things, its use of the term "relationship," and the demand for "each and every" document when a subset of materials will be sufficient to understand the relationship between the named parties.   Lenders further object to Request for Production No. 4 because it seeks documents and information that is not relevant to the Project or to any claim or defense of any party to the Action, is not reasonably calculated to lead to the discovery of evidence admissible in the Action, and is beyond the scope of permissible discovery in the Action.  Lenders further object to this Request because it seeks information protected by attorney-client privilege, the work-product doctrine, or another applicable privilege, immunity, or protective doctrine.

Subject to and without waiving these objections or any of the General Objections, Lender will produce non-privileged documents, if any, in its custody, possession, and control sufficient to show Lenders' contractual relationship, if any, with Tang Tang, Alex Shing, KT Capital, Cottonwood Group (with Cottonwood Management LLC, "Cottonwood"), Henry Global, and Henry Zou with respect to the Loan, the Village, and the Development.

## REQUEST FOR PRODUCTION NO. 5:

Produce copies of each and every document that reflects or evidences in any way communications between you and AIG.

**RESPONSE TO REQUEST NO. 5:**

Lenders object to Request for Production No. 5 as vague, overbroad, and unduly burdensome.  Lenders further object to this Request because it seeks documents and information that are not relevant to the Project or to any claim or defense of any party to the Action, is not reasonably calculated to lead to the discovery of evidence admissible in the Action, and is beyond the scope of permissible discovery in the Action.  Lenders further object to this Request because it seems to seek information protected by attorney-client privilege, the work-product doctrine, or another applicable privilege, immunity, or protective doctrine.

Subject to and without waiving these objections or any of the General Objections, Lender will produce any non-privileged documents, if any, in their custody, possession, and control responsive to this Request with respect to the Loan, the Village, and the Development.

**REQUEST FOR PRODUCTION NO. 6:**

Produce copies of each and every document that reflects or evidences in any way, in whole or in part, your relationship with any affiliates.

**RESPONSE TO REQUEST NO. 6:**

Lenders object to Request for Production No. 6 as vague, overbroad, and unduly burdensome, including due to its use of the term "affiliate," and the demand for "each and every" document when a subset of materials will be sufficient to understand the relationship between any entities.  Lenders further object to this Request because it seeks documents and information that is not relevant to any claim or defense of any party to the Action, is not reasonably calculated to lead to the discovery of evidence admissible in the Action, and is beyond the scope of permissible discovery in the Action.  Lenders further object to this Request because it seeks information protected by attorney-client privilege, the work-product doctrine, or another applicable privilege, immunity, or protective doctrine.

Subject to and without waiving these objections or any of the General Objections, Lenders are willing to meet and confer to discuss the appropriate scope of disclosure, if any, responsive to this Request.

## REQUESTS FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1:

Admit that the document Plaintiff produced in this action bearing the Bates numbers SMHG002872-002979 is a true and correct copy of the Original Loan Agreement.

### RESPONSE:

Admitted.

### REQUEST FOR ADMISSION NO. 2:

Admit that the document Plaintiff produced in this action bearing the Bates numbers SMHG002841-002847 is a true and correct copy of the First Amendment.

### RESPONSE:

Admitted.

### REQUEST FOR ADMISSION NO. 3:

Admit that the document Plaintiff produced in this action bearing the Bates numbers SMHG002856-002863 is a true and correct copy of the Second Amendment.

### RESPONSE:

Admitted.

### REQUEST FOR ADMISSION NO. 4:

Admit that the document Plaintiff produced in this action bearing the Bates numbers SMHG002820-002828 is a true and correct copy of the Third Amendment.

### RESPONSE:

Admitted.

### REQUEST FOR ADMISSION NO. 5:

Admit that the document Plaintiff produced in this action bearing the Bates numbers SMHG002848-002855 is a true and correct copy of the Fourth Amendment.

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 6:**

Admit that the document Plaintiff produced in this action bearing the Bates numbers SMHG002829-002840 is a true and correct copy of the Fifth Amendment.

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 7:**

Admit that the Original Loan Agreement has not been modified except by the First Amendment, the Second Amendment, the Third Amendment, the Fourth Amendment, and the Fifth Amendment.

**RESPONSE:**

Lenders object to Request for Admission No. 7 as vague and ambiguous, including because the term "modified" is not defined.

Subject to and without waiving this objection and the General Objections, Lenders deny this Request.

**REQUEST FOR ADMISSION NO. 8:**

Admit that the document Plaintiff produced in this action bearing the Bates numbers SMHG002864-002871 is a true and correct copy of the Equity Requirement Guaranty.

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Tang either was or acted as your agent at one or more times in the past either directly, or indirectly through one or more other persons.

**RESPONSE:**

Lenders object to Request for Admission No. 9 as vague and ambiguous, including because the term "agent" is not defined.  Lenders further object to this Request because it seeks

an improper admission of a legal conclusion, in violation of FRCP Rule 36(a)(1)(A).  Lenders

further object to this Request as seeking admission of matters that are not within Lenders'

knowledge but are completely within the knowledge of third parties.

Subject to and without waiving these objections and the General Objections, Lenders

deny this Request.

## REQUEST FOR ADMISSION NO. 10:

Admit that Shing either was or acted as your agent at one or more times in the past either
directly, or indirectly through one or more other persons.

## RESPONSE:

Lenders object to Request for Admission No. 10 as vague and ambiguous, including

because the term "agent" is not defined.  Lenders further object to this Request because it seeks

an improper admission of a legal conclusion, in violation of FRCP Rule 36(a)(1)(A).  Lenders

further object to this Request because it seeks admission on matters that are not relevant to any

claim or defense of any party to the Action.

Subject to and without waiving these objections and the General Objections, Lenders

deny this Request.

## REQUEST FOR ADMISSION NO. 11:

Admit that funds you loaned to the Borrower were sourced by one or more of Tang,
Shing, Zou, KT Capital Group, Cottonwood, or Henry Global.

## RESPONSE:

Lenders object to Request for Admission No. 11 as vague and ambiguous, including

because the term "sourced" is not defined.  Lenders further object to this Request as failing to

separately state each of the matters on which an admission is requested as required by FRCP

Rule 36(a)(2).  Lenders further object to this Request because it seeks admission on matters that

are not relevant to any claim or defense of any party to the Action.  Lenders further object to this

Request as improperly attempting to shift the burden of proof onto Lenders by seeking admission of matters that are not within Lenders' knowledge but are within the knowledge of third parties.

Subject to and without waiving the foregoing objections and the General Objections, Lenders deny this Request as to Tang Tang, Alex Shing, KT Capital, and Cottonwood, and state that Lenders can neither admit nor deny this Request with respect to the actions of third parties Henry Global and Henry Zou.

## REQUEST FOR ADMISSION NO. 12:

Admit that the Lender was formed as an entity for the limited purpose of loaning to the Borrower funds sourced by one or more of Tang, Shing, Zou, KT Capital Group, Cottonwood, or Henry Global.

## RESPONSE:

Lenders object to Request for Admission No. 12 as vague and ambiguous, including because the term "sourced" is not defined. Lenders further object to this Request as failing to separately state each of the matters on which an admission is requested as required by FRCP Rule 36(a)(2). Lenders further object to this Request because it seeks admission of matters that are not relevant to any claim or defense of any party to the Action. Lenders further object to this Request as improperly attempting to shift the burden of proof onto Lenders by seeking admission of matters that are not within Lenders' knowledge but are completely within the knowledge of third parties.

Subject to and without waiving these objections and the General Objections, Lenders can neither admit nor deny this Request because Lender was formed by the Borrower.

## REQUEST FOR ADMISSION NO. 13:

Admit that the Lender has not conducted any business other than loaning to the Borrower funds sourced by one or more of Tang, Shing, Zou, KT Capital Group, Cottonwood, or Henry Global.

**RESPONSE:**

Lenders object to Request for Admission No. 13 as vague and ambiguous, including because the term "sourced" is not defined. Lenders further object to this Request as failing to separately state each of the matters on which an admission is requested as required by FRCP Rule 36(a)(2). Lenders further object to this Request because it seeks admission of matters that are not relevant to any claim or defense of any party to the Action. Lenders further object to this Request as improperly attempting to shift the burden of proof onto Lenders by seeking admission of matters that are not within Lenders' knowledge but are completely within the knowledge of third parties.

Subject to and without waiving these objections and the General Objections, Lenders deny this Request.

**REQUEST FOR ADMISSION NO. 14:**

Admit that you never provided the Borrower with notice under Section 3.4 of the Loan Agreement.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 15:**

Admit that you never provided the Borrower with notice under Section 3.4 of the Loan Agreement in accord with the Loan Agreement's provisions regarding notice.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 16:**

Admit that funds sourced by one or more of Tang, Shing, Zou, KT Capital Group, Cottonwood, or Henry Global, with the help of Plaintiff and/or the Borrower, were provided to persons other than Defendants.

**RESPONSE:**

Lenders object to Request for Admission No. 16 because it is incomprehensible. Lenders further object to this Request as failing to separately state each of the matters on which an admission is requested as required by FRCP Rule 36(a)(2). Lenders further object to this Request because it seeks admission on matters that are not relevant to any claim or defense of any party to the Action. Lenders further object to this Request for Admission as vague and ambiguous because the terms "sourced," "help," and "provided to" are not defined. Lenders further object to this Request as improperly attempting to shift the burden of proof onto Lenders by seeking admission of matters that are not within Lenders' knowledge but are completely within the knowledge of third parties.

Subject to and without waiving these objections and the General Objections, Lenders deny this Request.

**REQUEST FOR ADMISSION NO. 17:**

Admit that funds sourced by one or more of Tang, Shing, Zou, KT Capital Group, Cottonwood, or Henry Global, with the help of Plaintiff and/or the Borrower, were invested through the EB-5 Program in developments other than the Development or the Village.

**RESPONSE:**

Lenders object to Request for Admission No. 17 because it is incomprehensible. Lenders further object to this Request as failing to separately state each of the matters on which an admission is requested as required by FRCP Rule 36(a)(2). Lenders further object to this Request because it seeks admission on matters that are not relevant to any claim or defense of any party to the Action. Lenders further object to this Request for Admission as vague and ambiguous because the terms "sourced" and "help" are not defined. Lenders further object to this Request because it seeks an improper admission of a legal conclusion, in violation of FRCP Rule 36(a)(1)(A). Lenders further object to this Request as improperly attempting to shift the

burden of proof onto Lenders by seeking admission of matters that are not within Lenders'

knowledge but are completely within the knowledge of third parties.

Subject to and without waiving these objections and the General Objections, Lenders

deny this Request.

**REQUEST FOR ADMISSION NO. 18:**

Admit that federal regulations and/or case law regarding the EB-5 Program require that capital invested pursuant to the EB-5 Program be always "at risk."

**RESPONSE:**

Lenders object to Request for Admission No. 18 because it seeks an improper admission

of a legal conclusion, in violation of FRCP Rule 36(a)(1)(A).

Subject to and without waiving this objection and the General Objections, Lenders deny

this Request.

**REQUEST FOR ADMISSION NO. 19:**

Admit that failure to keep capital invested pursuant to the EB-5 Program "at risk" can be grounds for revoking any visas issued in connection with that investment.

**RESPONSE:**

Lenders object to Request for Admission No. 19 because it seeks an improper admission

of a legal conclusion, in violation of FRCP Rule 36(a)(1)(A).

Subject to and without waiving this objection and the General Objections, Lenders deny

this Request.

**REQUEST FOR ADMISSION NO. 20:**

Admit that your asserted construction of Plaintiff's obligations under the Equity Requirement Guaranty reduces the risk to Defendants.

**RESPONSE:**

Lenders object to Request for Admission No. 20 because it seeks an improper admission

of a legal conclusion, in violation of FRCP Rule 36(a)(1)(A).  Lenders further object to this

Request as vague and ambiguous, including because the term "risk" is not defined.

Subject to and without waiving these objections and the General Objections, Lenders

deny this Request.

**REQUEST FOR ADMISSION NO. 21:**

Admit that Celona was not involved in the parties' negotiations of the Original Loan
Agreement or the Original Equity Requirement Guaranty.

**RESPONSE:**

Denied.

Date: March 28, 2022.                              By:

                                                      _/s/ Uri A. Itkin_

                                                   SNELL & WILLMER L.L.P.

                                                   Matthew L. Lalli
                                                   Jeremy J. Stewart
                                                   Aline Marie H. Longstaff

                                                   -and-

                                                   KASOWITZ BENSON TORRES LLP

                                                   Uri A. Itkin
                                                   Jordan D. Beltz
                                                   Andrew W. Breland

                                                   *Attorneys for Defendants*