# EXHIBIT 11

# WAIVER AND RELEASE AGREEMENT

This WAIVER AND RELEASE AGREEMENT (the "**Agreement**") is made and dated effective as of the 20th day of June, 2016, by and among, SMHG Village Development LLC, a Delaware limited liability company ("**Development**"), Summit Mountain Holding Group, L.L.C., a Utah limited liability company ("**SMHG**"), and Summit Village Development Lender 1, LLC, a Delaware limited liability company ("**Lender**").

WHEREAS, American Immigration Group, LLC, a Florida limited liability company ("**AIG**"), and SMHG executed that certain Term Sheet dated on or about December 3, 2014, and that certain Amended and Restated Term Sheet dated on or about July 29, 2015 (the "**AIG LOI**"), to arrange financing pursuant to the EB-5 immigrant investor visa program ("**EB-5 Financing**") for SMHG's development project known as Summit Powder Mountain Resort located in Eden, Utah (the "**Project**");

WHEREAS, SMHG subsequently entered into discussions regarding EB-5 Financing for the Project with one or more of the following: KT Capital Group, LLC, a Washington limited liability company ("**KT**"), Cottonwood Management, LLC, a Delaware limited liability company ("**Cottonwood**"), Goldstone Consulting Limited, a company incorporated under the laws of the Hong Kong Special Administrative Region of the People's Republic of China ("**Goldstone**"), and Henry Global Consulting Group ("**Henry**");

WHEREAS, on September 2, 2015, KT, Goldstone, SMHG and Development entered into a Letter of Intent to arrange EB-5 financing for the Project (the "**KT LOI**");

WHEREAS, the KT LOI contains the terms and conditions for making a loan to finance a part of the Project (the "**Loan**") pursuant to a contemplated loan agreement between Lender and Development (the "**Loan Agreement**");

WHEREAS, the KT LOI further contains terms relating to the payment of a fee by Development to AIG in relation to the AIG LOI (the "**AIG Fee**");

WHEREAS, Development and SMHG have represented to Lender that they are engaged in ongoing discussions regarding the AIG Fee, that no agreement among Development, SMHG and AIG has been entered into as of the date hereof, and that Development and SMHG dispute and deny any and all claims asserted and/or alleged by AIG against Development and/or SMHG and have expressly reserved all rights and defenses in respect thereof;

WHEREAS, by letter dated April 17, 2016 (the "**AIG Letter**"), AIG demanded that SMHG, Development, KT, Goldstone and Lender acknowledge their obligation and willingness to pay the AIG Fee as it becomes due and asserted nonspecific claims regarding enforcement of the KT LOI and breach and interference with the AIG LOI. Each of the EB-5 Lender Released Parties (as defined in Section 2) disputes and denies any and all claims asserted and/or alleged against the EB-5 Lender Released Parties, and hereby expressly reserves all rights and defenses in respect thereof;

WHEREAS, Development and SMHG have represented to Lender that Development, AIG and SMHG have entered into a certain Agreement, dated as of June 20, 2016 (the "**Summit-AIG Agreement**") regarding, among other matters, the Escrow Provisions (as defined herein) and agreeing to resolve their disputes relating to the AIG Fee and the AIG LOI through settlement or arbitration at a later date without delaying the Loan;

97125141

CONFIDENTIAL INFORMATION                                                                                          SMHG082135

WHEREAS, Lender is not a party to or third party beneficiary of the Summit-AIG Agreement and the provisions of the Summit-AIG Agreement are not binding on Lender and are enforceable by AIG only against Development and SMHG;

WHEREAS, Lender, AIG and Development have executed that certain Waiver and Release Agreement dated effective as of June 20, 2016 (the "**AIG Waiver**"), whereby AIG agreed to waive and release any and all claims against the EB-5 Lender Released Parties in respect of the Project, the AIG LOI, the KT LOI and/or the AIG Fee in consideration of Lender's willingness, if it elects in its sole discretion to enter into the Loan Agreement, to provide in the Loan Agreement certain escrow provisions (the "**Escrow Provisions**"), including, among other things, the establishment of an escrow account (the "**Escrow Account**") in the name of Development but pledged to Lender and subject to a deposit account control agreement ("**DACA**");

WHEREAS, pursuant to the AIG Waiver, Lender will permit the release of the funds in the Escrow Account by the account holder to the appropriate parties in accordance with the terms and conditions of a written agreement executed, if at all, by both Development and AIG (the "**Settlement Agreement**"); and

WHEREAS, in consideration of Lender's willingness to execute the AIG Waiver, SMHG and Development, for and on behalf of themselves and each of the SMHG Parties (as defined in Section 1), hereby agree to waive and release any and all claims against the EB-5 Lender Released Parties in respect of the Project, the AIG LOI, the KT LOI and/or the AIG Fee (but not to any claims arising out of this Agreement).

NOW THEREFORE, in consideration of the covenants of the parties hereinafter expressed, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Acknowledgement.</u>  SMHG and Development, on behalf of themselves and their heirs, successors, assigns, agents, and any other individuals or entities claiming by or through any of them (collectively, the "**SMHG Parties**") hereby acknowledge and agree that none of the EB-5 Lender Released Parties is in any way liable to any of the SMHG Parties, and none of the SMHG Parties in anyway has a claim against any of the EB-5 Lender Released Parties, in respect of the Project, the AIG LOI, the KT LOI and/or the AIG Fee (but excluding claims arising from this Agreement).

2. <u>Release.</u>  In consideration of Lender's willingness to execute the AIG Waiver, SMHG and Development, on behalf of the SMHG Parties, hereby waive, release and forever discharge and hold harmless Lender, KT, Cottonwood, Goldstone and Henry, each of their owners, general or limited partners, directors, shareholders, employees, officers, successors, executors, assigns, affiliated parent and subsidiary companies, agents and contractors, or any other individuals or entities claiming by or through any of them (collectively, the "**EB-5 Lender Released Parties**"), from and against any and all manner of claims, liabilities, demands, actions, causes of action, debts, accounts, bonds, covenants, agreements, liens, judgments and/or suits, whether known or unknown, suspected or unsuspected, which the SMHG Parties had, have, may have, may have had, or may in the future have against the EB-5 Lender Released Parties, or any of them, which arise out of, are connected with, or relate in any way to the AIG LOI, the KT LOI, the AIG Fee, the Project, the Loan and/or the Loan Agreement (but excluding any claims under this Agreement) (the "**Released Claims**").  SMHG and Development, on behalf of themselves and each of the SMHG Parties, hereby further unconditionally and irrevocably undertake not to, and shall cause their affiliates not to, make any claim, demand, right of action or counterclaim or bring any action, legal proceedings or claim in any jurisdiction, whether now or in the future, against any of the EB-5 Lender Released Parties in respect of the Released Claims or any part thereof.

97125141

CONFIDENTIAL INFORMATION                                                                              SMHG082136

3.  **No Further Obligations.**  SMHG and Development, on behalf of themselves and each of the SMHG Parties, expressly stipulate and agree that none of the EB-5 Lender Released Parties has any obligation or liability whatsoever to any of the SMHG Parties.

4.  **Indemnity.**  SMHG and Development, jointly and severally, hereby agrees to save, defend, indemnify and hold the EB-5 Lender Released Parties harmless from and against any and all damages, claims or demands:  (i) relative to the Released Claims; (ii) of third parties claiming any right or entitlement to compensation relative to the Released Claims; and (iii) relative to the Settlement Agreement.

5.  **Confidentiality.**  SMHG and Development, on behalf of themselves and each of the SMHG Parties, covenant and agree to not disclose or cause to be disclosed the substance, terms or conditions of this Agreement, the Loan Agreement and/or DACA to any third party, except that SMHG and Development may disclose the terms and conditions of this Agreement, the Escrow Provisions and/or DACA:  (i) to its attorneys and tax advisors; (ii) to AIG, or (iii) if compelled to do so by a court of competent jurisdiction.  Lender, on behalf of itself and each of the EB-5 Lender Released Parties, covenants and agrees to not disclose or cause to be disclosed the substance, terms or conditions of this Agreement to any third party, except that EB-5 Lender Released Parties may disclose the terms and conditions of this Agreement:  (i) to its attorneys and tax advisors; (ii) to AIG, (iii) to its investors, (iv) to the depository institution or other escrow agent holding the Escrow Account, (v) if required by applicable laws, or (vi) if compelled to do so by a court of competent jurisdiction.

6.  **Entire Agreement.** This Agreement constitutes the entire agreement between Lender, SMHG and Development relative to the matters recited herein and supersedes all prior discussions, negotiations and agreements, whether oral or written. No amendment or alteration of this Agreement shall be valid or binding unless made in writing and signed by Lender, SMHG and Development.

7.  **Binding Agreement; Third Party Beneficiaries.** Each party represents and warrants that it has full authority to execute this Agreement (including without limitation, SMHG and Development having the full authority from each of the SMHG Parties and Lender having the full authority from each of the EB-5 Lender Released Parties) which, upon full execution, shall be a binding obligation duly enforceable against such party in accordance with its terms. The parties agree that this Agreement is binding upon the undersigned and their respective officers, directors, agents, employees, representatives, heirs, administrators, successors and assigns.  Each of the EB-5 Lender Released Parties and SMHG Parties is a third party beneficiary of this Agreement with full rights to enforce this Agreement; provided however, neither SMHG, Development nor any of the SMHG Parties is a third party beneficiary of the Loan Agreement or any of the other documents evidencing, securing or guaranteeing the Loan nor shall any of the SMHG Parties have any rights to enforce the Loan Agreement or such other Loan documents.

8.  **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. A facsimile, or PDF, of an original signature shall be deemed to constitute an original signature.

9.  **GOVERNING LAW.**  THIS AGREEMENT AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES HEREUNDER SHALL IN ALL RESPECTS BE GOVERNED BY, AND CONSTRUED AND ENFORCED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK (WITHOUT GIVING EFFECT TO NEW YORK'S PRINCIPLES OF CONFLICTS OF LAW).  AIG, DEVELOPMENT AND LENDER HEREBY IRREVOCABLY (I) SUBMIT TO THE NON-EXCLUSIVE JURISDICTION OF ANY STATE OR FEDERAL COURT SITTING IN NEW YORK COUNTY, NEW YORK OVER ANY SUIT, ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT, (II) WAIVE ANY

OBJECTION WHICH IT MAY HAVE AT ANY TIME TO THE LAYING OF VENUE OF ANY ACTION OR PROCEEDING BROUGHT IN ANY SUCH COURT, (III) WAIVE ANY CLAIM THAT SUCH PROCEEDINGS OR ACTIONS HAVE BEEN BROUGHT IN AN INCONVENIENT FORUM AND (IV) WAIVE THE RIGHT TO OBJECT, WITH RESPECT TO SUCH ACTION OR PROCEEDING, THAT SUCH COURT DOES NOT HAVE JURISDICTION OVER SUCH PARTY. LENDER, DEVELOPMENT AND AIG HEREBY AGREE AND CONSENT THAT, IN ADDITION TO ANY METHODS OF SERVICE OF PROCESS PROVIDED FOR UNDER APPLICABLE LAW, ALL SERVICE OF PROCESS IN ANY SUCH SUIT, ACTION OR PROCEEDING IN ANY STATE OR FEDERAL COURT SITTING IN NEW YORK COUNTY, NEW YORK MAY BE MADE BY CERTIFIED OR REGISTERED MAIL, RETURN RECEIPT REQUESTED, DIRECTED TO LENDER, DEVELOPMENT OR AIG, AS APPLICABLE AT THE ADDRESS FOR NOTICES PROVIDED HEREIN, AND SERVICE SO MADE SHALL BE COMPLETE SEVEN (7) DAYS AFTER THE SAME SHALL HAVE BEEN SO MAILED.

10. **WAIVER OF JURY TRIAL**. **EACH OF SMHG, DEVELOPMENT AND LENDER HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES ANY RIGHTS THAT IT MAY HAVE TO A TRIAL BY JURY IN ANY LITIGATION ARISING IN ANY WAY IN CONNECTION WITH THIS AGREEMENT OR ANY OTHER STATEMENTS OR ACTIONS OF LENDER. AIG AND DEVELOPMENT ACKNOWLEDGE THAT THIS WAIVER IS A MATERIAL INDUCEMENT FOR LENDER TO ENTER INTO THIS AGREEMENT.**

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

97125141

CONFIDENTIAL INFORMATION                                         SMHG082138

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first above written.

**Lender**         **Summit Village Development Lender 1, LLC,**
a Delaware limited liability company

By:    Celona Asset Management (USA) Limited, its Class B Manager

By: *[signature]*
Name: Max Huang
Title: Authorized Signatory

<u>Address for Notices</u>:

2207-09, Tower, Two, Lippo Centre
89 Queensway, Admiralty, Hong Kong
Facsimile Number: (852) 2530-8100
Electronic Mail Address: boffice@celonacapital.com

With a copy to:

Dentons US LLP
One Metropolitan Square, Suite 3000
St. Louis, Missouri 63102
Attn: Jennifer A. Marler
Facsimile Number: (314) 259-5959
Electronic Mail Address: jennifer.marler@dentons.com

Signature Page to Waiver and Release Agreement

97125141

CONFIDENTIAL INFORMATION      SMHG082139

SMHG:    Summit Mountain Holding Group, L.L.C.,
         a Utah limited liability company

         By: _____
         Name:    Jeff Werbelow
         Title:   Chief Operations Officer


         <u>Address for Notices</u>:

         3923 N. Wolf Creek Drive
         Eden, Utah 84310

         With a copy to:

         _____
         _____
         _____
         Attention:_____

Signature Page to Waiver and Release Agreement

97125141

CONFIDENTIAL INFORMATION                                SMHG082140

Development:      SMHG Village Development LLC,
                  a Delaware limited liability company

                  By:   SMHG Investments LLC,
                        a Delaware limited liability company
                        Its: Sole Member

                  By: _____/s/ Jeff Werbelow_____
                  Name:  Jeff Werbelow
                  Title: Chief Operations Officer


                  Address for Notices:

                  c/o Summit Mountain Holding Group, L.L.C.
                  3923 N. Wolf Creek Drive
                  Eden, Utah 84310

                  With a copy to:

                  _____
                  _____

                  Attention:_____

Signature Page to Waiver and Release Agreement

97125141

CONFIDENTIAL INFORMATION