# EXHIBIT 24

**SUMMIT VILLAGE DEVELOPMENT LENDER 1, LLC**
**GRAND CANYON DEVELOPMENT HOLDINGS 3 LLC**
c/o Celona Asset Management (USA) Limited
Unit 503, Lippo Centre Tower 2,
89 Queensway, Admiralty
Hong Kong SAR

November 2, 2020

**VIA EMAIL AND FIRST CLASS MAIL**
SMHG VILLAGE DEVELOPMENT LLC, Borrower
c/o Summit Mountain Holding Group, LLC
Attention: Gregory Mauro and Elliott Bisnow
3923 N. Wolf Creek Drive
Eden, Utah 84310

SUMMIT MOUNTAIN HOLDING GROUP, LLC
SUMMIT REVOLUTION, LLC
Guarantors and Indemnitor
3923 N. Wolf Creek Drive
Eden, Utah 84310

**PRE-NEGOTIATION AGREEMENT**

Re:  Borrower Name:  SMHG VILLAGE DEVELOPMENT LLC ("Borrower")
Property:   Certain Portions of the Summit Village Project, Weber County, Utah ("Property")
Loan Description: That certain Loan Agreement, dated as of June 28, 2016, as amended pursuant to the First Amendment to Loan Agreement, etc., dated as of September 23, 2016, and the Second Amendment to Loan Agreement, etc., dated as of October 31, 2017, as further amended by Borrower, Lenders, and Additional Lender pursuant to the Third Amendment to Loan Agreement, etc., dated as of March 2, 2018, and the Fourth Amendment to Loan Agreement, etc., dated as of May 24, 2018, and the Fifth Amendment to Loan Agreement, etc., dated as of January 31, 2019 (as so amended, and together with any other amendments, modifications, etc. (the "Loan Agreement"), whereby Lenders have agreed to make available secured loans (the "Mortgage Loan") to Borrower up to the aggregate principal amount of $120,000,000.00, evidenced by the Notes.  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Loan Agreement.

Dear Borrower, Guarantors, and Indemnitor:

CONFIDENTIAL INFORMATION                                                                                            SMHG161868

SMHG Village Development LLC et al
November 2, 2020
Page 2

Summit Village Development Lender 1, LLC and Grand Canyon Development Holdings 3 LLC (the "Lenders"), are the current owners and holders of the above-referenced Mortgage Loan evidenced, secured and governed by various documents (the "Loan Documents") including, but not limited to, those described in Exhibit A hereto and made with respect to the above-referenced Property.  The Loan Documents were extensively modified on multiple occasions as referenced above.

Borrowers, Guarantors and Indemnitors (the "Borrower Parties") have requested that Lenders enter into discussions with the Borrower Parties concerning a potential restructuring transaction ("Discussions").  In consideration of the Borrower Parties' undertakings set forth in this letter agreement, Lenders are willing to enter into Discussions with the Borrower Parties.  Accordingly, Lenders and the Borrower Parties hereby agree as follows:

     1.     Expression of Intent:  The conduct by and communications among the parties, shall not constitute offers, acceptance, contracts, or courses of dealing and no party to this letter will be bound by, and no liabilities will arise from, any statement, oral agreement, draft document, term sheet, letter or anything else prepared or communicated as part of the Discussions, unless and until any such Discussions are reduced to a written agreement fully executed and delivered by Lenders and the Borrower Parties.  Furthermore, this letter agreement may be amended only by a written amendment, fully executed and delivered by all the parties hereto.  Because the Discussions may not result in such an executed and delivered agreement, no party should rely upon any such statements, oral agreements, draft documents, term sheets, letters or other items (except for such an executed and delivered agreement) made or prepared during the Discussions by, for example, passing up other attractive and permissible alternatives to an extension of the Loan, or otherwise. The Borrower Parties acknowledges and agrees that no fiduciary or special relationship with Lenders or are created by this letter agreement or the participation of Lenders in any of the Discussions herein contemplated.

     2.     Discussions:  Any party may terminate the Discussions at any time for any or no reason whatsoever without obligation or liability to any other party.

     3.     Loan Documents Unaffected by Discussions.  Notwithstanding any other provision of this letter, or any claim of any party to the contrary, the Loan Documents are and shall remain unmodified (except as previously formally modified in writing pursuant to modification documents signed by Lenders or any predecessor-in-interest) unless and until a written document is fully executed and delivered by both Lenders and the Borrower Parties and then shall be deemed modified only to the extent specifically delineated in such written document.

CONFIDENTIAL INFORMATION

SMHG Village Development LLC et al
November 2, 2020
Page 3

      4.    <u>No Waiver</u>:  No failure or delay by Lenders to exercise any of its remedies, no acceptance of any payments (in whole or in part), no portion of the Discussions (whether any of the foregoing are before or after the date of this letter), and no provision of this letter will amend, modify, supplement, extend, delay, renew, terminate, waive, release or otherwise limit or prejudice (i) any defaults arising under the Loan Documents or as a matter of law, (ii) Lenders' rights and remedies arising under the Loan Documents or as a matter of law (including, but not limited to, its right to receive full payment or interest and principal as well as late charges, default interest, attorneys' fees and expenses, and other charges to the extent provided in the Loan Documents), all of which rights and remedies are expressly reserved by Lenders, and (iii) the obligations of the Borrower Parties under the Loan Documents, except to the extent expressly set forth in a written agreement fully executed and delivered by both Lenders and the Borrower Parties.  In particular, nothing referred to above shall operate to (a) waive or cure, whether or not material, any default now existing or hereafter arising under any of the Loan Documents or under applicable law, (b) prohibit, restrict or otherwise inhibit Lenders from exercising any right or remedy it may have under the Loan Documents whether before, during or after the Discussions (provided, for the avoidance of doubt, that full payment of a monetary default (or full cure of any non-monetary default) made prior to the expiration of any applicable grace or cure period and in accordance with the Loan Documents will constitute a cure of such default) or (c) extend any applicable reinstatement or redemption period.  Without limiting the generality of the foregoing, none of the execution, delivery, negotiation pursuant to, or other consummation of, this letter agreement shall constitute the commencement of an action such as to render operative any jurisdiction's "single action" or "one action" rule.

      5.    <u>No Default by Lenders</u>.  The Borrower Parties each hereby acknowledge and agree that there are no defaults by Lenders or its members, managers, or any servicer or service provider, or its predecessors-in-interest, if any (collectively, the "<u>Lender Parties</u>"), under or in connection with the Loan or any of the Loan Documents.

      6.    <u>No Claim Against the Lender Parties</u>.  The Borrower Parties represent that after conducting a thorough investigation and diligent inquiry that they are presently unaware of any claims they might hold against the Lender Parties, including, but not limited to, setoff, estoppel, waiver, cancellation of instruments, rescission or excuse of performance under or in connection with the Loan or any of the Loan Documents, and no claims against any other party that could be asserted by any of the Borrower Parties to reduce or eliminate all or any part of Co-Borrowers' or Guarantors' obligations under the Loan Documents.

      7.    <u>No Forbearance</u>.  Lenders shall not have any obligation to refrain during the Discussions from exercising any of their rights and remedies under the Loan Documents that exist by virtue of any Event of Default under the Loan Documents existing on the date hereof.

CONFIDENTIAL INFORMATION      SMHG161870

SMHG Village Development LLC et al
November 2, 2020
Page 4

    8.    <u>Borrower Cooperation</u>.  Upon reasonable notice, the Borrower Parties will provide Lenders and their agents and representatives with reasonable access to the Property in order to allow Lenders to conduct commercially reasonable environmental site assessments, site inspections, structural studies, and appraisals of the Property.  Furthermore, the Borrower Parties agree to furnish Lenders within a reasonable time following the request of any of them, with current, complete and accurate financial statements for the Borrower Parties, and with current operating statements and balance sheets for the operation of the Property.

    9.    <u>Confidentiality; Inadmissibility</u>:  The Discussions and all documents prepared in connection therewith shall be confidential, shall not be disclosed (except for reasonably necessary disclosure to agents, lenders, investors, representatives, attorneys, and accountants, and as required by law), and (except for this letter agreement and any written agreement fully executed and delivered by the parties hereto) may not be introduced in any litigation or other proceeding involving Lenders, on the one hand, and the Borrower Parties, on the other hand (the same being privileged in the same manner as a settlement offer in litigation).  Notwithstanding the foregoing, nothing in this letter agreement shall affect the confidentiality or admissibility of any documents or information that Lenders are entitled to receive under the Loan Documents.

    10.    <u>Authorized Representatives</u>.  Subject to the first sentence of Section 1 above, the Borrower Parties acknowledge that Gregory Mauro and Elliott Bisnow are authorized to negotiate on their behalf.  The Borrower parties are advised that the representatives of Lenders negotiating with the Borrower Parties will in most instances not have final authority to bind Lenders and will need to seek formal approval from Lenders' Class B Manager prior to entering into a binding agreement.

    11.    <u>Fee Deposit</u>:  Should the Parties decide to proceed with negotiations, Lenders will require payment of an initial legal fee deposit of $50,000.00.  This amount is not an estimate of the amount of legal fees that the Lenders are likely to incur in connection with the Discussions and should an agreement arise out of the Discussions, documenting, and closing of the transaction that may be contemplated by the Discussions.

    12.    <u>Authority</u>:  By execution hereof, each of the persons signing on behalf of the Borrower Parties and Lenders hereby represent and warrant that each are fully authorized to act on behalf of the respective Borrower Party or Lender with respect to the subject matter of this letter agreement, subject to the first sentence of Section 1 above, and to execute this letter on behalf of the Borrower Parties or Lenders.

    13.    <u>Choice of Law</u>:  This letter agreement shall be governed in all respects, including validity, interpretation and effect, by, and shall be enforceable in accordance with, the laws of the State of New York.

CONFIDENTIAL INFORMATION
SMHG161871

SMHG Village Development LLC et al
November 2, 2020
Page 5

      14.    <u>Miscellaneous</u>:  This letter agreement constitutes the entire agreement covering its subject matter and supersedes any prior and/or contemporaneous Discussions concerning the subject matter of this letter agreement.  This letter agreement shall inure to the benefit of and be binding upon the parties hereto and their respective heirs, successors, and assigns.  Section headings used herein are for convenience only and shall not be used to interpret any term hereof.  This letter agreement may be executed in one or more counterparts, each of which shall constitute an original and all of which taken together shall constitute one agreement.

      If the foregoing accurately sets forth our agreement, please so indicate by signing a copy of this letter agreement in the place provided below and returning it to us at your earliest convenience.

Very truly yours,

**LENDERS**:

**SUMMIT VILLAGE DEVELOPMENT LENDERS 1, LLC**

By:    Celona Asset Management (USA) Limited, a company incorporated under the laws of the Hong Kong SAR of the PRC, its Class B Manager

By: _[signature]_ 數位簽署者：Max Huang  日期：2020.11.03 11:56:35 +08'00'
Name: Max Huang
Title: Authorized Signatory

**GRAND CANYON DEVELOPMENT HOLDINGS 3 LLC**

By:    Celona Asset Management (USA) Limited, a company incorporated under the laws of the Hong Kong SAR of the PRC, its Class B Manager

By: _[signature]_ 數位簽署者：Max Huang  日期：2020.11.03 11:57:31 +08'00'
Name: Max Huang
Title: Authorized Signatory

**[SIGNATURES CONTINUE ON THE FOLLOWING PAGE]**

CONFIDENTIAL INFORMATION
SMHG161872

SMHG Village Development LLC et al
November 2, 2020
Page 6

**BORROWER:**
**SMHG VILLAGE DEVELOPMENT LLC,**
a Delaware limited liability company

By:   SMHG Investments LLC, a Delaware
      limited liability company, its Sole Member

   By: _____
       Name:  Shaun Mulreed
       Title: Authorized Signatory


**GUARANTORS:**
**SUMMIT MOUNTAIN HOLDING GROUP, LLC**,
a Utah limited liability company

By:   Summit Revolution LLC, a Delaware
      limited liability company, its Sole Member

   By: _____
       Name:  Shaun Mulreed
       Title:    Authorized Signatory

**SUMMIT REVOLUTION LLC**,
a Delaware limited liability company
By: _____
    Name:  Shaun Mulreed
    Title:    Authorized Signatory

**INDEMNITOR**:
**SUMMIT MOUNTAIN HOLDING GROUP, LLC**,
a Utah limited liability company

By:   Summit Revolution LLC, a Delaware
      limited liability company, its Sole Member

   By: _____
       Name:  Shaun Mulreed
       Title:    Authorized Signatory

CONFIDENTIAL INFORMATION                                                  SMHG161873

SMHG Village Development LLC et al
November 2, 2020
Page 7

# EXHIBIT A

1. Loan Agreement, dated as of June 28, 2016.
2. First Amendment to Loan Agreement, etc., dated as of September 23, 2016.
3. Second Amendment to Loan Agreement, etc., dated as of October 31, 2017.
4. Third Amendment to Loan Agreement, etc., dated as of March 2, 2018.
5. Fourth Amendment to Loan Agreement, etc., dated as of May 24, 2018.
6. Fifth Amendment to Loan Agreement, etc., dated as of January 31, 2019.
7. Recourse Indemnity Agreement dated as of June 28, 2016.
8. Replacement Promissory Note in the original principal amount of up to $100,500,000.00, dated as of March 2, 2018, in favor of Summit Village Development Lenders 1, LLC.
9. Replacement Promissory Note in the original principal amount of up to $19,500,000.00, dated as of March 2, 2018, in favor of Grand Canyon Development Holdings 3 LLC.
10. Deed of Trust dated as of June 28, 2016 and recorded in the Official Records of County, Utah as Document No. 2805975, as has been amended from time to time.
11. Amended and Restated Deed of Trust dated as of October 31, 2017 and recorded in the Official Records of County, Utah as Document No. 2887510, as has been amended from time to time.
12. Second Amended and Rested Deed of Trust dated as of March 2, 2018 and recorded in the Official Records of County, Utah as Document No. 2907843, as has been amended from time to time.
13. Third Amended and Rested Deed of Trust dated as of May 24, 2018 and recorded in the Official Records of County, Utah as Document No. 2907843, as has been amended from time to time.
14. Fourth Deed of Trust dated as of January 31, 2019 and recorded in the Official Records of County, Utah as Document No. 2963667, as has been amended from time to time.
15. Pledge of Accounts, dated as of March 2, 2018.
16. Environmental Indemnity Agreement, dated as of June 28, 2016.
17. Early Release Guaranty, dated as of September 18, 2015.
18. Amended and Restated Guaranty dated as of October 31, 2017.
19. All other loan documents executed in connection with the Loan Agreement, as each may have been amended, restated, supplemented or otherwise modified from time to time.

CONFIDENTIAL INFORMATION                                                                                                         SMHG161874