EXHIBIT 26

AFTER RECORDING RETURN TO:

Dentons US LLP
One Metropolitan Square, Suite 3000
St. Louis, Missouri 63102
Attn.: Jennifer A. Marler

(space above this line for Recorder's use)

### CONSTRUCTION DEED OF TRUST, SECURITY AGREEMENT AND FIXTURE FILING (SECURING PRESENT AND FUTURE ADVANCES) (Eden, Weber County, Utah)

**Trustor(s):**    SMHG Village Development LLC

**Grantee(s):**    1.  Summit Village Development Lender 1, LLC (Deed of Trust Beneficiary)
2.  Griffiths & Turner/GT Title Services, Inc. (Deed of Trust Trustee)

**Legal Description:**

**Abbreviated Legal Description:**

Parcel D3, Summit Eden Phase 1C, and Parcels D4R and D6, Summit Eden Phase 1D, located in Weber County, Utah

**Full Legal Description:**  See Exhibit A attached

**Assessor's Property Tax Parcel/Account Number(s):**

23-137-0001, 23-138-0001, 23-138-0001

**Reference Numbers of Documents Assigned or Released:** N/A

**THIS INSTRUMENT IS FOR COMMERCIAL PURPOSES AND CONTAINS AFTER-ACQUIRED PROPERTY PROVISIONS.  THIS INSTRUMENT ALSO SECURES FUTURE ADVANCES.**

04393447

THIS DEED OF TRUST SECURES A PROMISSORY NOTE, THE INTEREST RATE UNDER WHICH MAY VARY FROM TIME TO TIME ACCORDING TO CHANGES IN THE PRIME RATE ANNOUNCED BY BENEFICIARY OR ACCORDING TO CHANGES IN THE LONDON INTERBANK OFFERED RATE, IN ACCORDANCE WITH THE CONSTRUCTION LOAN AGREEMENT BETWEEN TRUSTOR AND BENEFICIARY.

THIS DEED OF TRUST CONSTITUTES A SECURITY AGREEMENT, AND IS FILED AS A FIXTURE FILING, WITH RESPECT TO ANY PORTION OF THE PROPERTY IN WHICH A PERSONAL PROPERTY SECURITY INTEREST OR LIEN MAY BE GRANTED OR CREATED PURSUANT TO THE UTAH UNIFORM COMMERCIAL CODE OR UNDER COMMON LAW, AND AS TO ALL REPLACEMENTS, SUBSTITUTIONS, AND ADDITIONS TO SUCH PROPERTY AND THE PROCEEDS THEREOF. FOR PURPOSES OF THE SECURITY INTEREST OR LIEN CREATED HEREBY, BENEFICIARY IS THE "SECURED PARTY" AND TRUSTOR IS THE "DEBTOR." TRUSTOR IS THE OWNER OF THE PROPERTY DESCRIBED HEREIN.

THIS DEED OF TRUST CONSTITUTES A "CONSTRUCTION MORTGAGE" WITHIN THE MEANING OF UTAH CODE ANN. § 70A-9a-334(8) OR ANY SUCCESSOR STATUTE. THE PROCEEDS OF THE LOAN SECURED BY THIS DEED OF TRUST ARE TO BE USED BY TRUSTOR IN PART FOR THE PURPOSE OF FUNDING THE CONSTRUCTION AND DEVELOPMENT OR REHABILITATION OF THE PROPERTY AND IMPROVEMENTS DESCRIBED HEREIN AND ARE TO BE DISBURSED IN ACCORDANCE WITH THE PROVISIONS OF THE LOAN DOCUMENTS (AS HEREINAFTER DEFINED). TRUSTOR IS THE OWNER OF THE PROPERTY DESCRIBED HEREIN.

94393447

This **CONSTRUCTION DEED OF TRUST, SECURITY AGREEMENT AND FIXTURE FILING** (this "**Deed of Trust**"), dated as of June 28, 2016, is made by **SMHG VILLAGE DEVELOPMENT LLC**, a Delaware limited liability company, as trustor, having an office and principal place of business at 3923 N. Wolf Creek Drive, Eden, UT 84310 ("**Trustor**"), in favor of **GRIFFITHS & TURNER/GT TITLE SERVICES, INC.**, a Utah corporation, as trustee, having a place of business at 512 East 4500 South, Suite 150, Salt Lake City, UT ("**Trustee**"), for the benefit of **SUMMIT VILLAGE DEVELOPMENT LENDER 1, LLC**, as beneficiary, having a place of business at c/o Celona Asset Management (USA) Limited, 2207-09 Tower Two, Lippo Centre, 89 Queensway, Admiralty, Hong Kong (herein referred to as "**Beneficiary**").

CAPITALIZED TERMS USED HEREIN AND NOT OTHERWISE DEFINED SHALL HAVE THE MEANINGS GIVEN TO SUCH TERMS IN THE LOAN AGREEMENT (AS DEFINED BELOW).

\* \* \*

THIS DEED OF TRUST COVERS GOODS THAT ARE OR ARE TO BECOME FIXTURES ON CERTAIN REAL PROPERTY LOCATED IN THE CITY OF EDEN, WEBER COUNTY, AND STATE OF UTAH, WHICH IS MORE PARTICULARLY DESCRIBED ON EXHIBIT A ATTACHED HERETO. TRUSTOR IS THE RECORD OWNER OF SUCH REAL PROPERTY. THIS DEED OF TRUST SECURES A LOAN AND THE OTHER SECURED OBLIGATIONS (AS DEFINED BELOW).

\* \* \*

## ARTICLE 1

IDENTIFICATION OF THE MORTGAGED PROPERTY AND ITS CONVEYANCE TO THE TRUSTEE

Section 1.01. *Assignment in Trust with Power of Sale*. For good and adequate consideration, the receipt of which is hereby acknowledged, Trustor hereby grants, bargains and sells, warrants, assigns, transfers, conveys and confirms unto Trustee, IN TRUST FOR THE BENEFIT OF BENEFICIARY, WITH POWER OF SALE and right of entry and possession, as security for the Obligations, all estate, right, title and interest which Trustor now has or may hereafter acquire in and to those certain parcels of real property located in the City of Eden, Weber County, and State of Utah and more particularly described on Exhibit A (singly and collectively, the "**Land**"), together with all estate, right, title and interest which Trustor now has or may hereafter acquire in and to all of the following property (collectively, together with the Land, the "**Mortgaged Property**"):

(a)     *Real Property*. All of Trustor's estate, right, title and interest in and to all easements and rights-of-way for utilities, ingress or egress to or from the Land and in and to all streets, rights-of-way, alleys or strips of land adjoining the Land (collectively, together with the Land, the "**Real Property**").

(b)     *Buildings and Improvements*. All existing and all future buildings on the Real Property and all other improvements to, on or under it, all of which Trustor and Beneficiary

94393447

hereby irrevocably declare to be real estate, including all water, sewage and drainage facilities, paving, landscaping and other improvements (collectively, the "**Improvements**").

(c)    *Fixtures, Equipment and Supplies*.  All right, title and interest of Trustor in and to all fixtures, goods, equipment, supplies and other personal property now or hereafter attached to or located on the Real Property or the Improvements, or now or hereafter used, or intended or acquired for use for, or in connection with, the construction, maintenance, or repair of Improvements or other Real Property, or for the present or future replacement or replenishment of used portions of it, and all related parts and supplies and all renewals and replacements of any of the foregoing, all substitutions therefor and all additions and accessions thereto (collectively, the "**Fixtures and Equipment**"), all of which Trustor and Beneficiary hereby also irrevocably declare to be real estate.

(d)    *Leases*.  Any oral or written agreements between Trustor and another Person to use or occupy all or any portion of the Real Property or the Improvements, together with any guaranties and security (including any deposits and any letters of credit, the proceeds of any letters of credit and any letter of credit rights and supporting obligations) for the obligations of any tenant, lessee, lease guarantor, sublessee or other Person having the right to occupy, use or manage any part of the Real Property or the Improvements under any such written agreements (which agreements are herein individually referred to as a "**Lease**" or collectively as the "**Leases**") and all of Trustor's right, title and interest in and to any Rents (as hereinafter defined below).

(e)    *Awards*.  Any (i) awards now or hereafter made by any governmental authorities (federal, state, local or otherwise) to Trustor and all subsequent owners of all or any portion of the Mortgaged Property which may be made with respect to the Mortgaged Property as a result of the exercise of the right of eminent domain, the alteration of the grade of any street or any other injury to or decrease of value of the Mortgaged Property, which said award or awards are hereby assigned to Beneficiary, and (ii) awards from claims or demands which Trustor now has or may hereafter acquire against anyone with respect to any damage to all or any portion of the Mortgaged Property.

(f)    *Utilities*.  All right, title and interest of Trustor in and to all wastewater, fresh water and other utilities capacity and facilities (the "**Utilities Capacity**") available or allocable to the Real Property or the Improvements and, to the extent the same are assignable by Trustor, all of the foregoing dedicated to or reserved for them pursuant to any system, program, contract or other arrangement with any public or private utility, and, to the extent the same are assignable by Trustor, all related or incidental licenses, rights and interests, whether considered to be real, personal or mixed property, including the right and authority to transfer or relinquish any or all such rights and the right to any credit, refund, reimbursement or rebate for utilities facilities construction or installation or for any reservation fee, standby fee or capital recovery charge promised, provided or paid for by Trustor, to the fullest extent now allocated or allocable to the Real Property or the Improvements, plus all additional Utilities Capacity, if any, not dedicated or reserved to the Real Property or the Improvements but which is now or hereafter owned or controlled by Trustor, to the fullest extent that such additional Utilities Capacity is necessary to allow development, marketing or use of the Real Property or the Improvements.

94393447

CONFIDENTIAL INFORMATION

(g)  *After-Acquired Property*.  All estate, right, title and interest acquired by Trustor in or to the Real Property, the Improvements, the Fixtures and Equipment, the Leases and the Utilities Capacity after execution of this Deed of Trust.

(h)  *Appurtenances*.  Any and all rights and appurtenances belonging, incident or appertaining to the Real Property, the Improvements, the Fixtures and Equipment, the Leases or the Utilities Capacity or any part of them (the "**Appurtenances**").

(i)  *Reversions and Remainders*.  Any and all rights and estates in reversion or remainder to the Real Property, the Improvements, the Fixtures and Equipment, the Leases, the Utilities Capacity or the Appurtenances or any part of them.

(j)  *Contractual Rights*.  All right, title and interest of Trustor in and to all contracts (including contracts for the construction, management, sale or exchange of all or any portion of the Real Property or the Improvements), warranties, franchises, licenses, approvals and permits whether executed, granted or issued by a private Person or a Governmental Authority, which are directly or indirectly related to or connected with the Real Property or the Improvements, whether now or at any time hereafter existing, and all amendments and supplements thereto and renewals and extensions thereof at any time made, and all rebates, refunds, escrow accounts and funds, or deposits and all other sums due or to become due under and pursuant thereto and all powers, privileges, options and Trustor's other benefits thereunder.

(k)  *Other Estates and Interests*.  To the extent the same are assignable by Trustor, all other estates, easements, interests, licenses, approvals, permits, franchises, certificates, development rights, entitlements and other rights, titles, powers or privileges of every kind and character which Trustor now has, or at any time hereafter acquires, in and to or in connection with any of the foregoing, including the proceeds from condemnation, or threatened condemnation, and the proceeds of any and all insurance covering any part of the foregoing.

(l)  *Borrower Deposit Account(s)*.  Any and all rights in any Borrower Deposit Account (the "**Cash Collateral**") and (i) all instruments or items now or hereafter submitted as deposits or additions to the Cash Collateral, (ii) all revenues, income, interest, dividends, issues and profits now or hereafter earned from the Cash Collateral, (iii) all accessions to, substitutions for, replacements or reissues of, products of and proceeds of the Cash Collateral and the revenues, income, interest, dividends, issues and profits thereof, and (iv) all books and records used in connection with or pertaining to the Cash Collateral, including files, correspondence, printouts, tapes, records of transactions, payments and other proceeds received, the revenues, income, issues and profits therefrom and all credits and other dealings with respect to such Cash Collateral.

Section 1.02.  *Habendum*.  TO HAVE AND TO HOLD in trust, for the purposes set forth herein, the Mortgaged Property, together with every right, privilege, hereditament and appurtenance belonging or appertaining to it, unto Trustee, Trustee's successors, or substitutes in trust, forever.  Trustor represents that Trustor is the lawful owner of the Mortgaged Property. Trustor hereby binds Trustor and Trustor's successors and assigns to forever WARRANT and DEFEND Trustor's title to the Mortgaged Property and every part of it unto Trustee, its successors or substitutes in trust, and its assigns, against the claims and demands of every Person

94393447

CONFIDENTIAL INFORMATION

whomsoever lawfully claiming or to claim it or any part of it, subject to the permitted exceptions set forth in the title insurance policy issued by First American Title Insurance Company, insuring the lien of this Deed of Trust.

Section 1.03.   *Non-Agricultural Covenant*.   **TRUSTOR REPRESENTS AND WARRANTS THAT THE MORTGAGED PROPERTY ENCUMBERED BY THIS DEED OF TRUST IS NOT USED PRINCIPALLY FOR AGRICULTURAL PURPOSES.**

## ARTICLE 2
### THE SECURED OBLIGATIONS

Section 2.01.   *Conveyance in Trust to Secure Designated Obligations*.   This conveyance to Trustee is in trust to secure the Obligations, including the obligations arising pursuant to or on account of the following (collectively, the "**Secured Obligations**"):

(a)     *Note*.   All indebtedness now or hereafter evidenced and to be evidenced by the Promissory Note made by Trustor payable to the order of Beneficiary of even date herewith pursuant to the Loan Agreement in the original face amount of [One Hundred Twenty Million Dollars ($120,000,000.00)] (as amended, supplemented, restated or replaced from time to time, the "**Note**"), bearing interest at the rate or rates therein stated, with the principal and interest payable to Beneficiary;

(b)     *Loan Agreement*.   All obligations and indebtedness of Trustor now or hereafter created or incurred under the Loan Agreement dated as of the date hereof, between Trustor and Beneficiary (as amended, supplemented, restated or replaced from time to time, the "**Loan Agreement**"), including observance, performance and discharge of all covenants or conditions created or incurred under the Loan Agreement.   Each Advance under the Loan Agreement is secured by this Deed of Trust;

(c)     *Advances and Other Obligations Pursuant to the Provisions of this Deed of Trust*. Any and all sums and the interest which accrues on them as provided in this Deed of Trust which Beneficiary may advance or which Trustor may owe Beneficiary pursuant to this Deed of Trust on account of Trustor's failure to keep, observe or perform any of Trustor's covenants under this Deed of Trust;

(d)     *Obligations Under Loan Documents*.   All present and future debts and obligations of any kind of Trustor under or pursuant to any of the other Loan Documents (other than the Environmental Indemnity) governing, evidencing, guaranteeing or securing or otherwise relating to payment of all or any part of the Secured Obligations evidenced by the Note, and all supplements, amendments, restatements, renewals, extensions, rearrangements, increases, expansions or replacements of them; and

(e)     *Other Obligations*.   All interest and other obligations accruing or arising after commencement of any case under any bankruptcy or similar laws by or against Trustor, and all reasonable attorneys' fees and any other expenses reasonably incurred by Beneficiary in connection with the exercise or defense of any right or remedy of Beneficiary or the enforcement of any obligation of Trustor under this Deed of Trust or any other Loan Documents (other than

94393447

the Environmental Indemnity). For purposes of Utah Code Ann. § 57-1-28, Trustor agrees that all default interest, late charges, any prepayment premiums, swap breakage fees and similar amounts, if any, owing from time to time under any Promissory Note, Loan Agreement or other Loan Documents shall constitute a part of and be entitled to the benefits of Beneficiary's deed of trust lien upon the Mortgaged Property, and (ii) Beneficiary may add all default interest, late charges, prepayment premiums, swap breakage fees and similar amounts owing from time to time to the principal balance of the Promissory Note in its sole discretion, and in either case Beneficiary may include all such amounts in any credit which Beneficiary may make against its bid at a foreclosure sale of the Mortgaged Property pursuant to this Deed of Trust. In addition, all other obligations, if any, of Trustor described or referred to in this Deed of Trust.

**ARTICLE 3**
SECURITY AGREEMENT

Section 3.01    *Grant of Security Interest*.   Without limiting any of the provisions of this Deed of Trust, Trustor, as debtor and referred to in this Article as "**Debtor**", hereby grants to Beneficiary, as secured party and referred to in this Article as "**Secured Party**", a security interest in all of Debtor's remedies, powers, privileges, rights, titles and interests (including all of Debtor's power, if any, to pass greater title than it has itself) of every kind and character now owned or hereafter acquired, created or arising in and to the following (to the extent that a security interest may be granted by Debtor in accordance with applicable law): (i) the Mortgaged Property (including both now and hereafter existing) to the full extent that the Mortgaged Property may be subject to the Uniform Commercial Code of the State of Utah (the "**UCC**"), (ii) all goods, materials, supplies, furnishings, or other tangible personal property to the extent not part of the Real Property, (iii) all permits, licenses, franchises, certificates, development rights, entitlements, public utility deposits, prepaid sewer and water hook-up charges, and other rights, powers and privileges as may affect the Mortgaged Property, (iv) all claims under and proceeds of any insurance policies by reason of or related to a loss of any kind sustained to the Mortgaged Property, now or hereafter, whether or not such policies name Beneficiary as an insured and whether or not such policies are required by Beneficiary, and whether or not such claims thereunder are characterized as personal claims, (v) all unearned premiums accrued, accruing or to accrue, and the proceeds of insurance now or hereafter in effect with respect to all or any portion of the Mortgaged Property, (vi) all claims or demands which Trustor now has or may hereafter acquire against anyone with respect to any damage to all or any portion of the Mortgaged Property, (vii) all instruments, investment property, deposit accounts, accounts, contract rights, general intangibles, rights to receive refunds, including utility and real estate tax refunds, and other intangible property and rights now or hereafter relating to the foregoing property, or the operation thereof or used in connection therewith, including all options, letters of intent, and rights of first refusal of any nature whatsoever, covering all or any portion of such property, together with any modifications thereof, and deposits or other payments made in connection therewith, existing and future development rights, permits and approvals, air rights, density bonus rights, and transferable development rights, (viii) all rents, income, issues and profits (subject, however, to the rights given in this Deed of Trust to Beneficiary to collect and apply the same), including the accounts, revenues, and proceeds of any business operation conducted by or on behalf of Trustor on or through the use of the Mortgaged Property, prepaid municipal and utility fees, bonds, revenues, income, and other benefits to which Trustor may now or hereafter be entitled to, or which are derived from any part of the Mortgaged Property,

CONFIDENTIAL INFORMATION

and (ix) all guaranties and warranties obtained with respect to all improvements, equipment, furniture, furnishings, personal property and components of any thereof located on or installed at all or any part of the Mortgaged Property, in each case to the extent used, intended or acquired for use on, or in connection with the ownership, leasing, use or operation of the Mortgaged Property and all proceeds of any of the foregoing, including:

(a)    *Contracts*.   Any contract or agreement now or hereafter entered into by and between Debtor and any other Person relating (i) in any way to all or any part of the Mortgaged Property or the development or operation thereof and all revenue, income and other benefits therefrom, including all management agreements, franchise agreements, service contracts, maintenance contracts, equipment leases and personal property leases and (ii) to, as well as all right, title and interest of Debtor under any subcontracts providing for, the construction of any improvements to or on all or any part of the Real Property or the furnishing of any materials, supplies, equipment or labor relating thereto;

(b)    *Plans*.   Any plans, specifications and drawings (including plot plans, foundation plans, floor plans, elevations, framing plans, cross-sections of walls, mechanical plans, electrical plans and architectural and engineering plans and architectural and engineering studies and analyses) heretofore or hereafter prepared by any architect, engineer or other design professional, in respect of any of the Mortgaged Property;

(c)    *Design Agreements*.   Any agreements now or hereafter entered into with any person or entity in respect of architectural, engineering, design, management, development or consulting services rendered or to be rendered in respect of planning, design, inspection or supervision of the construction, management or development of any of the Mortgaged Property; and

(d)    *Bonds*.   Any completion bond, performance bond and labor and material payment bond relating to the any of the Mortgaged Property or to any contract for the construction of improvements to any of the Mortgaged Property.

(e)    *Personal Property*.   It is the express understanding and intent of the parties that as to any personal property interests subject to Article 9a of the Utah Uniform Commercial Code, Beneficiary, upon an Event of Default, may proceed under the Utah Uniform Commercial Code or may proceed as to both real and personal property interests in accordance with the provisions of this Deed of Trust and its rights and remedies in respect of real property, and treat both real and personal property interests as one parcel or package of security as permitted by Utah Code Ann. § 70A-9a-601 or other applicable law, and further may sell any shares of corporate stock evidencing water rights in accordance with Utah Code Ann. § 57-1-30 or other applicable law

Together with all substitutions for and proceeds of any of the foregoing received upon its rental, sale, exchange, transfer, collection or other disposition or substitution.

All the properties described or referred to in this Section are collectively referred to as the "**UCC Collateral**".

Section 3.02.    *Fixtures*.   This Deed of Trust shall also be effective as a financing statement filed as a fixture filing under Utah Code Ann. § 70A.9A-502.  Certain of the UCC

94393-447

     LENDERS_0002695

Collateral is or will become "fixtures" (as that term is defined in the UCC) on the Real Property, and when this Deed of Trust is filed for record in the real estate records of the county where such fixtures are or are to be situated, it shall also automatically operate as a financing statement and fixture filing upon such of the UCC Collateral which is or may become fixtures on the Real Property. Pursuant to the UCC, the following information is set forth for the purpose of constituting this Deed of Trust a financing statement to be filed as a fixture filing:

A.  Debtor:  SMHG VILLAGE DEVELOPMENT, LLC

Address of
Debtor:  c/o Summit Mountain Holding Group, L.L.C
3923 N. Wolf Creek Drive
Eden, Utah 84310

Debtor's Jurisdiction of Organization:  Delaware

Debtor's Organizational ID#: 5752993

B.  Secured Party:  SUMMIT VILLAGE DEVELOPMENT LENDER 1, LLC

Address of
Secured Party:  c/o Celona Asset Management (USA) Limited
2207-09, Tower Two, Lippo Centre
89 Queensway, Admiralty, Hong Kong

C.  This financing statement covers goods that are or are to become fixtures related to the Real Property described in the definition "Mortgaged Property".

Section 3.03.  *Security Agreement.*  This Deed of Trust constitutes and shall be deemed to be a "security agreement" for all purposes of the UCC and Beneficiary shall be entitled to all of the rights and remedies of a "secured party" under the UCC.

Section 3.04.  *UCC Rights Are Not Exclusive.*  Should Secured Party elect to exercise its rights under the UCC as to part of the personal property or fixtures described in this Deed of Trust, such election shall not preclude Secured Party or the Trustee from exercising any or all of the rights and remedies granted by the other Articles of this Deed of Trust as to the remaining personal property or fixtures.

Section 3.05.  *Secured Party May File Financing and Continuation Statements.*  Secured Party is authorized to file this Deed of Trust as a financing statement, to file a separate financing statement or statements without the signature of Debtor and one or more continuation statements in any jurisdiction where Secured Party deems it necessary, and Debtor will pay, and reimburse Secured Party on demand if paid by Secured Party, the costs of filing and recordation in all public offices at any time and from time to time whenever filing or recording of this Deed of Trust, any financing statement or any continuation statement is deemed by Secured Party or its counsel to be necessary or desirable. In addition, Secured Party is expressly authorized, at Debtor's sole cost and expenses, to file or record financing statements and continuation statements in all public offices at any time and from time to time whenever filing or recording of

94393447

LENDERS_0002696

any financing statement or any continuation statement is deemed by Secured Party or its counsel to be necessary or desirable.

# ARTICLE 4
### TRUSTOR'S COVENANTS

Section 4.01. *Covenants for the Benefit of Beneficiary.* As further assurance with respect to satisfaction of the Secured Obligations, Trustor covenants and agrees that:

(a) *Liens and Remedies Cumulative.* No lien, assignment, security interest, guaranty, right or remedy in favor of Beneficiary granted in, secured by or ancillary to this Deed of Trust shall be considered as exclusive, but each shall be cumulative of all others which Beneficiary or Trustee may now or hereafter have.

(b) *Trustor Waives Marshalling of Assets and Sale in Inverse Order of Alienation Rights.* Notwithstanding the existence of interests in the Mortgaged Property other than that created by this Deed of Trust, and notwithstanding any other provision of this Deed of Trust, upon an Event of Default by Trustor, Beneficiary shall have the right, in Beneficiary's sole discretion, to determine the order in which the Mortgaged Property shall be subjected to the remedies provided in this Deed of Trust and, subject to the terms of the Intercreditor Agreement, to determine the order in which all or any part of the Secured Obligations are satisfied from the proceeds realized upon the exercise of the remedies provided in this Deed of Trust or provided in any of the other Loan Documents. Trustor waives and shall cause any Person who now has or hereafter acquires any interest in the Mortgaged Property with actual or constructive notice of this Deed of Trust to waive any and all right to require a marshalling of assets or sale in inverse order of alienation in connection with the exercise of any of the remedies provided in this Deed of Trust or in any of the other Loan Documents or as otherwise provided by applicable law.

(c) *Trustor to Maintain Insurance.* Trustor shall maintain insurance in accordance with Section 5.7 of the Loan Agreement.

(d) *Application of Insurance Proceeds Collected Before Foreclosure.* All proceeds of insurance which are actually received by Beneficiary before foreclosure will be applied in accordance with Sections 5.8 and 5.9 of the Loan Agreement.

(e) *Beneficiary Not Obligated to Require, Provide or Evaluate Insurance.* Beneficiary shall have no duty to Trustor or anyone else to either require or provide any insurance or to determine the adequacy or disclose any inadequacy of any insurance.

(f) *Beneficiary May Elect to Insure Only its Own Interests.* If Beneficiary elects at any time or for any reason to purchase insurance relating to the Mortgaged Property, it shall have no obligation to cause Trustor or anyone else to be named as an insured, to cause Trustor's or anyone else's interests to be insured or protected or to inform Trustor or anyone else that his or its interests are uninsured or underinsured.

(g) *Trustor Will Correct Defects, Provide Further Assurances and Papers.* Upon Beneficiary's request, Trustor will promptly correct any defect which hereafter may be

94393447

                                                          LENDERS_0002697

discovered in the text (as is reasonably agreed to by Trustor and Beneficiary) or the execution or acknowledgment of this Deed of Trust or in the description of any of the Mortgaged Property, and will deliver such further assurances and execute such additional papers as in the opinion of Beneficiary or its legal counsel shall be reasonably necessary, proper or appropriate (1) to properly convey and assign to Trustee and Beneficiary all the Mortgaged Property intended or promised to be conveyed or assigned or (2) to properly evidence or give notice of the Secured Obligations or its intended or promised security.  Trustor will execute and deliver any additional security agreement(s), account control agreement(s) and any other documents reasonably required by Beneficiary to evidence the grant and perfection of a security interest in the Cash Collateral.

(h)    *Trustor Will Pay Taxes and Furnish Receipts*. Subject to Trustor's right to contest set forth in Section 5.22 of the Loan Agreement, at Trustor's own cost and expense, Trustor agrees to pay and discharge all Taxes against the Mortgaged Property, as they become payable and before they become delinquent.  Trustor agrees to furnish due proof of such payment to Beneficiary promptly after payment and before delinquency.

(i)    *Beneficiary May Grant Releases without Impairing Other Mortgaged Property, UCC Collateral or Rights*.  At all times, Beneficiary shall have the right to release any part of the Mortgaged Property or any UCC Collateral from this Deed of Trust or any other security instrument or device without releasing any other part of the Mortgaged Property or any other UCC Collateral, without affecting Beneficiary's lien, assignment or security interest as to any property or rights not released and without affecting or impairing the liability of any maker, guarantor or surety on the Note or other Secured Obligations.

(j)    *Notice of Name, Jurisdiction of Organization or Address Change*.  Trustor will not change Trustor's name, the location of its chief executive office (or residence if a natural person), or its jurisdiction of organization without first notifying Beneficiary of such change at least thirty (30) days before its effective date.

(k)    *Trustor to Pay Senior Obligations and Other Obligations*.  Trustor shall fully and faithfully pay and perform each and every obligation, and otherwise satisfy all conditions and covenants, which are or may be secured by any deed of trust upon the Mortgaged Property, or any portion thereof, existing of record as of the date this Deed of Trust is recorded, and/or to which this Deed of Trust may be subordinated.  Trustor shall pay at or prior to maturity any and all liens, charges and encumbrances that are, later become, claim to be or appear to Beneficiary to be prior or superior to the lien of this Deed of Trust, including, without limiting the generality of the foregoing, any and all claims for (i) work or labor performed, (ii) materials and services supplied in connection with any work of demolition, alteration, improvement of or construction upon the Mortgaged Property, and (iii) fees, charges and liens for utilities provided to the Mortgaged Property.

(l)    *Environmental Covenants*.  Trustor will comply in all material respects with all applicable federal, state and local laws, statutes, rules, ordinances, regulations, codes, licenses, authorizations, injunctions, determinations or orders relating to the environment, the environmental conditions on, under or about the Mortgaged Property or the presence of any toxic, radioactive, ignitable, corrosive, reactive or otherwise hazardous substances, wastes or materials

94393447

on, under or about the Mortgaged Property ("**Environmental Laws**"). If a release of any hazardous substance, waste or material is discovered or occurs upon the Mortgaged Property, Beneficiary shall have the right to enter onto the Mortgaged Property to inspect the Mortgaged Property and shall be entitled to require Trustor, at Trustor's sole cost and expense, to meet all Environmental Laws pertaining to the remediation of such release with respect to the Mortgaged Property.

(m) *Maintenance and Preservation of the Mortgaged Property*. Subject to the Loan Agreement, Trustor will: (i) keep the Mortgaged Property in good condition and repair, (ii) not remove or demolish any part of the Mortgaged Property, or any part thereof, (iii) complete or restore promptly and in good and workmanlike manner the Mortgaged Property, or any part thereof, which may be damaged or destroyed, (iv) comply with (A) any and all applicable and legally valid laws, ordinances, governmental rules, regulations, standards and orders, (B) any and all covenants, conditions, restrictions, equitable servitudes and easements, whether public or private, of every kind and character, and (C) any and all requirements of insurance companies and any bureau or agency which establishes standards of insurability, which laws, covenants or requirements affect the Mortgaged Property and/or pertain to acts committed or conditions existing thereon, or the use, management, operation or occupancy thereof by Trustor and anyone holding under Trustor, including such work of alteration, improvement or demolition as such laws, covenants or requirements mandate, (v) not commit or permit waste of the Mortgaged Property, or any portion thereof, and (vi) do all other acts which from the character or use of the Mortgaged Property may be reasonably necessary to maintain and preserve its value.

(n) *Substitution of Trustee.* From time to time, by an instrument signed and acknowledged by Beneficiary, and recorded in the Office of the Recorder of the County in which the Mortgaged Property is located, Beneficiary may appoint a substitute Trustee in place of the Trustee named in this Deed of Trust. Such power may be exercised at any time without notice, without cause and without specifying any reason therefor. The power of appointment of a successor Trustee may be exercised as often as and whenever Beneficiary may choose, and the exercise of the power of appointment, no matter how often, shall not be an exhaustion thereof. Upon the recordation of substitution of trustee, the Trustee so appointed shall thereupon, without any further act or deed of conveyance, become fully vested with identically the same title and estate in and to the Mortgaged Property and with all the rights, powers, trusts and duties of its predecessor in the trust hereunder with like effect as if originally named as Trustee hereunder. Whenever in this Deed of Trust reference is made to Trustee, it shall be construed to mean each Person appointed as Trustee for the time being, whether original or successor in Trust.

(o) *Miscellaneous Powers of Beneficiary and Trustee.* In addition to any other powers granted in this Deed of Trust to the Trustee, from time to time, and without affecting any obligation secured by this Deed of Trust or the performance of the obligations set forth in this Deed of Trust, Beneficiary may, without liability and without notice to any person: (i) cause the Trustee to reconvey all or any part of the Mortgaged Property to Trustor, (ii) consent to the making of any map or plat of the Mortgaged Property, (iii) join in granting any easement on the Mortgaged Property, (iv) join in any agreement subordinating the lien of this Deed of Trust, (v) release any obligation secured by this Deed of Trust, in whole or in part, (vi) with regard to Trustor, extend or renew the Note or any other obligation secured by this Deed of Trust, (vii)

94393447

accept or release any additional security under this Deed of Trust, or (viii) accept and release the guaranty of any additional person or any obligation secured by this Deed of Trust.

 (p) *Assignment and Collection of Rent.* (i) Trustor hereby assigns absolutely to Beneficiary the rents of the Mortgaged Property, with a revocable license to collect such rents as they become due and payable, prior to an Event of Default, being retained by Trustor, (ii) during the continuance of an Event of Default, such license granted in subparagraph (i) above will, automatically, be deemed revoked without the necessity for any act or notice by Beneficiary, and Beneficiary, in person, by agent or by judicially appointed receiver, shall be entitled to enter upon, take possession of and manage the Mortgaged Property and may collect the rents of the Mortgaged Property, and, after so taking possession, shall be entitled to collect any rents that are past due.  If Trustor, at or immediately prior to such taking of possession by or on behalf of Beneficiary, has operated a business upon the Mortgaged Property other than the rental thereof, the authority granted herein to so take possession of the Mortgaged Property shall also include the authority and power to take possession of the receipts of such business and, if appropriate, to operate such business, and the receipts thereof shall be deemed herein to be a form of rents.  All rents collected by Beneficiary or the receiver shall be applied first to payment of the costs of management of the Mortgaged Property and of collection of rents, including costs and expenses of any receivership and reasonable attorneys' fees incurred by Beneficiary in connection with the receivership, and then to the Note and any other obligations secured by this Deed of Trust. Beneficiary and the receiver shall be liable to account only for those rents actually received. This Section 4.01(p) is subject to the Utah Uniform Assignment of Rents Act, Utah Code Ann. § 57-26-101 et seq. (the "Act"), and in the event of any conflict or inconsistency between the provisions of this Section 4.01(p) and the provisions of the Act, the provisions of the Act shall control and Beneficiary shall have all rights and remedies available under the Act which rights and remedies shall be cumulative with all rights and remedies hereunder.

 (q) *Water Rights.*

  (i) Trustor shall diligently comply with all deadlines affecting the Water Rights (as defined below) imposed by law or regulation or any governmental authority, including but not limited to the United States of America, the State of Utah, the Utah State Engineer or Utah Division of Water Rights, the County of Weber, and any political subdivision, agency, department, commission, district, board, bureau or instrumentality of any of the foregoing, which now or hereafter has jurisdiction over Trustor or all or any portion of the Real Property.

  (ii) Trustor shall diligently place to a beneficial use all of the water to which it has a right to divert and beneficially use under the Water Rights. To the extent Trustor cannot place any quantity of water under the Water Rights to a beneficial use, Trustor shall promptly file a nonuse application with the Utah Division of Water Rights and diligently defend the nonuse application and the Water Rights against any claim of forfeiture or abandonment.

  (iii) Trustor shall promptly provide Beneficiary with copies of any document relating to the Water Rights that is filed with the Utah State Engineer or Utah Division of Water Rights.

94393447

  LENDERS_0002700

(iv)    Trustor shall promptly pay any and all fees or assessments relating to the shares of stock in any irrigation company and shall promptly provide Beneficiary with evidence of each such payment.

(v)    Trustor and its predecessors in interest have placed to a beneficial use all of the water to which it has a right to divert and beneficially use under the Water Rights sufficient to prevail against any claim of partial or complete forfeiture or abandonment of the Water Rights.

(vi)    As used herein, "Water Rights" in addition to any foregoing meaning assigned in this Deed of Trust, means and included all water and water rights, wells and well rights, canals and canal rights, ditches and ditch rights, springs and spring rights, and reservoirs and reservoir rights appurtenant to or associated with any decreed or undecreed, tributary, non-tributary or not non-tributary, surface or underground or appropriated or unappropriated water pertaining to, appurtenant to or used with respect to the Land, and all shares of stock in water, ditch, lateral and canal companies, well permits and all other evidences of any of such rights; all deposits or other security now or hereafter made with or given to utility companies by Trustor; subject to the assignment to Beneficiary set forth herein, all rents, issues, income, revenues, royalties and profits now or in the future payable with respect to or otherwise derived from the Water Rights or the ownership, use, management, operation or leasing of the Water Rights, including those past due and unpaid; all right, title and interest in the Water Rights resulting from the State Engineer's approval of any application filed by Trustor to change the point of diversion, manner and/or place of use of the Water Rights, either in whole or in part; all estate, interest, right, title, other claim or demand, both in law and in equity (including, without limitation, claims or demands with respect to the proceeds of insurance in effect with respect thereto) that Trustor now has or may hereafter acquire in any of the foregoing, and any and all awards made for the taking by eminent domain, or by any proceeding of purchase in lieu thereof, of the whole or any part of the Water Rights; and all accessions to, substitutions for and replacements, products, and proceeds of any of the foregoing, including, without limitation, the conversion, voluntary or involuntary, into cash or liquidated claims of, any of the foregoing.

(r)    *Mechanic's Liens; State Construction Registry.*

(i)    Trustor agrees to promptly pay all bills for labor and materials incurred in connection with the Mortgaged Property and to prevent the fixing of any lien against any part of the Mortgaged Property, even if it is inferior to this Deed of Trust, for any such bill which may be legally due and payable.  Trustor agrees to furnish due proof of such payment to Beneficiary after payment and before delinquency.

(ii)    Trustor shall timely comply with all requirements of Title 38 Chapter 1a of Utah Code Annotated with regard to filings and notices.  Trustor shall cause Beneficiary to be named as a person interested in receiving electronic notices of all filings with respect to the Mortgaged Property in the State Construction Registry in accordance with Utah Code Ann. § 38-1a-201.  Trustor shall also provide to Beneficiary copies of all preliminary notices or other notices filed by any contractor, subcontractor or

94393447

                                                                                    LENDERS_0002701

supplier with respect to the Mortgaged Property that are included in the State Construction Registry and/or received by Trustor.

(iii)    Trustor represents and warrants to Beneficiary that it has inspected the records of the State Construction Registry and that such inspection reveals no current filings of a preliminary notice or notice of retention filed by any lien claimant (whether a pre-construction lien or a construction lien) except as disclosed to Beneficiary by Trustor in writing.  Trustor further represents and warrants that no mechanic's lien claim, notice of lien, lis pendens or similar filing has been filed in the State Construction Registry in any form prior to the date hereof with respect to the Mortgaged Property or recorded against the Mortgaged Property.

(iv)    If Beneficiary or its title insurer determines that a preliminary notice has been filed in the State Construction Registry prior to the time of the recording of this Deed of Trust, Trustor shall provide to Beneficiary written evidence acceptable to Beneficiary and its title insurer that the lien claimant has accepted payment in full for construction services that the claimant furnished pursuant to Utah Code Ann. § 38-1a-503(2)(b) such that the priority for any pre-construction services lien or a construction services lien dates immediately after the recording of this Deed of Trust.

(v)    Trustor shall cooperate with Beneficiary and any title insurer to facilitate the filing of a Notice of Construction Loan, as contemplated by Utah Code Ann. § 38-1a-601 in the State Construction Registry with respect to the financing secured hereby.  The notice of construction loan will include the following information: Beneficiary's name, address and telephone number, Trustor's full legal name, the tax parcel identification number for each parcel included in the Mortgaged Property secured hereby, the address of the Mortgaged Property, and the county in which the Mortgaged Property is located.

(vi)    Trustor shall cause, as a condition precedent to the closing of the Loan, Beneficiary's title insurer to insure in a manner acceptable to Beneficiary in its sole discretion, that this Deed of Trust shall be a valid and existing first priority lien on the Mortgaged Property free and clear of any and all exceptions for mechanic's and materialman's liens and all other liens and exceptions except as set forth in the mortgagee's policy of title insurance accepted by Beneficiary, and such title insurance policy may not contain an exception for broken lien priority and may not include any pending disbursement endorsement, or any similar limitation or coverage or requiring future endorsements to increase mechanic lien coverage under Covered Risk 11(a) of the 2006 Form of ALTA Mortgagee's Title Insurance Policy.

(vii)    Trustor shall pay and promptly discharge, at Trustor's cost and expense, all liens, encumbrances and charges upon the Mortgaged Property (other than the permitted exceptions set forth in the title insurance policy issued by First American Title Insurance Company, insuring the lien of this Deed of Trust), or any part thereof or interest therein whether inferior or superior to this Deed of Trust and keep and maintain the same free from the claim of all persons supplying labor, services or materials that will be used in connection with or enter into the construction of any and all buildings now being erected or that hereafter may be erected on the Mortgaged Property regardless of by whom such

94393447

services, labor or materials may have been contracted, provided, however, that Trustor shall have the right to contest any such claim or lien so long as Trustor previously records a notice of release of lien and substitution of alternate security as contemplated by Utah Code Ann. § 38-1a-804 and otherwise complies with the requirements of Utah Code Ann.§ 38-1a-804 to release the Mortgaged Property from such lien or claim. Notwithstanding the foregoing, Trustor may (A) with the prior written consent of Beneficiary, contest the amount of any such lien or claim related to services, labor or materials in accordance with Utah Code Ann.§ 38-1a-804(7) without previously recording a notice of release of lien and substitution of alternate security or (B) appropriately bond or reserve (in cash deposited with Beneficiary) for any such lien or claim, as determined in Beneficiary's reasonable discretion.

(s)     If Trustor shall fail to remove and discharge any such lien, encumbrance or charge, or if Trustor shall dispute the amount thereof in contravention of the requirements hereof, then, in addition to any other right or remedy of Beneficiary, Beneficiary may, but shall not be obligated to, discharge the same either by paying the amount claimed to be due or by procuring the release of the Mortgaged Property from the effect of such lien, encumbrance or charge by obtaining a bond in the name of and for the account Trustor of and recording a notice of release of lien and substitution of alternate security in the name of Trustor, each as contemplated by Utah Code Ann.§ 38-1a-804 or other applicable law, or otherwise by giving security for such claim.  Trustor shall, immediately upon demand therefor by Beneficiary, pay to Beneficiary an amount equal to all costs and expenses incurred by Beneficiary in connection with the exercise by Beneficiary of the foregoing right to discharge any such lien, encumbrance or charge, including costs of any bond or additional security, together with interest thereon from the date of such expenditure at the default rate set forth in the Note.

## ARTICLE 5
### RECONVEYANCE, DEFAULTS AND REMEDIES

Section 5.01.   (a)   Subject to the automatic reinstatement provisions of Section 7.13 herein, this Deed of Trust shall terminate and be of no further force or effect upon full payment of the Secured Obligations, complete performance of all of the Obligations, and final termination of Beneficiary's obligations, if any, to make any further advances under the Loan Agreement. Upon full payment and performance as aforesaid and upon request of Beneficiary and payment by Trustor of Trustee's fees, Trustee shall reconvey to Trustor, or to "the person or persons legally entitled thereto," without recourse or warranty, the Mortgaged Property or portions thereof then held hereunder.  Five (5) years after issuance of such full reconveyance, Trustee may destroy this Deed of Trust (unless directed in such request to retain it).

(b)     In addition, at any time prior to the Initial Maturity Date but after $120,000,000.00 of Loan proceeds (less the amount of any EB-5 Capital required to be returned by Lender to a Member from Lender's Deposit Account that has not been replaced as described in Section 2.7.1 of the Loan Agreement) has been advanced to Trustor, if the I-829 Petition of any investor member of Beneficiary has not been finally determined, then so long as Beneficiary reasonably determines there would be no material adverse immigration consequences to any EB-5 Investor or any violation of securities laws, Trustor shall have the right to obtain a reconveyance of this Deed of Trust and an amendment of the Loan Agreement and the other

94393447

LENDERS_0002703

Loan Documents (as provided in paragraph (c) below) in accordance with Section 2.9 of the Loan Agreement.

(c)     Contemporaneously with the payment of the cash collateral into the Reconveyance Account in accordance with paragraph (b), Trustor and Beneficiary shall negotiate in good faith and execute an amendment to the Loan Agreement and the other Loan Documents that will, among other things, (i) reflect the fact that Beneficiary has no further obligation to make Advances under the Loan Agreement, (ii) Trustor will have no further obligations to Beneficiary under any representations, warranties, covenants or agreements with respect to the Mortgaged Property, nor will Trustor be bound by any restrictions on indebtedness or on the transfer of a direct or indirect interest in Trustor, and (iii) if an Event of Default occurs and upon maturity of the Loan, Beneficiary shall have the right to exercise its remedies against the Reconveyance Account and to apply funds therein to satisfy all outstanding Secured Obligations.

Section 5.02.  *Events of Default.*  The occurrence of an "Event of Default" as defined in the Loan Agreement shall constitute an "**Event of Default**" under this Deed of Trust.

Section 5.03.  *Foreclosure and Other Remedies.*

(a)     *Remedies Upon Default.*  Upon the occurrence and during the continuance of any Event of Default, the following shall apply:

(i)     *Operation of Property.*  Beneficiary may (A) personally, or by its agents or attorneys, enter into and upon all or any part of the Real Property, and each and every part thereof, to the extent permitted by law, and may exclude any other party owning the beneficial interest in same, its agents and servants, wholly therefrom; and having and holding the same, may exercise its remedies as provided in Section 8.2.5 of the Loan Agreement, restore the Mortgaged Property; (B) insure or reinsure the Mortgaged Property as provided in the Loan Agreement; (C) in connection with any proceeding for a reduction in the assessed value of the Mortgaged Property, pursue, collect and receive any and all refunds of taxes and assessments previously paid and apply such refunds to the balance of the Secured Obligations; (D) from time to time, at the expense of Trustor, make all necessary or proper repairs, renewals, replacements, restorations to the Mortgaged Property or any part thereof and thereon as Beneficiary may deem advisable. Beneficiary shall be entitled to collect and receive all Rents; and after deducting the permitted expenses and expenses relating to maintenance, repairs, replacements, alterations, additions, betterments and improvements and all payments which may be made for taxes, assessments, insurance, in payment of any prior or other proper charges upon the Mortgaged Property or any part thereof, Beneficiary shall apply the moneys arising as aforesaid to payment as follows: FIRSTLY, to any Trustee's fees and expenses of the enforcement of this Deed of Trust (including reasonable attorneys' fees), SECONDLY, to any sums, other than interest and principal on the Note, required to be paid by Trustor under this Deed of Trust, the Note or any other Loan Document, THIRDLY, to all interest accruing at the Default Rate (as defined in the Note) due and payable on the Note or any other Loan Document, FOURTHLY, to the payment of interest accruing at the Interest Rate (as defined in the Note) due and payable on the Note

94393447

or any other Loan Document, FIFTHLY, to the principal of the Note when and as the same shall become due and payable (whether by acceleration or otherwise), SIXTHLY, to any other amounts owed by Trustor to Beneficiary under the Loan Documents, and LASTLY, to Trustor to the extent the foregoing shall be satisfied in full.

(ii)    *Acceleration; Non-Judicial Foreclosure*.  Pursuant to Section 8.2 of the Loan Agreement, Beneficiary, at its option, may declare the entire unpaid balance of the Secured Obligations immediately due and payable and cause the Mortgaged Property to be sold pursuant to the power of sale granted herein.  Trustee may sell the Mortgaged Property in its entirety or in parcels, and be one sale, as deemed appropriate by Trustee in its sole and absolute discretion. Trustee shall receive and apply the proceeds from the sale of the Mortgaged Property as follows: FIRST, to the costs and expenses of exercising the power of sale and of the sale, including the payment of the trustee's and attorney's fees actually incurred not to exceed the amount which may be provided for in the trust deed; SECOND, to payment of the obligations secured by the Deed of Trust; and THIRD to the balance, if any, to the person or person's legally entitled to the proceeds, or Trustee, in Trustee's discretion, may deposit the balance of the proceeds with the clerk of the district court of the county in which the sale took place, in accordance with, in accordance with Utah Code Ann. § 57-1-29 or any successor provision of law.  Any Person, including Trustor or Beneficiary, may purchase at such sale.  Beneficiary shall have the right to become the purchaser at any sale made under this Deed of Trust, being the highest bidder, and credit given upon all or any part of the Secured Obligations shall be the exact equivalent of cash paid for the purposes of this Deed of Trust.  From time to time in accordance with then-applicable law, Trustee may, and in any event at Beneficiary's request shall, postpone any foreclosure sale by public announcement at the time and place noticed for that sale, provided, if the sale is postponed for longer than forty-five (45) days beyond the date designated in the notice of sale, notice of the time, date, and place of sale shall be given in the same manner as the original notice of sale as required by Utah Code Ann. § 57-1-27.

(iii)    *Judicial Foreclosure*.  Beneficiary shall have the right to foreclose this Deed of Trust judicially, as a mortgage, or to obtain specific performance of the assignment of rents contained in this Deed of Trust by judicial action.  In connection with any such action, Beneficiary or Trustee may apply to the court for the appointment of a receiver to take possession of the Mortgaged Property, operate the business of Trustor being conducted on the Mortgaged Property, utilize and enforce all agreements of Trustor in respect of the operation of such business, the utilization of any such agreement being at the election of Beneficiary or the receiver, to be exercised at any time after declaration of a default hereunder, receive the rents of the Mortgaged Property and apply the same to the obligations of Trustor under this Deed of Trust and under the Note and any other obligations secured by this Deed of Trust.

(iv)    *Receivership*.  As a matter of right without bond and without regard to the adequacy of the security, and to the extent permitted by law without notice to Trustor, Beneficiary shall be entitled, upon application to a court of competent jurisdiction, to the immediate appointment of a receiver for all or any part of the Mortgaged Property, whether such receivership may be incidental to a proposed sale of the Mortgaged

94393447

Property or otherwise, and Trustor hereby consents to the appointment of such a receiver and agrees that such receiver shall have all of the rights and powers granted to Beneficiary pursuant to <u>Section 4.01(q)</u>, and <u>5.03(a)(i)</u> above.

(v) *Exercise of Rights*. Beneficiary may exercise any or all rights and remedies granted pursuant to this Deed of Trust or any of the other Loan Documents, or otherwise available at law or in equity, in such order and in such manner as Beneficiary may, in its sole and exclusive judgment, determine. Neither the acceptance of this Deed of Trust nor its enforcement in any manner shall prejudice the right of Beneficiary or Trustee to realize upon or enforce any other security now or later held by Beneficiary or Trustee to the extent permitted by law.

(vi) *Payment of Rents*. Upon receipt of notice from Beneficiary, Trustor shall pay any rents, income and profits of any kind arising from Trustor's interest in the Leases and any renewals or extensions thereof for the use and occupation of all or any portion of the Real Property or the Improvements (including any amounts that are payable as a result of the early termination or surrender of any Leases) (collectively, the "**Rents**") thereafter received by Trustor to Beneficiary and to the extent not paid shall hold such amounts as trust funds for the benefit of Beneficiary and such Rents shall be deemed "cash collateral" of Beneficiary under Title 11 of the United States Code.

(b) *Trustee's Deed; Application of Proceeds*. Unless otherwise required by applicable law, all proceeds from the sale of the Mortgaged Property or any part thereof pursuant to the rights and remedies set forth in this Deed of Trust  and any other proceeds received by Beneficiary from the exercise of any of its other rights and remedies under this Deed of Trust or under the other Loan Documents shall be applied first to the payment of all fees, charges, costs and expenses of any nature whatsoever incurred at any time and from time to time by Beneficiary or Trustee in making, funding, administering or modifying the Loan, on exercising or enforcing any rights, powers and remedies provided in this Deed of Trust or any of the other Loan Documents, including attorneys' fees, court costs, receiver's fees, management fees and costs incurred in the repair, maintenance and operation, or taking possession of, or selling, the Mortgaged Property; and thereafter in payment of and on account of the other Secured Obligation, in such manner and order as Beneficiary may elect.

(c) *Conclusive Effect of Trustee's Deed*. In the event of a sale of the Mortgaged Property, or any part thereof, and the execution of a deed or deeds therefor under these trusts, the recitals therein of any matters or facts shall be conclusive proof of the truthfulness thereof and of the fact that said sale was regularly and validly made in accordance with all requirements of the laws of the State of Utah and of this Deed of Trust; and any such deed or deeds, with such recitals therein, shall be effectual and conclusive against Trustor and all other persons; and the receipt for the purchase money recited or contained in any deed executed to the purchaser as aforesaid shall be sufficient discharge to such purchaser from all obligations to see to the proper application of the purchase money according to the trusts aforesaid.

(d) **WAIVER OF JURY TRIAL. EACH OF TRUSTOR AND BENEFICIARY HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE EXTENT PERMITTED BY APPLICABLE LAW, TRIAL BY JURY IN ANY LEGAL ACTION OR**

94393447

PROCEEDING RELATING TO THIS DEED OF TRUST OR THE NOTE AND FOR ANY COUNTERCLAIM THEREIN.

(e)    *Non-exclusive Remedies.*  No remedy conferred upon or reserved to Trustee or Beneficiary herein is intended to be exclusive of any other available remedy or remedies, but each and every such remedy shall be cumulative and shall be in addition to every other remedy given hereunder or now or hereafter existing at law or in equity or by statute.  No delay or omission of Trustee or Beneficiary to exercise any right or power occurring upon any Event of Default shall impair any such right or power or shall be construed to be a waiver thereof or an acquiescence therein; and every power and remedy given by this Deed of Trust to Trustee or Beneficiary may be exercised from time to time and as often as may be deemed expedient by Trustee or Beneficiary.

(f)    *Treatment of Leases.*  Beneficiary may, at its option exercisable at any time, unilaterally subordinate (or cause to be subordinated) the lien of this Deed of Trust to the leasehold estate under any Lease.  Except to the extent that the leasehold estate under a Lease is subordinate to this Deed of Trust and is terminated by its foreclosure, upon the issuance of any deed or deeds pursuant to a foreclosure of this Deed of Trust, all right, title and interest of Trustor in and to the Lease shall, by virtue of this instrument and such deed or deeds, thereupon vest in and become the absolute property of the grantee or grantees in such deed or deeds without any further act or assignment by Trustor.  Trustor hereby irrevocably appoints Beneficiary as its agent and attorney-in-fact (which power of attorney is with full power of substitution and delegation and is coupled with an interest and irrevocable) to execute, acknowledge and deliver all instruments of assignment for further assurance in favor of such grantee or grantees in such deed or deeds as may be necessary or desirable for such purpose.

(g)    *Reinstatement.*  If Trustor, Trustor's successor in interest or any other person having a subordinate lien or encumbrance of record on the Mortgaged Property, reinstates this Deed of Trust with three (3) months of the recordation of a notice of default in accordance with Utah Code Ann. § 57-1-31(1), such party shall pay to Beneficiary the reasonable cancellation fee contemplated by Utah Code Ann. § 57-1-31-(2), as delivered by Beneficiary, in accordance with its then current policies and procedures, whereupon Trustee shall record a notice of cancellation of the pending sale.

## ARTICLE 6
### BENEFICIARY'S RIGHT TO PERFORM TRUSTOR'S OBLIGATIONS

Section 6.01.    *Beneficiary May Elect to Perform Defaulted Obligations.*  During the continuation of any Event of Default, Beneficiary (in Trustor's name or in Beneficiary's own name) may perform the agreements, covenants or obligations of Trustor under this Deed of Trust, or cause them to be performed for Trustor's account and at Trustor's expense, but shall have no obligation to perform any of them or cause them to be performed.  Beneficiary may appear in and defend any action or proceeding purporting to affect the security of this Deed of Trust or the rights or powers of Beneficiary or Trustee and pay, purchase, contest or compromise any encumbrance, charge, lien or claim of lien, in whole, in part or in installments, which is prior or superior to the lien of this Deed of Trust.  Trustor shall reimburse, on demand, all reasonable expenses actually incurred or paid by Beneficiary, and each such expense shall bear interest at

94393447

the Default Rate from the date of demand by Beneficiary until the date Trustor repays it to Beneficiary. Upon making any such payment or incurring any such expense, Beneficiary shall be fully and automatically subrogated to all of the rights of the Person receiving such payment. Any amounts owing by Trustor to Beneficiary pursuant to this or any other provision of this Deed of Trust shall automatically and without notice be and become a part of the Secured Obligations and shall be secured by this and all other instruments securing the Secured Obligations. The amount and nature of any such expense and the time when it was paid shall be fully established by the affidavit of Beneficiary or any of Beneficiary's officers or agents or by the affidavit of any original, substitute or successor Trustee acting under this Deed of Trust.

Section 6.02. *Indemnity by Trustor.* Trustor hereby indemnifies and agrees to hold harmless Beneficiary and Trustee and their directors, officers, shareholders, agents and employees (individually and collectively the "**Indemnitees**") from and against: (a) any and all claims, demands, actions, liabilities, or causes of action that are asserted against any Indemnitee by any person or entity if the claim, demand, action, liability, or cause of action, directly or indirectly, relates to a claim, demand, action, liability, or cause of action that the person or entity has or asserts based upon, arising out of, or in connection with, the Mortgaged Property, the conduct of Trustor, any action or non-action by Trustor in connection with the Mortgaged Property, or this Deed of Trust; and (b) any and all claims, liabilities, losses, costs, or expenses (including court costs and attorneys' fees) that any Indemnitee suffers or incurs as a result of the assertion of any such claim, demand, action, liability or cause of action, except with respect to both subparagraphs (a) and (b) to the extent that matters arise from the fraud, gross negligence, breach of contract or wrongful conduct of Beneficiary or Trustee. The foregoing indemnity shall survive the release of this Deed of Trust, whether such release is as a result of payment of the indebtedness secured hereby, foreclosure, acceptance of a deed in lieu of foreclosure, other action, or otherwise.

Section 6.03. *Exercise of Rights Is Not Waiver or Cure of Default.* The exercise of the privileges granted to Beneficiary in this Article shall in no event be considered or constitute a cure of the default or a waiver of Beneficiary's right at any time after and during the continuance of an Event of Default to declare the Secured Obligations to be at once due and payable, but is cumulative of such right and of all other rights given by this Deed of Trust, the Note and the other Loan Documents and of all rights given Beneficiary by law.

## ARTICLE 7
### GENERAL AND MISCELLANEOUS PROVISIONS

Section 7.01. *Secured Obligations May Be Changed Without Affecting This Deed of Trust.* Any of the Secured Obligations may be extended, rearranged, renewed, increased or otherwise changed in any way, and any part of the security described in this Deed of Trust or any other security for any part of the Secured Obligations may be waived or released without in any way altering or diminishing the force, effect or lien of this Deed of Trust, and the lien, assignment and security interest granted by this Deed of Trust shall continue as a prior lien, assignment and security interest on all of the Mortgaged Property not expressly so released, until the reconveyance in full of this Deed of Trust.

94393447

Section 7.02. *Security Is Cumulative.* No other security now existing or hereafter taken to secure any part of the Secured Obligations or the performance of any obligation or liability whatever shall in any manner affect or impair the security given by this Deed of Trust. All security for any part of the Secured Obligations and the performance of any obligation or liability shall be taken, considered and held as cumulative.

Section 7.03. *Trustor Waives All Stay, Extension, Appraisal and Redemption Rights.* To the extent permitted by law, Trustor will not at any time insist upon or plead or in any manner whatever claim or take the benefit or advantage of any stay or extension law now or at any time hereafter in force in any locality where the Mortgaged Property or any part thereof may or shall be situated, nor will Trustor claim, take or insist on any benefit or advantage from any law now or hereafter in force providing for the valuation or appraisal of the Mortgaged Property or any part thereof before any sale or sales thereof to be made pursuant to any provision of this Deed of Trust, or to decree of any court of competent jurisdiction, nor after any such sale or sales made pursuant to any provision of this Deed of Trust, or to decree of any court of competent jurisdiction, nor after any such sale or sales will Trustor claim or exercise any right conferred by any law now or at any time hereafter in force to redeem the property so sold or any part of it, and Trustor hereby WAIVES all benefit and advantage of any such law or laws and WAIVES the appraisal of the Mortgaged Property or any part of it and covenants that Trustor will not hinder, delay or impede the execution of any power in this Deed of Trust granted and delegated to the Trustee or Beneficiary, but that Trustor will suffer and permit the execution of every such power as though no such law or laws had been made or enacted.

Section 7.04. *Subrogation to Liens Discharged.* Trustor hereby agrees that Beneficiary shall be subrogated to all rights, titles, interests, liens, benefits, remedies, equities, superior title and security interests (the "**Subrogated Liens**") owned, claimed or held as security for any Secured Obligations or other obligation directly or indirectly satisfied, discharged or paid with money or other property advanced by Beneficiary (the "**Discharged Obligations**"). Irrespective of any formal or informal acknowledgment of partial or complete satisfaction or release of the Discharged Obligations, the Subrogated Liens shall be continued, renewed, extended, brought forward and rearranged as security for the Secured Obligations in addition to and cumulative of the lien and security interest of this Deed of Trust. Foreclosure under this Deed of Trust shall constitute foreclosure of the Subrogated Liens.

Section 7.05. *No Offsets.* No offset or claims which Trustor now or in the future may have against Beneficiary, except for any loan made by Trustor to Beneficiary, shall relieve Trustor from making payments or performing any other obligations contained in or secured by this Deed of Trust. Despite any right or option that may be granted to Beneficiary or Trustee by this Deed of Trust or in the evidence of any obligations secured by this Deed of Trust or document ancillary to this Deed of Trust to receive, collect, accept deposit of, use, apply or in any other manner obtain or dispose of any funds or property, the same shall not be deemed to constitute any credit against or to satisfy any obligation secured by this Deed of Trust, in whole or in part, unless and until such funds or property shall be both so obtained and expressly so applied by Beneficiary or Trustee to such satisfaction of such obligation and then only in the manner and to the extent of such application.

94393447

Section 7.06. *Inspection, Appraisals and Environmental Assessments.* Beneficiary may, at any time and from time to time as and when Beneficiary deems it to be appropriate and whether or not Trustor is then in default, enter upon the Real Property, directly or through one or more agents or independent contractors, to inspect any and all Mortgaged Property in accordance with Section 5.3 of the Loan Agreement. In addition, (a) not more than once per calendar year (or as Beneficiary may otherwise be required by applicable law or upon the occurrence of an Event of Default), Beneficiary may cause to be performed and prepared one or more appraisals or non-invasive Phase I environmental assessments of any and all Mortgaged Property or (b) if Trustor has failed to obtain an environmental assessment (including an invasive environmental assessment) that Trustor is required by law to obtain and an Event of Default has occurred and is continuing by virtue of such failure, or if Beneficiary is required by law to obtain such environmental assessment, Beneficiary may cause such environmental assessment to be performed. Such inspections, appraisals or assessments by Beneficiary shall meet all requirements or standards of applicable laws, regulations, ordinances, orders, and generally recognized industry standards relating thereto. All reasonable costs and expenses incurred by Beneficiary in connection with any such inspection, appraisal, or assessment shall be payable by Trustor upon demand and shall be secured by this Deed of Trust if, and only if, such inspection, appraisal or assessment was occasioned by of an Event of Default, or with respect to any environmental assessment, if Beneficiary is required by law to obtain such environmental assessment.

Section 7.07. *Beneficiary Not Responsible.* Under no circumstances shall Beneficiary have any duty to produce rents from the Mortgaged Property. Regardless of whether or not Beneficiary, in person or by agent, takes actual possession of the Real Property and Improvements, unless Beneficiary agrees in writing to the contrary, Beneficiary is not and shall not be deemed to be: (a) a "mortgagee in possession" for any purpose; (b) responsible for performing any of the obligations of the lessor under any lease; (c) responsible for any waste committed by lessees or any other parties, any dangerous or defective condition of the Mortgaged Property, or any negligence in the management, upkeep, repair or control of the Mortgaged Property; or (d) except in cases of Beneficiary's gross negligence or willful misconduct, liable in any manner for the Mortgaged Property or the use, occupancy, enjoyment or operation of all or any part of it.

Section 7.08. *Due on Sale.* Reference is made to Section 6.5 of the Loan Agreement, pursuant to which, except as set forth therein, it shall be an Event of Default if any part of the Mortgaged Property should be transferred, conveyed or mortgaged, voluntarily or involuntarily, absolutely or as security, other than a Permitted Transfer.

Section 7.09. *Notices, Approvals and Other Communications.* All notices, requests, consents, approvals, demands, instructions or other communications required in connection with this Deed of Trust shall be in writing and, unless otherwise specifically provided herein, shall be deemed sufficiently given or furnished if delivered by personal delivery, by nationally recognized overnight courier service or by certified United States mail, postage prepaid, addressed to the party to whom directed at the applicable address set forth below (unless changed by similar notice in writing given by the particular party whose address is to be changed) or, by facsimile or electronic mail. Any notice shall be deemed to have been given either at the time of personal delivery or, in the case of courier or mail, as of the date of first attempted delivery at the

94393447

                                              LENDERS_0002710

address and in the manner provided herein, or, in the case of facsimile or electronic mail, upon receipt; provided that service of a notice required by any applicable statute shall be considered complete when the requirements of that statute are met. Notwithstanding the foregoing, no notice of change of address shall be effective except upon actual receipt. This Section 7.09 shall not be construed in any way to affect or impair any waiver of notice or demand provided in this Deed of Trust or to require giving of notice or demand to or upon any Person in any situation or for any reason.

The address, fax number and electronic mail address of Trustor are:

    SMHG Village Development LLC
    c/o Summit Mountain Holding Group, L.L.C
    3923 N. Wolf Creek Drive
    Eden, Utah 84310

The address, fax number and electronic mail address of Beneficiary are:

    Summit Village Development Lender 1, LLC
    c/o Celona Asset Management (USA) Limited
    2207-09, Tower Two, Lippo Centre
    89 Queensway, Admiralty, Hong Kong

With a copy to:

    Dentons US LLP
    One Metropolitan Square, Suite 3000
    St. Louis, Missouri 63102
    Attn: Jennifer A. Marler
    Facsimile Number: (314) 259-5959
    Electronic Mail Address: jennifer.marler@dentons.com

    Section 7.10.    *Rules of Construction*.    The words "hereof," "herein," "hereunder," "hereto," and other words of similar import refer to this Deed of Trust in its entirety. The word "including" or words of similar import shall mean "including without limitation". The words "agree" and "agreements" mean and include "covenant" and "covenants." The word "approval" of a party to this Deed of Trust and other words of similar import mean an approval not to be unreasonably withheld or delayed unless specifically provided to the contrary. The captions and headings contained in this Deed of Trust are included herein for convenience of reference only and shall not be considered a part hereof and are not in any way intended to define, limit or enlarge the terms hereof. All references (a) made in the neuter, masculine or feminine gender shall be deemed to have been made in all such genders, (b) made in the singular or plural number shall be deemed to have been made, respectively, in the plural or singular number as well, and (c) to Articles, Sections and Exhibits are to the respective Articles, Sections and Exhibits contained in this Deed of Trust unless expressly indicated otherwise.

    Section 7.11.    *Severability*.    If any provision of this Deed of Trust is held to be illegal, invalid or unenforceable under present or future laws, the legality, validity and enforceability of

94393447

CONFIDENTIAL INFORMATION

the remaining provisions of this Deed of Trust shall not be affected thereby, and this Deed of Trust shall be liberally construed so as to carry out the intent of the parties to it. Each waiver in this Deed of Trust is subject to the overriding and controlling rule that it shall be effective only if and to the extent that (a) it is not prohibited by applicable law and (b) applicable law neither provides for nor allows any material sanctions to be imposed against Beneficiary for having bargained for and obtained it.

Section 7.12. *Homestead Disclaimer*. Trustor warrants and represents that at the time of execution and delivery of this Deed of Trust, no part of the Mortgaged Property forms any part of any property owned, used or claimed by Trustor or Trustor's spouse or children either as a residence or a business homestead, or as otherwise exempt from forced sale under any applicable law.

Section 7.13 *Payments Returned*. Trustor agrees that, if at any time all or any part of any payment previously applied by Beneficiary to the Secured Obligations is or must be returned by Beneficiary, or is recovered from Beneficiary, for any reason (including the order of any bankruptcy court), this Deed of Trust shall automatically be reinstated to the same effect as if the prior application had not been made.

Section 7.14 *Amendments in Writing*. This Deed of Trust shall not be changed orally but shall be changed only by agreement in writing signed by Trustor and Beneficiary. Any waiver or consent with respect to this Deed of Trust shall be effective only in the specific instance and for the specific purpose for which given.

Section 7.15. *Governing Law*. This Deed of Trust shall in all respects be governed by, and shall be interpreted and enforced in accordance with, the laws of the State of Utah.

Section 7.16. *Acceptance by Trustee*. Trustee accepts this trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law. The Trustee is not obligated to notify any party to this Deed of Trust of pending sale under any other deed of trust or of any action or proceeding in which Trustor, Beneficiary or Trustee is a party unless such action is brought by the Trustee. The Trustee shall not be obligated to perform any act required of it under this Deed of Trust unless the performance of such act is requested in writing and the Trustee is reasonably indemnified against loss, costs, liability and expense.

Section 7.17. *Substitute Trustee*. Beneficiary may from time to time, without notice to Trustor or to Trustee, and with or without cause and with or without the resignation of Trustee, substitute a successor or successors to Trustee named herein or acting hereunder to execute this Deed of Trust. Upon such appointment and without conveyance to the successor trustee, the latter shall be vested with all title, powers and duties conferred upon Trustee herein named or acting hereunder. Each such appointment and substitution shall be made by written document executed by Beneficiary, containing reference to this Deed of Trust and its place of record, which when duly filed for record in the proper office, shall be conclusive proof of proper appointment of the successor trustee. The procedure herein provided for substitution of Trustee shall be conclusive of all other provisions for substitution, statutory or otherwise.

94393447

CONFIDENTIAL INFORMATION

Section 7.18. *Successor In Interest*. The terms, agreements, and conditions contained in this Deed of Trust shall apply to, be binding upon and inure to the benefit of, all of the parties to this Deed of Trust, their heirs, personal representatives, successors and assigns.

Section 7.19. *Time*. Time is of the essence in connection with all of Trustor's obligations under this Deed of Trust.

Section 7.20. *Sale of Interest*. Trustor acknowledges and accepts that at any time, Beneficiary may, in Beneficiary's sole discretion, sell all or any portion of Beneficiary's interest in the Note and this Deed of Trust to an Eligible Assignee. The sale of all or any part of Beneficiary's interest in the Note or Deed of Trust shall not relieve Trustor of any of Trustor's obligations hereunder.

Section 7.21. *Waiver of Certain Rights*. With respect to the Mortgaged Property (which Mortgaged Property is located in the State of Utah), notwithstanding anything contained herein to the contrary, Trustor waives any rights or benefits it may have by reason of the defense of the statute of limitations in any action hereunder or for the collection of any indebtedness or the performance of any obligation secured hereby and any defense based on Utah's so called one-action rule, Utah Code Ann. § 78B-6-901. Notwithstanding anything to the contrary, Trustor knowingly waives, to the fullest extent permitted by applicable law, the rights, protections and benefits afforded to Trustor under Utah Code Ann. § 57-1-32 and any successor or replacement statute or any similar laws or benefits.

Section 7.22 *Integration*. PURSUANT TO UTAH CODE ANNOTATED SECTION 25-5-4, TRUSTOR IS NOTIFIED THAT THIS DEED OF TRUST, THE NOTE AND OTHER LOAN DOCUMENTS GOVERNING, EVIDENCING AND SECURING THE INDEBTEDNESS SECURED HEREBY REPRESENT THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.

[Signature page follows]

94393447

CONFIDENTIAL INFORMATION

EXECUTED as a sealed instrument as of the day and year first above written.

GRANTOR:

**SMHG VILLAGE DEVELOPMENT LLC,**
a Delaware limited liability company

By:  SMHG Investments LLC,
     a Delaware limited liability company
Its:  Sole Member

By: _____

Name: Jeff Werbelow
Title: Chief Operations Officer

Attached:

Exhibit A – Description of the Real Property

Signature Page of Construction Deed of Trust

94393447

CONFIDENTIAL INFORMATION

STATE OF _Utah_ )
                   ) ss.
COUNTY OF _Weber_ )

    The foregoing instrument was acknowledged before me this this _24th_ day of _June_ , 2016, by _Seth Werbelow_ , known to me to be the _COO_ of _SMHA Investments_ , a _LLC_ .

    I certify that I know or have satisfactory evidence that the person appearing before me and making this acknowledgment is the person whose true signature appears on this document.

    WITNESS my hand and official seal hereto affixed the day and year in the certificate above written.

Signature

_Olga Mariasina_
Print Name

OLGA MARIASINA
NOTARY PUBLIC • STATE of UTAH
COMMISSION NO. 678124
COMM. EXP. 06-18-2018

My commission expires:

_6·18·18_

Residing at:

_Weber County_

94395447

LENDERS_0002715

## EXHIBIT A

## LEGAL DESCRIPTION

DEVELOPMENT PARCEL D3, SUMMIT EDEN PHASE 1C AMENDMENT 2, AMENDING LOTS 87, 88, 89A, 89B, 90, 91, 92, 93, 94A, 94B, 95R, PARCELS F AND M, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE OFFICE OF THE WEBER COUNTY RECORDER.

DEVELOPMENT PARCELS D4R AND D6, SUMMIT EDEN PHASE 1D, AMENDMENT 1 SUBDIVISION, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE OFFICE OF THE WEBER COUNTY RECORDER.

TOGETHER WITH AND SUBJECT TO THE EASEMENTS ESTABLISHED BY:

THE TERMS OF THE MASTER DECLARATION OF COVENANTS, CONDITIONS, EASEMENTS AND RESTRICTIONS FOR SUMMIT EDEN, RECORDED JANUARY 27, 2014, AS ENTRY NUMBER 2672941, AND AS AMENDED BY ENTRY NUMBERS 2704954, 2712001, AND 2776705;

THAT CERTAIN EASEMENT AGREEMENT GIVEN BY SUMMIT MOUNTAIN HOLDING GROUP, L.L.C, SUMMIT EDEN RESORT LLC, AND SMHG INVESTMENTS LLC, RECORDED APRIL 26, 2013 AS ENTRY NUMBER 2631963.

Tax ID Nos. (For Reference Purposes Only): **23-137-0001; 23-138-0001; 23-138-0003**

94393447