**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **SUMMIT MOUNTAIN HOLDING GROUP, L.L.C., a Utah limited liability company,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SUMMIT VILLAGE DEVELOPMENT LENDER 1, LLC, a Delaware limited liability company,**<br><br>**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 1:21-cv-00110-DBB-JCB**<br><br>**District Judge David Barlow**<br><br>**Magistrate Judge Jared C. Bennett** |

**INTRODUCTION**

After nearly two years of litigation, Defendant Summit Village Development Lender 1, LLC ("Defendant") and Plaintiff Summit Mountain Holding Group, L.L.C. ("Plaintiff") filed cross-motions for summary judgment.[1] But instead of serving as the light at the end of the litigative tunnel, the summary judgment motions merely marked the beginning of a new tunnel.

This new tunnel began when Plaintiff filed a renewed motion to amend its complaint,[2] the previous version of which District Judge Bruce S. Jenkins denied.[3] This renewed motion to amend the complaint sought to dismiss Plaintiff's fraud claim without prejudice so that Plaintiff

[1] ECF No. 123; ECF No. 125.

[2] ECF No. 128.

[3] ECF No. 76; ECF No. 77; ECF No. 86 at 60, 62-63.

could pursue fraud claims against then-named defendants in state court.[4] In addition to the motion to amend the complaint, Plaintiff filed a motion under Fed. R. Civ. P. 56(d) to obtain more facts to respond to Defendant's summary judgment motion.[5]

Judge Jenkins heard argument on the parties' various motions in June 2023,[6] but he ordered supplemental briefing on whether there was complete diversity amongst the parties.[7] Shortly after oral argument, the parties filed a stipulated motion to dismiss then-defendant Grand Canyon Development Holdings 3 LLC,[8] which the court promptly granted.[9]

Prior to ruling on the parties' motions for summary judgment and Plaintiff's motion for additional discovery, Judge Jenkins passed away, and this case was reassigned to District Judge David Barlow,[10] who referred this case under 28 U.S.C. § 636(b)(1)(A).[11]

Shortly after receiving the case, Judge Barlow denied without prejudice the parties' motions for summary judgment.[12] Judge Barlow denied the motions because they needed to be revised given that they included arguments about Grand Canyon Development Holdings 3 LLC, which had been dismissed as a party.[13]

---

[4] ECF No. 128.

[5] ECF No. 148.

[6] ECF No. 176.

[7] ECF No. 179 at 34-38.

[8] ECF No. 186.

[9] ECF No. 188.

[10] ECF No. 189.

[11] ECF No. 191.

[12] ECF No. 192.

[13] *Id.*

With the summary judgment motions no longer pending, Judge Barlow referred to this court Plaintiff's motions for additional discovery and to amend the complaint. Six months after Judge Jenkins had held oral argument on those same motions, this court held oral argument again and denied them.[14] Specifically, the court denied without prejudice Plaintiff's motion for additional discovery because there was no longer a summary judgment motion pending.[15] Additionally, the court denied Plaintiff's motion to amend its complaint because the parties had litigated the fraud claim through discovery, which had ended in April 2023, and not proceeding to final judgment on that claim would work unwarranted prejudice upon Defendant.[16] Following its ruling, the court set a new deadline for the parties to file their motions for summary judgment,[17] and the parties filed their revised summary judgment motions as ordered.[18]

In response to Defendant's motion for summary judgment, Plaintiff filed a renewed motion for additional discovery under Fed. R. Civ. P. 56(d) and Fed. R. Civ. P. 16.[19] But characterizing Plaintiff's motion as relying on Rule 16 is overly generous. Plaintiff's argument in its motion regarding Rule 16 is limited, in its entirety, to the following: "Plaintiff now brings this motion under both Rule 16 and Rule 56(d) . . . . Rule 16 gives the [c]ourt broad discretion to

[14] ECF No. 196; ECF No. 197.

[15] ECF No. 196; ECF No. 197.

[16] ECF No. 200-1 at 62-72.

[17] ECF No. 205; ECF No. 206.

[18] ECF No. 207; ECF No. 210.

[19] ECF No. 223.

manage its docket."[20] Except for the aforementioned citations to Rule 16, the entirety of Plaintiff's argument focuses on Rule 56(d).

Given the Rule 56(d) focus of Plaintiff's motion, Defendant's opposition to Plaintiff's motion for additional discovery likewise argues only that Plaintiff has not complied with the requirements of Rule 56(d).[21] Presumably following Plaintiff's lead, Defendant's opposition does not address the Rule 16 standard either.

Despite not addressing Rule 16 beyond a few analysis-free citations, Plaintiff's reply contends that its motion for additional discovery should be granted based on Defendant's failure to address Rule 16 alone.[22] Plaintiff argues that Defendant "completely ignores the 'good cause' standard of Rule 16" and that "[a]lthough Plaintiff brought [its] [m]otion under ***both*** Rule 16 ***and*** Rule 56(d)," Defendant argues only Rule 56(d).[23] The court's takeaway from this line of argument is that Plaintiff not only seeks additional discovery to defend against Defendant's motion for summary judgment under Rule 56(d), but also seeks to reopen discovery to pursue third-party discovery through document requests and additional depositions. The court denies each of these requests in order below and, hopefully, provides some light at the end of this latest litigation tunnel.

---

[20] ECF No. 223 at 5.

[21] ECF No. 229.

[22] ECF No. 241.

[23] *Id*. at 2 (emphasis in original).


## ANALYSIS

### I. Plaintiff Fails to Meet the Requirements of Rule 56(d).

Plaintiff cannot obtain relief under Rule 56(d) because it fails to show how any of the facts it hopes to find in additional discovery will matter in terms of responding to Defendant's motion for summary judgment. Rule 56(d) allows a party responding to a motion for summary judgment to "show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."[24] Thus,

> [a] prerequisite to granting relief [pursuant to Rule 56(d)] . . . is an affidavit furnished by the nonmovant. Although the affidavit need not contain evidentiary facts, it must explain why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts. *In this circuit*, the nonmovant also must explain how additional time will enable him to rebut movant's allegations of no genuine issue of fact.[25]

Plaintiff's declaration with its Rule 56(d) motion fails to explain how the additional discovery it seeks will help "rebut movant's allegations of no genuine issue of fact."[26]

Although Plaintiff's declaration explains the types of documents Plaintiff would seek in additional discovery, it says nothing about why those documents, even if found, would create a disputed issue of material fact in Defendant's motion for summary judgment. The documents Plaintiff seeks in further discovery would purportedly establish that Defendant and others steered

---

[24] Fed. R. Civ. P. 56(d); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986) (stating that the general principle of Rule 56(d) is that "summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition").

[25] *Comm. for the First Amend. v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992) (quotations and citations omitted) (emphasis added).

[26] *Id.* (quotations and citations omitted).

foreign investors away from Plaintiff's project and into one in which Defendant and others had an interest.[27] However, Defendant's motion for summary judgment is based on whether Plaintiff has waived its fraud claim based on various agreements that it signed and not on whether Plaintiff can present sufficient evidence to carry its burden on its fraud claim.[28] Plaintiff's declaration fails to connect the dots as to how the evidence it seeks would materially dispute any fact in Defendant's summary judgment motion. Indeed, based upon the court's review of the purportedly undisputed facts in Defendant's motion, the additional evidence Plaintiff seeks has no material bearing on whether the text of other agreements into which Plaintiff entered waived its fraud claim. Therefore, Plaintiff fails to carry its burden under Rule 56(d) because the information that Plaintiff seeks is hardly "essential to justify its opposition."

## II. Plaintiff Failed to Adequately Brief its Motion to Reopen Discovery Under Rule 16.

Plaintiff inadequately briefed its motion to reopen discovery under Rule 16. An argument is inadequately briefed where, as here, it is presented only in a perfunctory manner.[29] Plaintiff's motion mentions Rule 16 a total of three times in its entirety and limits argument thereunder to: (1) "Pursuant to Rules 16 and 56(d) of the Federal Rules of Civil Procedure, Plaintiff . . . hereby submits its Motion for Additional Discovery";[30] and (2) "Plaintiff now brings this motion under both Rule 16 and Rule 56(d) . . . . Rule 16 gives the [c]ourt broad discretion to manage its

---

[27] ECF No. 223-1 at 2, ¶ 6.

[28] ECF No. 210.

[29] *Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("Issues not raised in the opening brief are deemed abandoned or waived. This briefing-waiver rule applies equally to arguments that are inadequately presented in an opening brief . . . [, such as those presented] only in a perfunctory manner." (alterations in original) (quotations and citations omitted)).

[30] ECF No. 223 at 1.

docket."[31] That's it. Plaintiff's motion fails to mention, much less provide meaningful analysis of, Rule 16's "good cause" requirement[32] or the several factors that a court in the Tenth Circuit must consider to reopen discovery.[33] This is inadequate briefing.

Although Plaintiff's reply chides Defendant for failing to adequately brief Rule 16 in Defendant's opposition to Plaintiff's motion for additional discovery, Plaintiff's reply still fails to present an adequate Rule 16 argument. Plaintiff's reply mentions Rule 16 a total of seven times and mentions the "good cause" standard six times,[34] but it fails to provide any citation to or analysis of the requirements to show good cause under Rule 16. By illustration, Plaintiff complains that Defendant fails "to explain why the *lesser* 'good cause' standard of Rule 16 is not met."[35] However, Rule 16 is not a "lesser" standard because the "good cause" standard under Rule 16 is "an arguably more stringent standard than the standards for amending a pleading under [Fed. R. Civ. P.] 15."[36] This also contradicts Plaintiff's next oblique statement about Rule 16 that "the Rule 15 factors have nothing to do with . . . the good cause standard under Rule 16."[37] Despite at least mentioning Rule 16's good cause standard in its reply, Plaintiff still fails to provide *any* citation as to what "good cause" means or analysis as to how Plaintiff has met its

---

[31] *Id*. at 5.

[32] Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

[33] *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987) (stating six factors a court should consider when deciding whether to reopen discovery).

[34] ECF No. 241.

[35] *Id*. at 2 (emphasis added).

[36] *Bylin v. Billings*, 568 F.3d 1224, 1231 (10th Cir. 2009).

[37] ECF No. 241 at 4.

burden. Moreover, Plaintiff again fails to mention, much less analyze, the required *Smith* factors to reopen discovery. Plaintiff has failed to adequately brief its request for relief under Rule 16. Therefore, Plaintiff's Rule 16 argument fails on that basis alone.

 Nevertheless, even if Plaintiff had cited and analyzed the good cause standard and the requirements to reopen discovery, the court struggles to see how Plaintiff could have carried its burden because, under both standards, Plaintiff has failed to exercise diligence. "[A] scheduling order 'may be modified only for good cause and with the judge's consent.' In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts."[38] And where, as here, discovery has closed, reopening discovery requires consideration of "several relevant factors," including:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.[39]

The common thread between Rule 16's good cause standard and the factors to reopen discovery is that the moving party must be diligent, especially where the additional discovery now sought after a discovery cutoff was foreseeable before the discovery cutoff. This is especially problematic for Plaintiff here.

---

[38] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (quoting Fed. R. Civ. P. 16(b)(4)) (other quotations and citation omitted) (alteration in original).
[39] *Smith*, 834 F.2d at 169.

Plaintiff knew that the information it seeks to obtain through the instant motion was relevant before it commenced this action. For example, from the parties' Fed. R. Civ. P. 26(f) conference in February 2022, Plaintiff stated its need to seek international discovery "especially given that some relevant events (like the meeting with Kobe Bryant) took place abroad."[40] In fact, at the scheduling conference before Judge Jenkins in February 2022, Plaintiff discussed the parties who set up the Kobe Bryant meeting and stated that those parties shifted foreign investors to projects other than Plaintiff's.[41] The Kobe Bryant meeting plays a prominent part in the discovery Plaintiff now seeks in its instant motion along with whether the entities sponsoring the Kobe Bryant event used it to promote their own projects over Plaintiff's.[42] Plaintiff's knowledge of this event and the entities that sponsored it existed long before this lawsuit was filed. In fact, in August 2022, when Plaintiff moved to amend its complaint to add the third parties from whom it now seeks discovery, Plaintiff's proposed amended complaint attached to its motion detailed extensive information of which Plaintiff was aware in 2015 regarding the third parties from whom Plaintiff now seeks discovery.[43] In other words, Plaintiff was aware of the information and parties from whom it now seeks discovery years before Plaintiff filed this action. Judge Jenkins denied Plaintiff's motion to amend the complaint, in part, because of Plaintiff's delay.[44]

---

[40] ECF No. 48 at 8.

[41] ECF No. 52 at 6 (stating a need to conduct discovery on the meeting in China with Kobe Bryant and how attendees at that meeting were directed to other projects).

[42] ECF No. 223 at 3, 6.

[43] ECF No. 62-1 at 17-20, ¶ 79.

[44] ECF No. 86 at 62-63 (denying Plaintiff's motion to amend the complaint to add the third parties from whom Plaintiff now seeks discovery "not only [because of] the time involved, but the fact that it simply complicates what should be a simple case involving a document that was signed to guarantee something that's non-contested").

Plaintiff then served subpoenas on the same third parties it had attempted to add to this lawsuit,[45] to which the third parties objected.[46] After Plaintiff moved to compel responses to those subpoenas,[47] Judge Jenkins denied Plaintiff's motion to compel responses but gave Plaintiff an opportunity to depose representatives from two of the third parties from whom Plaintiff now seeks discovery.[48] Notably, Plaintiff did not seek to depose a representative from the Chinese entity, Henry Global, at that time. In fact, despite stating from the inception of this action that Plaintiff would seek "international discovery," it never sought letters rogatory for any of the Chinese entities from which Plaintiff now seeks discovery. With the discovery closure date now over a year old, Plaintiff cannot meet its diligence burden under Rule 16 and the *Smith* factors even if Plaintiff had tried to do so in its briefing.[49]

**ORDER**

Accordingly, Plaintiff's motion for additional discovery under Rule 56(d) and Rule 16[50] is DENIED.

---

[45] ECF No. 89-1; ECF No. 89-2; ECF No. 89-3; ECF No. 89-4.

[46] ECF No. 89-7.

[47] ECF No. 89.

[48] ECF No. 104 (denying ECF No. 89 and ordering depositions).

[49] In addition to failing to meet the diligence factors, allowing Plaintiff to reopen discovery to pursue international discovery would be unduly prejudicial to Defendant. The court notes at the outset that this case has been pending for nearly three years, and fact discovery deadlines were extended numerous times before discovery ended in April 2023. Defendant is now on its second round of summary judgment briefing based on waiver clauses in agreements that Plaintiff signed. Reopening discovery at this late date to pursue international discovery that may take months or years to complete is too much to ask of Defendant, this court, and the public. It is high time to either walk out of this latest long litigation tunnel or go to trial.

[50] ECF No. 223.

IT IS SO ORDERED.

DATED this 8th day of July 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge