# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **SUMMIT MOUNTAIN HOLDING GROUP, L.L.C.,** a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**SUMMIT VILLAGE DEVELOPMENT LENDER 1, LLC,** a Delaware limited liability company,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:21-cv-00110-DBB-JCB<br><br>**District Judge David Barlow**<br><br>**Magistrate Judge Jared C. Bennett** |

## BACKGROUND[1]

This case involves a dispute over a guaranty agreement, under which Plaintiff Summit Mountain Holding Group, L.L.C. ("Plaintiff") guaranteed to Defendant Summit Village Development Lender 1, LLC ("Defendant") payment of a loan ("Loan"). After nearly two years of litigation, the parties filed motions for summary judgment.[2] While those summary judgment motions were pending, District Judge Bruce S. Jenkins, who was presiding over this case, passed away. Consequently, this case was reassigned to Judge Barlow.[3]

---

[1] District Judge David Barlow referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A). ECF No. 191.

[2] ECF No. 123; ECF No. 125.

[3] ECF No. 189.

On November 30, 2023, shortly after receiving the case, Judge Barlow denied without prejudice the parties' summary judgment motions.[4] Judge Barlow denied the motions because they needed to be revised given that they included arguments about Grand Canyon Development Holdings 3 LLC, which had been dismissed as a party.[5]

Defendant moved for a scheduling conference on January 24, 2024, for the purpose of having the court set a schedule for the parties to refile their summary judgment motions.[6] The court granted that motion[7] and held a scheduling conference on February 6, 2024, at which the court set a February 21, 2024 deadline for the parties to refile their summary judgment motions.[8]

The parties refiled their respective summary judgment motions on that date.[9] Judge Barlow ruled on those motions on November 27, 2024.[10] In resolving the motions, Judge Barlow determined that the parties' contract claims are the only issues for trial and that the key inquiry about those contract claims is whether the Loan "is in balance."[11]

---

[4] ECF No. 192.

[5] *Id*.

[6] ECF No. 201.

[7] ECF No. 204.

[8] ECF No. 205.

[9] ECF No. 207; ECF No. 210.

[10] ECF No. 245.

[11] *Id*. at 27.

Based upon the parties' stipulation,[12] Judge Barlow referred this case to Magistrate Judge Dustin B. Pead to conduct a settlement conference.[13] But settlement talks failed.[14]

Thereafter, Defendant moved to reopen discovery for a limited purpose.[15] Defendant's limited purpose is to conduct a four-hour deposition of Reed Hastings ("Mr. Hastings"), who acquired a controlling interest in Plaintiff in September 2023, and to require Plaintiff to supplement its document production because of Mr. Hastings's acquisition. Plaintiff opposed Defendant's motion.[16] After oral argument on Defendant's motion, the court took it under advisement[17] and now denies the motion.

## ANALYSIS

As shown below, Defendant fails to show that reopening discovery is appropriate under the relevant factors. When considering whether to reopen discovery, the court considers the following factors: (1) whether trial is imminent, (2) whether the non-moving party opposes the motion, (3) the prejudice to the non-moving party, (4) whether the moving party was diligent in obtaining the requested discovery, (5) the foreseeability of the need for the requested discovery, and (6) the relevance of the requested discovery.[18] The court considers those factors below.

---

[12] ECF No. 248; ECF No. 250.

[13] ECF No. 251.

[14] ECF No. 255.

[15] ECF No. 256.

[16] ECF No. 259.

[17] ECF No. 262.

[18] *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). The *Smith* court stated the sixth factor is "the likelihood that the discovery will lead to relevant evidence." *Id.* When *Smith* was decided, the version of Fed. R. Civ. P. 26(b)(1) in effect permitted discovery of information

Factors one, three, and five favor granting Defendant's motion. As for the first factor, a trial date has not yet been scheduled, so trial is not imminent. For the third factor, Plaintiff would not suffer undue prejudice if Defendant's motion were granted. Indeed, Defendant seeks only a four-hour deposition of Mr. Hastings and production of documents that Plaintiff is already required to produce under Rule 26(e). With respect to the fifth factor, Defendant could not have foreseen the need for the requested discovery during the discovery period because Mr. Hastings did not obtain his controlling interest in Plaintiff until after the discovery period closed.

Despite those factors militating toward granting Defendant's motion, the court concludes that the remaining three factors are controlling here and that they require denial of the motion. First, Plaintiff opposes Defendant's motion, which weighs in favor of denial.

Second, Defendant was not diligent in seeking to obtain the requested discovery. It is undisputed that Mr. Hastings acquired a controlling interest in Plaintiff in September 2023. Although true that the parties' summary judgment motions were then pending, Judge Barlow eventually denied those motions without prejudice on November 30, 2023.[19] Nevertheless, Defendant failed to raise the issue of reopening discovery at that time. On January 24, 2024, Defendant moved for a scheduling conference for the purpose of having the court set a schedule

---

"reasonably calculated to lead to the discovery of admissible evidence." The 2015 amendments to Rule 26(b)(1) did away with that phrase. Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment. The current version of Rule 26(b)(1) allows for "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Accordingly, the court applies that current standard when considering the sixth *Smith* factor.

[19] ECF No. 192.

for the parties to refile their summary judgment motions.[20] The court granted that motion[21] and held a scheduling conference on February 6, 2024.[22] Defendant did not raise the issue of reopening discovery during that hearing and, in fact, stated that Defendant wanted the parties to refile their summary judgment motions as quickly as possible. Additionally, Defendant did not raise the issue of reopening discovery at any time prior to filing its summary judgment motion on February 21, 2024.[23] Thus, Defendant had nearly three months from the date Judge Barlow denied the parties' summary judgment motions to the time it refiled its summary judgment motion to seek to reopen discovery, yet it never did so. Thus, Defendant was not diligent.

Finally, Defendant fails to demonstrate that its requested discovery is relevant to the claims remaining for trial. Importantly, at the hearing on Defendant's motion, both sides agreed that the relevant date for determining whether the Loan is in balance is when the borrower submitted the last draw request on the Loan in January 2020. Defendants have not shown that Mr. Hastings—who acquired his controlling interest in Plaintiff in September 2023—would have any information relevant to whether the Loan was in balance in January 2020, which Judge Barlow determined was the key issue remaining relative to the parties' existing claims. Notably, Defendants are unable to specifically identify any such information or adequately explain how Mr. Hastings would have any relevant information about the Loan in January 2020. Instead, Defendant makes the conclusory argument that "it is reasonable to believe that" Mr. Hastings

---

[20] ECF No. 201.

[21] ECF No. 204.

[22] ECF No. 205.

[23] ECF No. 210.

5

may have had communications with Plaintiff in which Plaintiff "was candid in its description of the facts relevant to this case."[24] Beside the facts that fact discovery closed long ago and that this case has been pending for years, Defendant's hopeful speculation is insufficient to demonstrate that the requested discovery has any relevance to the remaining claims. Therefore, the court denies Defendant's motion to reopen discovery.[25]

## ORDER

For the reasons stated above, the court HEREBY ORDERS that Defendant's motion to reopen discovery for a limited purpose[26] is DENIED.

IT IS SO ORDERED.

DATED this 3rd day of October 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[24] ECF No. 256 at 9.

[25] Although the court denies Defendant's motion, the court notes that Rule 26(e) requires Plaintiff to "supplement or correct its" discovery responses "in a timely manner if [it] learns that in some material respect" its discovery responses are "incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Thus, Plaintiff is already required to supplement its document production as Defendant requested in its motion. Further, if Plaintiff fails to do so, Fed. R. Civ. P. 37(c)(1) generally prohibits Plaintiff from using any later-produced documents. Fed. R. Civ. P. 37(c)(1) (providing that "[i]f a party fails to provide information . . . as required by" Rule 26(e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless").

[26] ECF No. 256.